

RECEIVED
Mail Room
NOV - 4 2015
United States Court of Appeals
District of Columbia Circuit



# CASE NO. 15-3015

## IN THE
## UNITED STATES CIRCIUT COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA

**Rodney Class**
**Grantor-Creator, Petitioner**
**And Appellant**

**Vs**

## UNITED STATES OF AMERICA
## TRUSTEE-APPELLEE

RE: Case # 1: 13 cr 253
United States District Court
Appeal from the United States District Court
Of the District of Columbia
Chief Judge Richard W. Roberts

---

## CERTIFICATE OF BRIEF FOR APPELLANT
## AND APPENDIX, VOL. 1

Rodney Dale Class as Grantor-Creator, Petitioner And Appellant
Private Attorney General
Private American Citizen
Private American National of a Protected Class of Living Beings
In care of / 432 North Lincoln Street
High Shoals, North Carolina
Federal Postal ZIP 28077
(704) 240 4315

## COVER PAGE OF BRIEF

1

## CERTIFICATES OF INTERESTED PERSONS

Rodney Dale Class, Grantor-Creator, Petitioner And Appellant
Private Attorney General
Private American Citizen
Private American National of a Protected Class of Living Beings
In care of / 432 North Lincoln Street
High Shoals, North Carolina
Federal Postal ZIP 28077

Grantor-Appellant

Vs

UNITED STATES OF AMERICA
NO KNOWN ADDRESS
ARITIFICIAL ENTITY/CORPORATION
UNITED STATES ATTORNEY'S OFFICE

As Holder, As Trustee, Appellee, Respondent

RE: Case # 1: 13 cr 253
United States District Court
Appeal from the United States District Court
Of the District of Columbia
Chief Judge Richard W. Roberts

## PETITION FOR JUDICIAL REVIEW CASE # 1: 13 cr 253 RWR

Rodney Dale Class as Grantor-Creator, Petitioner And Appellant
Private Attorney General
Private American Citizen
Private American National of a Protected Class of Living Beings
In care of /432 North Lincoln Street
High Shoals, North Carolina
Federal postal zip 28077
(704) 240 4315

2

## 3. TABLE OF CONTENTS

                                                            **Pages**

1. COVER PAGE OF BRIEF                                       1 above

2. CERTIFICATES OF INTERESTED PERSONS                       2 above

3. TABLE OF CONTENTS                                        3-4

4. REQUEST FOR EQUITABLE RELIEF                             5

5. PLAINTIFF-APPELLANT'S RULE 26.1 CORPORATE
DISCLOSURE STATEMENT                                        5

6. TABLE OF CITATIONS                                      6-10

7. STATEMENT OF JURISDICTION                               11

8. ISSUES BEFORE THE APPEALS COURT                        12-13

9. INTRODUCTIONS                                          14-15

10. STATEMENTS OF THE CASE                                15-18

11. ISSUES OF FACTUAL ERRORS ARGUMENT (10-15) 18-23

12. UNITED STATES vs Miller 307 US 174 (1939) ARGUMENT
                                                          23-25

13. DISTRICT OF COLUMBIA LAWS RULED
UNCONSTITUTIONAL ARGUMENT                                 25-26

14. EQUAL PROTECTION CLAUSE ARGUMENT                      26-27

15. FEDERAL GROUNDS REGULATION ARGUMENT                   27

**16. UNCLEAN HANDS DOCTRINE AND FRUIT OF THE POISON TREE ARGUMENT**                   27-28

**17. CONCLUSIONS**                   29-30

**18. CURE AND REMEDY**                   31-33

**19. CERTIFICATE OF NOTICE**                   33-34

**19. APPENDIX**

### 4.  REQUEST FOR EQUITABLE RELIEF

This accused party comes before the United States Court of Appeals and respectfully requests a hearing on a Second Amendment violation of and by the District of Columbia's Capitol Hill Police in violation of the District of Columbia Codes, as well as the Federal Regulations pertaining to the rights to carry or carry with a concealed permit license from any of the 50 States with the right to possess "small arms" such as a handgun and/or a rifle defined in the Geneva Conventions Treaty and / or "firearm" as defined in the 1934 National Firearms Act,  the IRS Codes and the ATF Regulation in 27 CFR 479.11 within that "10-mile square" of the District of Columbia which includes any and all property which is not posted, restricted or prohibited of small arms or firearms within the "10-mile square" or where a party may be just passing through that "10-mile square."

### 5. PLAINTIFF-APPELLANT'S RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Petitioner-Appellant, Rodney Dale Class is a natural State Citizen. As such, a corporate disclosure statement is not required. Federal Rules of Appellate Procedure, 26.1(a).

# 6. TABLE OF CITATIONS

## CASE LAW

1. **July 23, 2014 - Palmer vs District of Columbia** (1:09-CV-1482 (FJS)), the most recent case law upheld that the DC gun ban was unconstitutional for the **third time**. **Heller v. District of Columbia 554 U.S. 570 (2008)** and **MacDonald v. Chicago 561 U.S. 742 (2010)** were the first and second case law that defined the DC gun ban as unconstitutional by supreme Court decisions.

2. **Crawford v. Washington, 541 U.S. 36 (2004)** in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him.

3. **Howlett v. Rose, 496 U.S. 356 (1990)** Federal Law and supreme Court Cases apply to State Court Cases

4. **Bond v. United States 564 US 2011** is a decision by the supreme Court of the United States that individuals, not just states, may have standing to raise Tenth Amendment challenges to a federal law.

5. **Miranda v. Arizona 384 U.S. 436 (1966)** It is stated that the new advisement process will "kill the patient," namely the patient being police agencies across the country, as they now have to make a suspect aware of his rights, provide an attorney, and cover the costs of

the attorney if necessary. Furthermore, a failure to follow these rules
will result in the deletion of any confession or statement made by a
defendant.

## CONSTITUTION, BILL OF RIGHTS AND AMENDMENTS

6. **Article IV of the Constitution was to give full faith and credit**

7. **Section 1**
Full faith and credit shall be given in each state to the public acts,
records, and judicial proceedings of every other state. And the
Congress may by general laws prescribe the manner in which such
acts, records, and proceedings shall be proved, and the effect thereof.

8. **Section 2.**
The citizens of each state shall be entitled to all privileges and
immunities of citizens in the several states

And

## 9. The 14th Amendment gives equal protection under the laws

No state shall make or enforce any law, which shall abridge the
privileges or immunities of citizens of the United States; nor shall any
state deprive any person of life, liberty, or property, without due
process of law; nor deny to any person within its jurisdiction the equal
protection of the laws.

## 10. Amendment IV
The right of the people to be secure in their persons, houses, papers,
and effects, against unreasonable searches and seizures, shall not be
violated, and no warrants shall issue, but upon probable cause,
supported by oath or affirmation, and particularly describing the place
to be searched, and the persons or things to be seized.

# FEDERAL REGULATIONS

## Regulation in Title 42, section 1981 equal protection under the law

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

## Regulation in Title 42, section 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

## IRS REGULATION TITLE 26 SECTION 5845

**(a) Firearm**
The term "firearm" means
**(1)** A shotgun having a barrel or barrels of less than 18 inches in length;

**(2)** A weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length;

**(3)** A rifle having a barrel or barrels of less than 16 inches in length;

**(4)** A weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;

**(5)** Any other weapon, as defined in subsection (e);

**(6)** A machinegun;

**(7)** Any silencer (as defined in section 921 of title 18, United States Code);

**(e) Any other weapon**

 The term "any other weapon" means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with **combination shotgun and rifle barrels 12 inches** or **more, less than 18 inches in length,** from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such  term shall not include a pistol or a revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition

## ATF REGULATION TITLE 27 SECTION 479.11

*Firearm.* (a) A shotgun having a barrel or barrels of less than 18 inches in length; (b) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (c) a rifle having a barrel or barrels of less than 16 inches in length; (d) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (e) any other weapon, as defined in this subpart; (f) a machine gun; (g) a muffler or a silencer for any firearm whether or not such firearm is included within this definition; and (h) a destructive device**.** The term shall not include an antique firearm or any device (other than a machine gun or destructive device) which, although designed as a  weapon, the

Director finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon. **For purposes of this definition, the length of the barrel having an integral chamber(s) on a shotgun or rifle shall be determined by measuring the distance between the muzzle and the face of the bolt, breech, or breech block when closed and when the shotgun or rifle is cocked. The overall length of a weapon made from a shotgun or rifle is the distance between the extreme ends of the weapon measured along a line parallel to the centerline of the bore.**

## CONGRESSIONAL ACTS, ETC. UNDER STATUTES AT LARGE

**1902 Dick Act**

**National Firearms Act of 1934**

**1968 Gun Control Act**

**Firearm Owner Protection Act 1986**

**Firearm Owner Protection Act 1996**

## TREATIES AGREED TO BY THE UNITED STATES

### THE GENEVA CONVENTIONS

**A-6. Defense of Self and Patients under Care** a. Protected personnel are- (1) Authorized to be armed with only individual small arms. (Army Regulation 71-32 provides the doctrine that governs what types of small arms medical personnel are authorized (limited to pistols or rifles, or authorized substitute)

## 7.  STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under Title 28, Section 1291, United States Code, as an appeal from a final judgment of conviction and sentence in the United States District Court for the (name of court). Notice of appeal was timely filed in accordance with **Rule 3. Appeal as of Right, and Rule 4. Appeal as of Right** of the Federal Rules of Appellate Procedure.

**CASE NO. 15-3015**  RE: Case NO. 1:13 cr 253 RWR is brought before the United States Court of Appeals by this living party known as Rodney Dale Class as the grantor-creator, petitioner, and appellant (and hereinafter also the "accused party") to have this case reviewed by a judicial review hearing or by oral hearing.

# 8. ISSUES BEFORE THE APPEALS COURT

**Issue One: whether** in any Civil or Criminal complaint can a statute be used as a "corpus deliciti" when the supreme Court has ruled that the charging statute is unconstitutional ?

**Issue Two: whether** the ruling of the District of Columbia gun ban as unconstitutional and applies to the whole "10-mile square" of the District of Columbia when there are no warning signs posting restrictions or prohibitions of firearms in these areas ?

**Issue Three: whether** a physically disabled Citizen with a carry concealed permit or **without** a carry permit from another State comes into the District of Columbia are they afforded the same equal protection by the Americans with Disabilities Act Amendments Act of 1990 (section 504) ("ADAAA") and the Rehabilitation Act 1973 (Title VII section 504) and under Article IV, section 1 and 2, and the 14th Amendment section 1, and as found in Federal Regulation Title 42, section 1981 Equal protection under the law to possess a hand gun and/or a rifle within the "10-mile square" of the District of Columbia or if they are just passing through the District of Columbia ?

**Issue Four: whether** when small arms (pistol and/or rifle) are locked up and secured inside of an Automobile, Pick Up Truck, an SUV (Jeep) or RV and the owner of the vehicle has a carry concealed permit or does not have a permit from another State does this still not constitute constitutionally protected rights of equal protection of Article IV, section 1 and 2, and the 14th Amendment, section 1, as well as Federal codes under 42 UNITED

12

STATES CODE, section 1981and to the right of self-defense while in the "10-mile square" or just passing through the "10-mile square" ?

**Issue Five: whether** an unconstitutional Statute can be disregarded by a Lower Court and by the Prosecution in order to get a conviction in order to force an Appeal upon the defendant ?

## 9. INTRODUCTION OF CASE

On or about May 30, 2013 this accused party entered the "10-mile square" of the District of Columbia in his Jeep to file Congressional documents before the House and Senate Committees on the Judiciary. The accused party is required to walk through two metal detectors one in the House of Representatives and the other being in the Senate Building. While the accused party was in the Congressional building the Capitol Hill Police surrounded and taped off an area around the accused's Jeep in a parking lot as a "crime scene area."

After leaving the Senate building the accused party approached the area of his Jeep only to be stopped by Capitol Hill Police to have his keys taken and to be handcuffed and then placed in the back seat of a Capitol Hill Police cruiser at which time Capitol Hill Police asked if they could search the Jeep. The accused party asked if they had warrant. The Capitol Hill Police replied that they did not have a warrant at that time. The accused Did Not give the Capitol Hill Police permission to search without a warrant!

At which point the Capitol Hill Police then inquired if there were any "firearms" in the Jeep. They were informed that no such items were in the Jeep, however the accused party did possess a carry concealed permit from North Carolina for a "handgun" and there was a "rifle" that was inside the

14

Jeep. At that point the Jeep was being searched and the accused party was

further interrogated for approximately an hour out on the Street and was then

taken down to the Capitol Hill Police station and interrogated again by

Federal Marshals, the FBI and other unknown federal agency personnel for

approximately 3 more hours. The accused party was then told he was under

"arrest" and was then "finally" read his Miranda rights all "after the fact" of

the previously described detention and interrogation, and then placed in jail.

## 10. STATEMENTS OF THE CASE

## NATURE OF THE CASE

The accused party was charged for **having "firearms"** in the District

of Columbia and on Capitol Hill Grounds on May 30, 2013 - then on

October 26, 2014 **a new indictment superseded the old charges** and

reduced the charges **to just one charge of only having a "firearm"** on

Capitol Hill Grounds.

### Statements of the Facts

1. The accused party was given a Public Defender named A. J. Kramer from

the Federal Public Defender's Office to assist him in his defense.

2. The accused party explained to A. J. Kramer the Errors of the Capitol Hill

Police on their failure to read him his rights first before questioning the

accused.

3. The accused party also informed Mr. Kramer of his (the accused's) working knowledge of and research in the laws.

4. The accused party also informed Mr. Kramer of going before the First Grand Jury and explaining to the Grand Jury of having a carry concealed permit from North Carolina and how they (the Grand Jury) were misinformed on the implications of the Heller case.

5. The Prosecutor told to Grand Jury they only have one decision to decide, "did I (the Defendant) have firearms in the District of Columbia and on Capitol Hill grounds"?

6. The Prosecutor knew that he was misleading the Grand Jury by the way he was manipulating and misstating the decision/question the Grand Jury "had" to make/decide!  7. This accused party, after about the third or fourth status hearing, requested that he be allowed to file into his own case, as Mr. Kramer was not addressing any discernible defense issues pursuant to regulations under Rule 12 of the Criminal Procedures rules.

8. At a status hearing the accused party asked Judge Kessler who was the "corpus deliciti" as he wanted to know who was the injured party in this action.

9. Judge Kessler's response was that "the Statutes where the injured party." At that point the accused party "then proceeded to explain the statutory

violations of the prosecution under their rules of court with the accused

making a number of issues such as Procedural Errors and Violations.

10. The accused party stood in front of Judge Kessler at another status

hearing and proceeded to show errors of the prosecution in the court rules of

evidence and pointed out their regulations of Title 28, section 2255 of

constitutional violations and statutory violations as grounds for dismissal.

11. The accused party also pointed out Article IV, sections 1 and 2 as well as

the 14th Amendment, section 1 equal protection under the law.

12. Judge Kessler then asked the prosecutor if he was able to rebut any of

the accused's statements. The prosecutor **refused to respond at which point**

**Judge Kessler then left the court**, **again, without properly closing the**

**court**, and **never returned as presiding judge in this case !**

13. The next status hearing was before Judge Richard W. Roberts **(the Chief**

**Judge)** at which point the accused reminded Judge Roberts that Judge

Frederick Scullin, Jr. (a judge under Roberts' supervision) wrote in his **July**

**2014** ruling in **Palmer v. District of Columbia (RE: 1:09-CV-**1482 (FJS))

that the right to bear arms extends outside the home, therefore gun control

laws in the nation's capital are "unconstitutional."

14. From about, July 25, 2014 because the DC Codes and laws were found

to be "unconstitutional" and due to the fact that the accused already had a

carry concealed permit from North Carolina, then why was this case continuing against the accused.

## 11. ISSUES OF FACTUAL ERRORS ARGUMENT (10-15)

15. Judge Robert L. Wilkins erred when it was pointed out that the accused (Rodney Dale Class) held a North Carolina carry permit and that the District of Columbia gun ban law(s) had been declared unconstitutional not once, **but Twice.**

16. Judge Robert L. Wilkins erred when the accused (Rodney Dale Class) addressed the fact that the U. S. Attorney committed perjury by going against supreme Court decisions.

17. Judge Gladys Kessler erred when the accused (Rodney Dale Class) addressed Title 28, section 2255 violations, and pointed out Constitutional and statutory violations by the U.S. Attorney.

18. Judge Gladys Kessler erred when the accused (Rodney Dale Class) pointed out that the Rules of Evidence under 402, 501, 802 and 902 allow that the Constitution, federal statutes, and supreme Court decisions are admissible in court and that Judge Gladys Kessler disregarded those Rules, etc.

19. Judge Gladys Kessler erred when the accused (Rodney Dale Class) pointed out in his filing that he held a carry concealed  permit from North

Carolina State and the supreme Court Rulings as well as the misconduct of

the Public Defender and the U.S. Attorney. Which is why the accused filed a

Waver of Release against A.J. Kramer on 01/27/2014 docket entry # 11.

Furthermore, Judge Kessler failed to take any of the accused's legal points

into consideration !

20. Chief Judge Richard W. Roberts erred by not addressing the errors of his

junior officers (judges) when the Court Rule books were put in as evidence

**and were disregarded.** Also a number of Congressional Acts **were**

**disregarded** by Judge Kessler and in her Orders before she left and turned it

over to Chief Judge Roberts.

21. Chief Judge Richard W. Roberts erred when the accused (Rodney Dale

Class) pointed out the supreme Court decision that Judge Frederick Scullin,

Jr. made upholding the supreme Court decision that the D.C. gun ban was

Unconstitutional !

22. Chief Judge Richard W. Roberts erred when United States Code Title 18,

section 930 **was pointed out in the court filing, as well in the courtroom**

**that sub-section (h) was not complied with. "Section (h)** Notice of the

provisions of subsections (a) and (b) shall be posted conspicuously at each

public entrance to each Federal facility, and notice of subsection (e) shall be

posted conspicuously at each public entrance to each Federal court facility,

and no person shall be convicted of an offense under subsection (a) or (e) with respect to a Federal facility if such notice is not so posted at such facility, unless such person had actual notice of subsection (a) or (e), as the case may be."

23. Both Judge Kessler and Chief Judge Roberts erred by disregarding the accused's court filing when the Public Defender's Office refused to file the accused's court filings when the Court kept A. J. Kramer on as assistance of counsel when the accused asked for Kramer to be dismissed or removed.

## THE PROSECUTION MISLED THE GRAND JURIES

24. The Prosecution misled the Grand Jury on many issues in the First Grand Jury hearing as well in the Second "**Secret**" Grand Jury Hearing **for re-indictment of the accused !**

25. In the First Grand Jury hearing the Prosecutor misled the Grand Jury to believe that the DC gun laws were valid even though the supreme Court upheld the Second Amendment right in Heller v. DC, and McDonald v. Chicago and in doing so had declared the DC firearm law(s) as unconstitutional.

26. In the Second Grand Jury hearing, **which the accused was NOT made aware of until after the fact,** the Prosecution failed to disclose that the

"Capitol Hill grounds" sit in and are part of the same "10-mile square" as the District of Columbia a/k/a Washington, DC a/k/a the Nation's Capital !

27. The Prosecution also failed to disclose that the "Capitol Hill grounds" **were required to be posted under federal regulations** in order to warn the public not to have any "Firearms," or "Weapons," however, there was **NO "signage"** at the time for the "grounds" which includes the parking lot ! The accused only had "small arms," knives and axes used as camping equipment secured in a locked vehicle while on the "Capitol Hill grounds" or "property" (parking lot) ! The accused's handguns and the rifle **Are Not define**d in the Federal Regulations as "Firearms," OR "Weapons" !

(a)As purported in Title 18, section 930 **(h) Notice** of the provisions of subsections (a) and (b) **shall be posted conspicuously at each public entrance to each Federal facility**, and notice of subsection (e) **shall be posted conspicuously at each public entrance to each Federal court facility**, and **no person shall be convicted of an offense under subsection (a) or (e) with respect to a Federal facility if such notice is not so posted at such facility**, unless such person had actual notice of subsection (a) or (e), as the case may be.

28. The Prosecution also willfully Misled and Failed to inform both Grand

Juries that the DC gun codes had been overturned and declared to be
unconstitutional by two supreme Court decisions (Heller and McDonald)!
And,

### The Prosecutor falsely uttered the following statement to the Grand Jury

29. The Prosecutor told the 2nd Grand Jury "the accused party had Firearms
and had failed to pay taxes on these firearms." (See 2nd Grand Jury
transcripts.)

a) When the accused was in possession of small arms (2 handguns and a
rifle, but also required "camping equipment"), which are, by **lawful
definition and** regulations, **NOT** "firearms" under ATF or IRS regulations
or under the following congressional acts, the National Firearm Act of 1934,
1968 Gun Control Act, or the Firearm Owner Protection Act of 1986 and
1996 and the 1902 Dick Act, **the accused was not in any violation !**

30. The accused was accused by the Prosecution as Knowingly and
Unlawfully "Carrying" and "Having Ready Access" to "Firearms" on
Capitol Grounds.

a) The accused party **at no time carried or possessed or had access to any
small arms ,"camping equipment" or "firearms" as defined in any
statute (the National Firearms Act of 1934, the 1968 Gun Control Act,
or the Firearm Owner Protection Act of 1986 and 1996, or the 1902**

22

**Dick Act) on Capitol Hill grounds** as they were **locked up** in the Jeep and the DC Capitol Hill police took possession of the Jeep by taping it off and taking possession of the Jeep and then stopping the accused and taking possession of the Jeep's keys AND THEN arresting the accused **some 20 or more feet AWAY** from the Jeep ! **Therefore, at no time was the accused, himself, witnessed by the Capitol Hill Police to be in possession of any "small arms" or "firearms" (see above) !**

### 12. United States v. Miller 307 U.S. 174 (1939) ARGUMENT

31. First of all, the Miller case was won by the Defendants in the Appeals Court.

32. It was about a short barrel shotgun and whether it had militia or military use. (Note: Viet Nam eventually changed the rules and regulations with what was then known as soldiers, called **"tunnel rats,"** being allowed to use either a short barrel shotgun or a pistol in those tunnels.) This now created a short barrel shotgun (with a pistol grip) being shortened from that of a full-size hunting shotgun !

33. The Miller issue was also about law-abiding citizens having the right to carry.

34. The Miller case was used to stop the misconstruing of the word "firearm" from that of "small arms."

35. It also pointed out the government's claim they have no duty to protect the people and thereby it is up to the people to defend themselves, and lastly,

36. Only the United States Attorney showed up and filed into the supreme Court. Miller's attorney quit which left Miller and Layton without representation and a defense and defeat.

## Point Of Order

37. The government's point of view was that the only argument placed before the supreme Court was that of the United States Attorney. Miller and Layton did not have any lawyer or defense before the supreme Court.

38. The supreme Court had to rule on the "only available evidence" placed before them by the government as Miller and Layton had no legal counsel as a defense before the supreme Court.

39. U.S. v. Miller also implied and showed that a law-abiding person has a "civil right" to be armed because it was held in 1855 (South v. Maryland 59 U.S. 18 How. 396, 402 (1855)) **that the government had no duty to protect the "individual" citizen, but rather only the "public at large."**

40. The Miller case issue was on a "short barrel shotgun" **NOT** a "sawed-off shotgun" of less then 18 inches, **but** it was also on the fact that the government has no duty to protect the individual, thereby leaving the people the right to be self armed under the 2nd Amendment (see case law listed

below).

41. South v. Maryland 59 U.S. (18 How.) 396, 402 (1855) relieved the government of any duty to protect the individual and average citizen - and implicitly recognized the "civil right" of the law-abiding person to keep and bear arms for "personal defense."

42. Castle Rock v. Gonzales supreme Court case # 04-278

43. Barillari v. City of Milwaukee 533 N.M.2d 759 (Wis.1995)

44. Bowers v. DeVito, 686 F2d 616 (7th Cir. 1982)

45. Warren v. District of Columbia 444 A 2d 1 (1981) "....a government and its agencies are under no general duty to protect public services, such as police protection, to particular individual citizens..."

## 13. DISTRICT OF COLUMBIA GUN LAWS RULED
## UNCONSTITUTIONAL ARGUMENT

46. Heller v. District of Columbia 554 U.S. 570 (2008) decision applies to federal enclaves and protects an individual's rights to posses a "firearm" in those enclaves. The D.C. Firearms Control Regulations Act of 1975 was/is, therefore, unconstitutional.

47. In McDonald v. Chicago 561 U.S. 742 (2008) the Court held that the rights of an individual to "keep and bear arms" is protected by the 2nd Article (or Amendment) of the Bill of Rights and is incorporated in the Due

Process clause of the 14th Amendment.

48. Judge Frederick J. Scullin, Jr in Palmer v. District of Columbia ruled that the right to bear arms extends outside the home, thereby affirming that gun-control laws in the nation's capital are unconstitutional !

49. Whereas as the District of Columbia receives federal funding then the District of Columbia was/is required to come into compliance with the new decision(s) regarding the previously existing gun laws.

## 14. EQUAL PROTECTION CLAUSE ARGUMENT

50. **42 USC, section 1981** Equal Rights under the law.

51. **Article IV of the Constitution**, sections 1 and 2, full faith and credit...shall be entitled to all privileges and immunities of citizens in the several states.

52. **14th Amendment, clause 1.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law, which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

53. This Grantor (the accused) carried a valid carry concealed permit from

North Carolina State and by having a carry concealed permit all small arms were reported to the FBI in DC during the background check to carry them.

## 15. FEDERAL GROUNDS TITLE 18 ARGUMENTS

54. 18 USC, section 930 possession of firearms and dangerous weapons in federal facilities. Read this section for the restrictions on signage.

## 16. UNCLEAN HANDS DOCTRINE AND FRUIT OF THE POISON TREE ARGUMENT

55. Both the United States Attorney and the Public Defender's Office misrepresented the theories, concepts and spirit of the laws as well as the written laws in the Courtroom.

56. Both the United States Attorney and the Public Defender's Office were aware that the Grantor's (the accused's) Miranda Rights were violated not only by the Capitol Hill Police, but by the FBI, the U.S. Marshals and the other unidentified federal agency involved in questioning the accused, and when the United States Attorney was asked by Judge Kessler if this was true **the United States Attorney was unable to rebut this fact and stood mute!**

57. Both the United States Attorney and the Public Defender violated the rules of ethics under the Canons and Rules of Ethics, under their Bar Oaths to fairness, and under Title 36 USC, chapter 75, and section 70503.

58. Both the United States Attorney and the Public Defender's Office know

that all evidence came under the <u>"fruit of the poison tree doctrine"</u> and was

not admissible under tradition, rulings, procedures, good morals or ethics

and under stare decisis or Due process of the Rule of Law.

59. Both the United States Attorney and the Public Defender's Office as well

as the USDC Judges were aware of the Third Party Interveners complaints,

in this case, of the attorney's misconduct and misuse of case law and abuse

of the intent of the law.

60. The Grantor (the accused) fervently believes that both the United States

Attorney and the Public Defender's Office along with all Attorneys and

Judges in this case understand the intent of "Miller v. U.S. (1939)."

61. The case, United States v. Miller (1939), was intended to be a one sided,

slam-dunk argument in favor of the government as it defined the term

"firearm" to attempt to set the stage for the term "firearm" to be used from

then on, as it was only the government that appeared before the supreme

Court in 1939.

62. **However, a "firearm" is actually defined as a "sawed-off shotgun" of

less then 18 inches"** as defied in the **National Firearm Act of 1934, the

1968 Gun Control Act, 26 USC 5845, and 27 CFR 479.11 !**


<u>**17. CONCLUSIONS**</u>

These issues before The United States Court of Appeals in this case are simple issues.  Whereas there have been Three supreme Court decisions on the right to carry within the District of Columbia, being **Heller v. District of Columbia and McDonald v. Chicago** and, now, **Palmer v. District of Columbia,** it would seem that the District of Columbia's gun laws have been declared **Unconstitutional** for, yet, a **Third** time !

Now come the issues: Do these case law decisions apply to the whole of the  "10-mile square" of the District of Columbia and whenever there are no signs posted or warnings to the public of "restricted" areas ?

Can a citizen from any of the 50 States with a carry concealed permit, whether just passing through the District of Columbia or stopping to do business within the "10-mile square" of the District of Columbia, and, likewise, the "federal citizens" of the District of Columbia be afforded the same equal protection of these Three supreme Court decisions ?

Is a Citizen with a physical disability, under the Americans with Disabilities Act, afforded the same equal protection of the Second Amendment right, with or without a carry concealed permit, when they enter the "10-mile square" of the District of Columbia, whether they are just passing through or stopping to take care business while they are there in the District of Columbia, benefit from the Three supreme Court decisions ?

29

Can an unconstitutional statute be used as a "corpus deliciti" in order to charge a Citizen for a crime when the supreme Court has ruled **Three times** that same statutes are unconstitutional ?

Do the issues not become **"Constitutional Contempt"** and "**Due Process violations"** on the part of the U.S. Attorneys Office and the Public Defenders Offices of the Natural Laws of this Nation, the Constitution and also a violation of International Law ?

**The Geneva Conventions are International Treaty Law and Army Regulations are Congressional legislation under an International Treaty that defines pistol and rifle as small arms and by lawful definition are Not "firearms," is this not true ?**

**In the Geneva Conventions Treaty A-6. Defense of Self and Patients under Care** a. Protected personnel are- (1) Authorized to be armed with only individual small arms. (Army Regulation 71-32 provides the doctrine that governs what types of small arms medical personnel are authorized (limited to pistols or rifles, or authorized substitute).

### 18. CURES AND REMEDY

From the **"Treatise on Suits in Chancery," Henry R. Gibson, 1907, 2nd Edition**

*Setting Forth the Principles, Pleadings, Practice, Proofs and Processes of*
*The Jurisprudence of Equity*

**§ 8. The Divine Law of Justice the Rule of Decision.-**The statement, often made, that the Court of Chancery was established to mitigate the rigor of the common law, and to supply its defects, is not wholly true.[48] This Court was established to do justice, regardless of any and all law. The King deemed it a duty imposed upon his conscience, both by his oath and by religion, to "decree justice," and in decreeing justice he deemed himself bound rather by the Divine Law than by human law, and, when the Chancellor acted in his stead, he based his decisions, not upon the law of the land, but upon honesty, equity and conscience, for so was he commanded to do in exercising the King's prerogative of Grace. In short, the Chancery Court was established rather as a Court based on the precepts of *Religion* than as a Court based on the rules of *Law*. It is unquestion-ably true that the harshness of the common law, its unfitness to cope with fraud, its incapacity to do justice in many cases, the defects in its remedies, the opportunities it gave the strong to oppress the weak, and its general inadequacy to meet the requirements of equity, greatly contributed to perpetuate the existence of the Chancery Court, and to enlarge and justify its jurisdiction. Nevertheless, the vital principle from which the Court sprung was the prerogative doctrine that the King was the "fountain of justice;" and that, when a citizen could not get justice in the ordinary Courts, he might come to this fountain.[52] The King, in administering justice in such cases, deemed himself above all the laws and customs of his realm, and bound only by his conscience and his will. As it was not a matter of right in a citizen to draw on this reserve

source of justice, when remedy was given it was deemed "granted" as of Grace.

**FEDERAL EQUITY PROCEDURES A TREATISE ON SUITS IN EQUITY IN THE CIRCUIT COURTS OF THE UNITED STATES INCLUDING APPEALS AND APPELLATE PROCE DURE. Vol 1 By C.L. Bates of the Bar of San Antonio, Texas**

**§ 25. Circuit courts as courts of equity always open**.- The circuit courts, as courts of equity, shall be deemed always open for the purpose of filing bills, answers and other pleadings; for issuing and returning mesne and final process and commissions; and for making and directing all interlocutory motions, orders, rules and other proceedings preparatory to hearing of all causes upon their merits. Interlocutory orders and proceedings in suits in equity are of two kinds, viz.: (1) Those which are grantable of course, and may be obtained by suitors without the allowance or order of the court or any judge thereof; and (2) those which are special and not grantable of course, and can be obtained by suitors only upon the allowance of the court or a judge thereof. And all interlocutory motions, orders, rules and proceedings are intended, by the rules, to prepare causes for hearing upon their merits, and should be adapted to that end.[1] The interlocutory procedure provided for and·established by the equity. Rules was framed with a view of speeding causes to a final hearing, and is admirably adapted to that end;· and this system of procedure, when viewed with reference to the purpose had in by those eminent and learned jurists' through whose labor and care it has been established and perfected, must be regarded as the very consummation

of human skill and learning, and it is much to be regretted that these rules are so often neglected in the conduct of causes; for the greatest complications that arise in equity suits are usually in the procedure preparatory to the hearing on the merits.



By Agent; Rodney Dale Class as Grantor-Creator, Petitioner And Appellant
Private Attorney General
Private American National of a Protected Class of Living Beings
In care of / 432 North Lincoln Street
High Shoals, North Carolina
Federal Postal ZIP 28077 (704) 240 4315

## 19. CERTIFICATE OF NOTICE

Let this serve as a Certificate of Notice to the UNITED STATES OF AMERICA as an Artificial Entity / Corporation and to the Trustees of the UNITED STATES ATTORNEY'S OFFICE that on this date in 2015 A.D. in the year of our Lord in this Month of **November** and on the **24th** day to be placed on the record and to be recorded in the Clerk's Office of the Circuit Court of Appeals this **CERTIFICATE OF THE BRIEF FOR THE APPELLANT.**

*By Agent Rodney Dale Class*

By Agent; Rodney Dale Class as Grantor-Creator, Petitioner And Appellant
Private Attorney General
Private American National of a Protected Class of Living Beings
In care of / 432 North Lincoln Street
High Shoals, North Carolina
Federal Postal ZIP 28077
(704) 240 4315

**CC:**
**Amicus Curiae:**

David William DeBruin
1099 New York Ave., N.W.
Suite 900
Washington, D.C. 20001-4412

Jessica Ring Amunson
1099 New York Ave., N.W.
Suite 900
Washington, D.C. 20001-4412

Richard Trent McCotter.
1099 New York Ave., N.W.
Suite 900
Washington, D.C. 20001-4412

UNITED STATES TRUSTEE OF THE TRUST
RONALD C. MACHEN, JR
UNITED STATES ATTORNEY OFFICE
555 4TH Street, N.W.
WASHINGTON, DC 20530

# APPENDIX

### IN THE
### UNITED STATES CIRCIUT COURT OF APPEALS
### FOR THE DISTRICT OF COLUMBIA

Rodney Dale Class Vs UNITED STATES

APPEAL ON THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
CASE NO.1-13-CR 253

### APPENDIX
### VOL I

# TABLE OF CONTEXTS

                                                                    Page

**Appendix A**       **Notice of Appeal and Stay of Judgment**
                 **To The United States Circuit Court Of Appeals**
                  **For The District Of Columbia**          **1**

**Appendix B**       **Docket Sheet 189**
                 **Notice of Appeal and Stay of Judgment**
                 **02/13/2015**

                     **Docket Sheet 190**
                 **Judgment Statement of Reason not Included**
                 **03/04/2015**

                     **Docket Sheet 191**
                 **Showing Statement of Reason Restricted**
                 **To Bar Member**                    **2-3**
                 **03/04/2015**

**Appendix C**       **Grand Jury Transcripts second grand jury**
                 **07/23/2014**                    **4-6**

# APPENDIX   A

**Appendix A**

United States District Court
For the District of Columbia
333 Constitution Avenue N.W.
Washington D.C 20001

*Let this be filed as a Notice of Appeal.*
*Milhollen, Ch. USDJ 2-11-15*

UNITED STATES OF AMERICA                    CASE # 1:13 cr 253 RWR

United States Appeals Court #_____

Vs

**FILED**

**FEB 1 3 2015**

RODNEY CLASS

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### STAY OF JUDGMENT AND NOTICE OF APPEAL
For the living entity known as Rodney Class
Which requires equity relief

NOW, comes this living entity known as Rodney Class with this STAY OF

JUDGMENT AND NOTICE OF APPEAL for the living entity known, as Rodney Class

Which requires equity relief from case # 1:13 cr 253 RWR. To be placed before the

United States Court of Appeals for the District of Columbia.

This filing is being placed before the clerk of court on this date of Feb. 9th

2015 to be entered into the record for a Stay of Judgment And Notice of Appeal for

the living entity Rodney Class.

Certificate of Notice

The artificial entity known as, THE UNITED STATES OF AMERICA is being

placed on Notice of a Stay of Judgment and Notice of Appeal of case # 1:13 cr 253

RWR on this Feb 9th 2015. By this living entity know as Rodney Class.

**RECEIVED**

**FEB -9 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**RECEIVED**

**FEB 1 3 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# APPENDIX   B

*Appendix B*

*TERMINATED: 02/10/2014*
*LEAD ATTORNEY*
*Designation: Assistant U.S. Attorney*

**Jeffrey Pearlman**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-7228
Fax: (202) 514-8707
Email: jeffrey.pearlman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Peter C. Lallas**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6879
Fax: (202) 616-2296
Email: Peter.Lallas@usdoj.gov
*TERMINATED: 06/23/2014*
*LEAD ATTORNEY*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2015 | 192 | Transmitted Supplemental Record on Appeal, consisting of a copy of the Judgment and Commitment and Docket Sheet, to USCA as to RODNEY CLASS re 190 Judgment. USCA Case Number 15-3015. (mlp) (Entered: 03/09/2015) |
| 03/04/2015 | 191 | STATEMENT OF REASONS as to RODNEY CLASS. re 190 Judgment. Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court. Signed by Chief Judge Richard W. Roberts on 3/3/15. (mlp) (Entered: 03/09/2015) |
| 03/04/2015 | 190 | JUDGMENT as to RODNEY CLASS. Statement of Reasons Not Included. Signed by Chief Judge Richard W. Roberts on 3/3/15. (mlp) (Entered: 03/09/2015) |
| 02/23/2015 | | USCA Case Number as to RODNEY CLASS: 15-3015, for 188 Notice of Appeal - Final Judgment, filed by RODNEY CLASS. (mlp) (Entered: 02/23/2015) |
| 02/13/2015 | 189 | Transmission of the 188 Notice of Appeal, Sentencing Minute Entry Appealed, and Docket Sheet to US Court of Appeals as to RODNEY CLASS. The Fee remains to be paid and another notice will be transmitted when the motion to proceed In Forma |

| | | Pauperis has been filed. In Forma Pauperis Application mailed to the defendant this date at his address of record. (mlp) (Entered: 02/13/2015) |
|---|---|---|
| 02/13/2015 | 188 | NOTICE OF APPEAL by RODNEY CLASS re Sentence imposed on 2/9/15 and docketed 2/9/15. "Let this be filed as a Notice of Appeal," signed by Chief Judge Richard W. Roberts on 2/11/15. Fee Status: No Fee Paid. (Pro Se Defendant with Stand-By Counsel, Federal Public Defender A.J. Kramer.) Parties have been notified. (mlp) (Entered: 02/13/2015) |
| 02/12/2015 | 187 | LEAVE TO FILE DENIED - "Objection to Jan. 26, 2015 Order" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 2/9/15. (Copy of front page of this document mailed to the defendant on 2/12/15 to the address on record.) (mlp) (Entered: 02/12/2015) |
| 02/09/2015 | | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts: Sentencing held on 2/9/2015 as to RODNEY CLASS. Count 1s: Defendant sentenced to Time Served of (24) Days incarceration, followed by a Supervised Release Period of Twelve (12) Months, a Special Assessment of $100.00 and a fine of $250.00 imposed. Bond Status of Defendant: Supervised Release; Court Reporter: William Zaremba Defense Attorney: PRO SE, A J Kramer-standby counsel; US Attorney: Jeffrey Pearlman; Prob Officer: Kathie McGill; (hs) Modified on 2/10/2015 (hs). (Entered: 02/09/2015) |
| 02/04/2015 | 183 | LEAVE TO FILE DENIED - "Certificate bill in equity and notice for equitable relief for class, rodney dale real party of interest" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 2/2/15. (Copy of the front page of the document mailed, on 2/6/15, to the defendant at the address of record.) (mlp) (Entered: 02/06/2015) |
| 02/04/2015 | 182 | LEAVE TO FILE DENIED - "Certificate bill in equity and notice for equitable relief for class, rodney dale real party of interest" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 1/30/15. (Copy of front page of document mailed, on 2/6/15, to the defendant at the address of record.) (mlp) (Entered: 02/06/2015) |
| 02/02/2015 | 181 | Recommendation of PSI Report as to RODNEY CLASS. Not for public disclosure per Judicial Conference Policy.(Stevens-Panzer, Deborah) (Entered: 02/02/2015) |
| 01/30/2015 | 179 | SENTENCING MEMORANDUM by USA as to RODNEY CLASS (Pearlman, Jeffrey) (Entered: 01/30/2015) |
| 01/28/2015 | | LEAVE TO FILE DENIED - Notice of General Appearance by the Defendant to the Court by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 1/26/15. (A copy of the front page of the document was mailed to the defendant at the address of record on 1/29/15.) (mlp) Modified on 1/29/2015 (mlp) (Entered: 01/29/2015) |
| 01/28/2015 | 178 | LEAVE TO FILE DENIED - Notice of Special Appearance as Inter Vivos Third Party Impleader by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to filed DENIED," signed by Chief Judge Richard W. Roberts on |

Appendix Q

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - x
                          :
UNITED STATES OF AMERICA  :
                          :
            v.            :
                          :
RODNEY CLAS               :
                          :
- - - - - - - - - - - - - x
```

United States District Court
 For the District of Columbia
3rd & Constitution, N.W.
Washington, D.C.  20001

Tuesday, July 23, 2013

The testimony of LENEEKA MANNING was taken in the presence of a full quorum of Grand Jury 12-2 impaneled on May 7, 2012, commencing at 11:02 a.m., before:

VINCENT CAPUTY
Assistant United States Attorney

**Diversified Reporting Services, Inc.**
1101 Sixteenth Street, NW  Second Floor
Washington, DC  20036
(202) 467-9200

18

1   disability, and he has had people hire him like the gentlemen

2   he was going to represent to represent them in court.

3                   A JUROR:  But it's not an attorney?

4                   THE WITNESS:  No.

5                   A JUROR:  Thank you.

6                   A JUROR:  How old is Mr. Clas?

7                   MR. CAPUTY:  You have that on your paperwork.

8                   THE WITNESS:  I have that on paperwork.  He was

9   born in '53, so he's 49, because his birthday is in --

10                  A JUROR:  No, no.

11                  THE WITNESS:  60.  Sorry, 60.  It was 60 in a

12  few months.

13                  MR. CAPUTY:  Any other questions at all?

14                  A JUROR:  Does he have a license for the

15  firearms?

16                  THE WITNESS:  For the firearm, yes.  He does.

17                  BY MR. CAPUTY:

18        Q      So they're registered --

19        A      They're registered in North Carolina.

20                  MR. CAPUTY:  Any other questions?

21                  A JUROR:  Was he aware of the laws in D.C.?

22                  THE WITNESS:  He had he wasn't.  He wasn't

23  aware of them.

24                  A JUROR:  Is he aware of transporting firearms

25  outside of the state of North Carolina?

19

1          THE WITNESS:  He assumed that since he had a
2  permit in North Carolina that that was good for wherever he
3  went.

4          A JUROR:  Okay.

5          MR. CAPUTY:  Yes, sir?

6          A JUROR:  One of the rifles requires a federal
7  tax?  Is that correct?

8          MR. CAPUTY:  It was the -- what was one that?

9          A JUROR:  The sawed-off shotgun?

10          MR. CAPUTY:  Well, no.

11          THE WITNESS:  The Taurus.

12          MR. CAPUTY:  That was the Taurus.  It's a
13  Taurus .44 caliber.  So the same -- you guys have had -- well,
14  we've had sawed-off shotguns in the same statute, but it's
15  also for sawed-off rifles.

16          A JUROR:  So this is a tax issue?

17          MR. CAPUTY:  Yes.

18          MR. CAPUTY:  Any other questions at all?  Okay.

19          (The witness was excused.)

20          (Whereupon, at 11:27 a.m., the taking of the
21  testimony in the presence of a full quorum of the Grand Jury
22  was concluded.)

23                    *  *  *  *  *

24

25

C-E-R-T-I-F-I-C-A-T-E

I, David Grey, the reporter for the United States Attorney's Office, do hereby certify that the witness whose testimony appears in the foregoing pages was first duly sworn by the foreperson or the deputy foreperson of the Grand Jury when there was a full quorum of the Grand Jury present; that the testimony of said witness was taken by me and thereafter reduced to typewritten form; and that the transcript is a true record of the testimony given by said witness.

_____
David Grey, Official Reporter

_____
Transcriber

**Diversified Reporting Services, Inc.**
1101 Sixteenth Street, NW  Second Floor
Washington, DC  20036
(202) 467-9200