ORAL ARGUMENT NOT YET SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

**No. 15-3015**

———————————————

**UNITED STATES OF AMERICA,**

*Appellee,*

**v.**

**RODNEY CLASS,**

*Appellant.*

———————————————

Appeal from the United States District Court
for the District of Columbia

———————————————

**JOINT APPENDIX**

DAVID W. DEBRUIN
JESSICA RING AMUNSON
R. TRENT MCCOTTER
JENNER & BLOCK LLP
1099 New York Ave., NW
Suite 900
Washington, DC 20001
(202) 639-6000
ddebruin@jenner.com
jamunson@jenner.com
tmccotter@jenner.com

November 20, 2015

# TABLE OF CONTENTS

Docket Report, *United States v. Class*, No. 1:13-cr-253-RWR (D.D.C.) .......... J.A.1

Indictment as to Rodney Class (ECF No. 1)...................................................... J.A.28

Motion and Requirement to Quash Plaintiff's Latest Response and a Requirement to Dismiss All Charges *et al.* (ECF No. 20) ........................ J.A.30

Motion for Requirement for an Article III Hearing *et al.* (ECF Nos. 22 and 22-1) ..................................................................................................... J.A.34

Motion for Federal Rules Violations and Willful Fraud Upon the Court As Grounds for Motion of Dismissal *et al.* (ECF No. 27) ............................... J.A.40

Motion for a Show Cause Hearing on Formal Complaint (ECF No. 30) ........ J.A.44

Objection to Government's Omnibus Response (ECF No. 36)........................ J.A.48

Transcript of Proceedings before Judge Kessler (ECF No. 120) .................... J.A.51

Memorandum Opinion and Order (ECF No. 76)............................................. J.A.70

Memorandum in Opposition by USA (ECF No. 87) ..................................... J.A.101

Motion to Dismiss Count II by USA (ECF No. 134) .................................... J.A.122

Government's Motion for Jury Instruction on Intent (ECF No. 145) ........... J.A.124

Government's Motion for Jury Instruction on Capitol Grounds (ECF Nos. 155 and 155-1) ...................................................................................... J.A.136

Superseding Indictment as to Rodney Class (ECF No. 157)......................... J.A.141

Transcript of Proceedings before Judge Roberts (ECF No. 193) .................. J.A.142

Plea Agreement and Factual Proffer (ECF Nos. 169 and 168)...................... J.A.152

Notice of Appeal (ECF No. 188) .................................................................. J.A.164

Judgment as to Rodney Class (ECF No. 190) ............................................... J.A.165

APPEAL,CAT B,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:13-cr-00253-RWR-1

Case title: USA v. CLASS                              Date Filed: 09/03/2013

| Date Filed | # | Docket Text |
|---|---|---|
| 09/03/2013 | 1 | INDICTMENT as to RODNEY CLASS (1) count(s) 1, 2. (hsj, ) (Entered: 09/05/2013) |
| 09/05/2013 | | Arrest of RODNEY CLASS (ldc, ) (Entered: 09/05/2013) |
| 09/05/2013 | | ORAL MOTION to Appoint Counsel by RODNEY CLASS. (ldc, ) (Entered: 09/05/2013) |
| 09/05/2013 | | Minute Entry for proceedings held before Magistrate Judge John M. Facciola: Arraignment/Initial Appearance as to RODNEY CLASS (1) Count 1,2 held on 9/5/2013. Plea of Not Guilty entered by RODNEY CLASS (1) as to all counts. Oral Motion to Appoint Counsel by RODNEY CLASS (1) heard and granted. Defense Counsel to prepare an Inventory Report of any weapons in the defendant's home for Judge Wilkins. Inventory Report due by or before 9/12/2013. Government did not oppose to defendant's release. Status Conference set for 9/12/2013 10:00 AM in Courtroom 27A before Judge Robert L. Wilkins. Bond Status of Defendant: Defendant Released on Personal Recognizance; Defendant released/release issued; Court Reporter: Bowles Reporting Services: Defense Attorney: Lara Quint; US Attorney: Andrew Finkelman; Pretrial Officer: Vaughn Wilson; (ldc, ) Modified on 9/9/2013 (ldc, ). (Entered: 09/05/2013) |
| 09/05/2013 | 3 | ORDER Setting Conditions of Release as to RODNEY CLASS (1) Personal Recognizance. Signed by Magistrate Judge John M. Facciola on 09/05/13. (ldc, ) (Entered: 09/06/2013) |
| 09/06/2013 | 2 | NOTICE OF ATTORNEY APPEARANCE Andrew David Finkelman appearing for USA. (Finkelman, Andrew) (Entered: 09/06/2013) |
| 09/12/2013 | | Minute Entry for proceedings held before Judge Robert L. Wilkins:Status Conference as to RODNEY CLASS held on 9/12/2013. Defendant's Oral Motion to Reconsider Conditions of Release; Heard and modified for reasons stated on the record in open Court. Mr. Class conditions of release shall remain in effect and the Clerk will issue an amended release order. Defendant's Oral Motion to waive Speedy Trial; Heard and GRANTED. The Court find and tolls the time between 9/12/2013 to 10/8/2013 from the calculation of the Speedy Trial Act and that it is in the interest of the public and Mr. Class. Conference set for 10/8/2013 at 10:00 AM in Courtroom 27A before Judge Robert L. Wilkins. Bond Status of Defendant: Defendant remains released Personal |

J. A. 1

|            |   | Recognizance; Court Reporter: Bryan Wayne;Defense Attorney: Lara Quint; US Attorney: Andrew Finkelman; Pretrial Officer: Vaughn Wilson (tcb) (Entered: 09/13/2013) |
|------------|---|---|
| 09/12/2013 | 4 | AMENDED ORDER Setting Conditions of Release as to RODNEY CLASS (1) Personal Recognizance. Signed by Judge Robert L. Wilkins on 9/12/2013. (tcb) . (Entered: 09/13/2013) |
| 10/08/2013 |   | Minute Entry for proceedings held before Judge Robert L. Wilkins:Status Conference as to RODNEY CLASS held on 10/8/2013. Defendant's Oral Motion to Toll Speedy Trial; Heard and GRANTED. The Court finds that it is in the interest of justice to toll speedy trial from 10/8/2013 to 11/14/2013 and those interest outweigh the interest of the public and Mr. Class counting time towards speedy trial. Status Conference set for 11/14/2013 at 9:30 AM in Courtroom 27A before Judge Robert L. Wilkins. Bond Status of Defendant: Defendant remains released Personal Recognizance;; Court Reporter: Vicki Eastvold; Defense Attorney: Lara Quint; US Attorney: Andrew Finkelman; (tcb) (Entered: 10/09/2013) |
| 11/05/2013 | 6 | LEAVE TO FILE DENIED-Cover Sheet for Addresses of Parties as to RODNEY CLASS. Signed by Judge Robert L. Wilkins on 11/5/2013. This document is unavailable as the Court denied its filing. (hsj, ) (Entered: 11/12/2013) |
| 11/14/2013 |   | Minute Entry for proceedings held before Judge Robert L. Wilkins:Status Conference as to RODNEY CLASS held on 11/14/2013. Defendant's Oral Motion to Waive Speedy Trial; Heard and GRANTED. The Court finds that based on the change in counsel, the need for new counsel to get up to speed on the case and the meet with M.r Class. The Court finds it is in the interest of justice to exclude the time from 11/14/2013 to 1/23/2014 and that those interest outweigh the interest of Mr. Class and the public. Status Conference set for 1/23/2014 at 11:00 AM in Courtroom 27A before Judge Robert L. Wilkins. Bond Status of Defendant: Defendant remains released on Personal Recognizance; Court Reporter: Lisa Foradori;Defense Attorney: A.J. Kramer; US Attorney: Andrew Finkelman; (tcb) (Entered: 11/14/2013) |
| 01/03/2014 | 7 | ENTER My Appearance Required for Motion for In Camera Hearing; "Corpus Delicti" to be Produced (Habeas Corpus) by RODNEY CLASS. "Leave to file is granted" by Judge Robert L. Wilkins on 1/3/2014. (hsj, ) (Entered: 01/06/2014) |
| 01/09/2014 | 8 | MOTION for Extension of Time to File Response/Reply by USA as to RODNEY CLASS. (Attachments: # 1 Text of Proposed Order)(Finkelman, Andrew) (Entered: 01/09/2014) |
| 01/10/2014 |   | MINUTE ORDER granting 8 MOTION for Extension of Time to File Response/Reply as to RODNEY CLASS (1). Signed by Judge Robert L. Wilkins on 1/10/2014. (tcb) (Entered: 01/10/2014) |
| 01/17/2014 | 9 | Case as to RODNEY CLASS directly reassigned to Judge Gladys Kessler. Judge Robert L. Wilkins has been elevated to the U.S. Court of Appeals for the D.C. Circuit and is no longer assigned to the case. (gt, ) (Entered: 01/17/2014) |

J. A. 2

| | | |
|---|---|---|
| 01/22/2014 | | Set/Reset Hearings as to RODNEY CLASS: Status Conference reset for 2/3/2014, at 10:30 AM in Courtroom 26A before Judge Gladys Kessler. (tth) (Entered: 01/22/2014) |
| 01/27/2014 | 10 | MOTION for ENTRY of Appearance by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 1/27/2014. (hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 01/29/2014) |
| 01/27/2014 | 11 | MOTION for Requirement of Waiver for Release of Lawyer A.J. Kramer by RODNEY CLASS. (hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 01/29/2014) |
| 01/27/2014 | 12 | MOTION for Declaration Judgment by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 1/27/2014. (hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 01/29/2014) |
| 01/27/2014 | 13 | MOTION for Declaration Judgment by RODNEY CLASS. (hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 01/29/2014) |
| 01/27/2014 | 14 | MOTION for in Camera Hearing Corpus Delicti by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 1/27/2014. (hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 01/29/2014) |
| 01/28/2014 | 16 | MOTION for Requirement Burden of Proof Corpus Delicti to be Produced Habeas Corpus with Declaratory Judgment Ruling by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 1/28/2014. (hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 02/07/2014) |
| 02/03/2014 | | Minute Entry for proceedings held before Judge Gladys Kessler:Status Conference as to RODNEY CLASS held on 2/3/2014. The Court requested that a competency examination be set. A further Status Hearing will be scheduled after the report is submitted to the Court. Bond Status of Defendant: Continued on Personal Recognizance; Court Reporter: LIsa Foradori; Defense Attorney: A.J. Kramer; US Attorney: Andrew D. Finkelman. (dot ) (Entered: 02/03/2014) |
| 02/03/2014 | 15 | ORDER as to RODNEY CLASS: a forensic examination for competency be conducted as soon as possible. Signed by Judge Gladys Kessler on 2/3/14. (dot ) (Entered: 02/03/2014) |
| 02/07/2014 | 17 | RESPONSE by USA as to RODNEY CLASS re 8 MOTION for Extension of Time to File Response/Reply (Finkelman, Andrew) (Entered: 02/07/2014) |
| 02/10/2014 | 18 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Lallas, Peter C. added. Substituting for attorney Andrew Finkelman (Lallas, Peter) (Entered: 02/10/2014) |
| 02/18/2014 | 19 | RESPONSE by USA as to RODNEY CLASS Regarding Defendant's Motion Seeking Miscellaneous Relief. (hsj, ) (Entered: 02/24/2014) |
| 02/18/2014 | 20 | MOTION and Requirement to Quash Plaintiff's Latest Response and a Requirement to Dismiss All Charges for Lack of Direct Rebuttal of Court Ordered Subject Matter, Lack of Standing, Frivolous Filings, and Failurwe to Produce Corpus Delicti by RODNEY CLASS. (hsj, ) (Entered: 02/24/2014) |
| 02/21/2014 | 21 | |

J. A. 3

| | | |
|---|---|---|
| | | ENTRY of Appearance for an Formal Complaint of Ultra Vires Miss Behavior by RODNEY CLASS. (hsj, ) (Entered: 02/24/2014) |
| 02/21/2014 | 22 | MOTION for Requirement for an Article III Hearing for an Formal Complaiant of Ultra Vires Miss Behavior by RODNEY CLASS, (Attachments: # 1 Formal Complaint Notice of Felony)(hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 02/24/2014) |
| 02/24/2014 | | Set/Reset Hearings as to RODNEY CLASS: Status Conference set for 2/27/2014 at 11:00 AM in Courtroom 26A before Judge Gladys Kessler. (tth) (Entered: 02/24/2014) |
| 02/27/2014 | | Minute Entry for proceedings held before Judge Gladys Kessler: Status Conference as to RODNEY CLASS held on 2/27/2014. Oral request by the defendant for permission to travel to Texas; heard and denied. Defendant has five (5) days to reply to the Government's Response filed on 2/18/2014. Further Status Conference set for 3/26/2014 at 03:00 PM in Courtroom 26A before Judge Gladys Kessler. Bond Status of Defendant: Defendant continued on Personal Recognizance; Court Reporter: Chantal Geneus; Defense Attorney: A. J. Kramer; US Attorney: Peter Lallas; Pretrial Officer: Vaughn Wilson; (tth) (Entered: 02/27/2014) |
| 02/27/2014 | 23 | MOTION to Take Judicial Notice Nunc Pro Tunc Requirement for an Article III Hearing for a Formal Complaint of Ultra Vires Misbehavior with Counterclaim by RODNEY CLASS. (hsj, ) Modified on 3/27/2014 (hsj, ). (Entered: 02/28/2014) |
| 03/07/2014 | 24 | RESPONSE by USA as to RODNEY CLASS re 22 Notice (Other), 23 Notice (Other), 20 MOTION to Quash, 21 Notice (Other) *Government's Omnibus Response to Defendant's Motions Seeking Miscellaneous Relief* (Lallas, Peter) (Entered: 03/07/2014) |
| 03/26/2014 | | Minute Entry for proceedings held before Judge Gladys Kessler: Status Conference as to RODNEY CLASS held on 3/26/2014. Motion Hearing set for 4/7/2014 at 10:45 AM in Courtroom 26A before Judge Gladys Kessler. Bond Status of Defendant: Defendant continued on Personal Recognizance; Court Reporter: Lisa Foradori; Defense Attorney: A. J. Kramer; US Attorney: Peter Lallas; (tth) (Entered: 03/26/2014) |
| 03/26/2014 | 25 | MOTION *for Verification for Declaratory Status Under the Tenth Amendment* by RODNEY CLASS. "Leave to File Granted," Signed by Judge Gladys Kessler on 3/26/2014. (dr) (Entered: 03/27/2014) |
| 03/26/2014 | 26 | MOTION *for Requirment and wish for Dismissal* by RODNEY CLASS. "Leave to File Granted," Signed by Judge Gladys Kessler on 3/26/2014. (dr) (Entered: 03/27/2014) |
| 03/26/2014 | 27 | MOTION *for Federal Rules Violations and Willful Fraud Upon The Court As Grounds For Motion Of Dismissal, And A Request For Summary Judgment* by RODNEY CLASS. "Leave to File Granted," Signed by Judge Gladys Kessler on 3/26/2014. (dr) (Entered: 03/27/2014) |
| 03/26/2014 | 28 | |

J. A. 4

|            |    | MOTION *for Objection to Government's Omnibus Response* by RODNEY CLASS. "Leave to File Granted," Signed by Judge Gladys Kessler on 3/26/2014. (dr) (Entered: 03/27/2014) |
|------------|----|---|
| 03/26/2014 | 29 | MOTION Writ of Error Coram Nobis Memorandum In Law, Fed. R. Civ. P. Rule 60 and Fed. R. Civ. P. 46 (and Administrative Notice) by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (mlp) Modified on 3/27/2014 (mlp) (Entered: 03/27/2014) |
| 03/26/2014 | 30 | MOTION *for a Show Cause Hearing on Formal Complaint* by RODNEY CLASS. "Leave to File Granted," Signed by Judge Gladys Kessler on 3/26/2014. (dr) (Entered: 03/27/2014) |
| 03/26/2014 | 31 | MOTION for Requirement and Wish for Dismissal, (Judicial Notice: U.S. District Court has limited jurisdiction and venue) by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (mlp) (Entered: 03/27/2014) |
| 03/26/2014 | 32 | SECOND MOTION to Quash and Strike Prosecution's Response for Failure to State Facts and Conclusions in Law by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14 (mlp) (Entered: 03/27/2014) |
| 03/26/2014 | 33 | SECOND MOTION for A.J. Kramer to Step Aside as Ineffective Counsel (and Judicial Notice: Fraud upon the Court) by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (mlp) (Entered: 03/27/2014) |
| 03/26/2014 | 34 | MOTION for Discovery: F.R.C.P. Rule 37, F.R.C.P. Rule 16, (and a Clarification of Verbal Communications Used by the Plaintiff) by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (mlp) (Entered: 03/27/2014) |
| 03/26/2014 | 35 | MOTION to remove united states code 28 section 2672 administrative adjustment of claims by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (erd) (Entered: 03/27/2014) |
| 03/26/2014 | 36 | MOTION Objection to government's omnibus response: Re: What the living flesh and blood man with a sould, a being/natural person, was subjected to after being unlawfully arrested by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (erd) (Entered: 03/27/2014) |
| 03/26/2014 | 37 | MOTION for Discovery F.R.C.P. Rule 37, Rule 16 and a Clarification of Verbal Communications Used by the Plaintiff by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 3/26/2014. (hsj, ) (Entered: 03/27/2014) |
| 03/26/2014 | 38 | MOTION Administrative notice and demand: writ of error coram nobis memorandum in law, Fed.R.Civ.P. Rule 60 and Fed. R. Civ.P.46 by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (erd) (Entered: 03/27/2014) |
| 03/26/2014 | 39 | MOTION for Requirement to Have the Plaintiff Appear Before the District Court by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 3/26/2014. (hsj, ) (Entered: 03/27/2014) |

**J. A. 5**

| 03/26/2014 | 40 | MOTION for Prayer for Verification for Declaratory Status and Inquisition Status of Declarant by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 3/26/2014. (hsj, ) (Entered: 03/27/2014) |
| 03/26/2014 | 41 | MOTION Administrative notice; in the nature of writ of error coram nobis & a demand for dismissal or state the proper jurisdiction by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (erd) (Entered: 03/27/2014) |
| 03/26/2014 | 42 | MOTION Objection to government's omnibus response: Re: What the flesh and blood man with a soul, a being/natural person, was subjected to after being unlawfully arrested by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/26/14. (erd) (Entered: 03/27/2014) |
| 03/26/2014 | 43 | JUDICIAL NOTICE MOTION to Remove United States Code 28 Section 2672 Administrative Adjustment of Claims by RODNEY CLASS."Leave to File Granted" by Judge Gladys Kessler on 3/26/2014. (hsj, ) (Entered: 03/27/2014) |
| 03/26/2014 | 44 | MOTION to Take Judicial Notice Federal Rules Violations and Willful Fraud Upon the Court as Grounds for Motion of Dismissal and a Request for Summary Judgment by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 3/26/2014. (hsj, ) (Entered: 03/27/2014) |
| 03/26/2014 | 45 | MOTION to Take Judicial Notice Fraud Upon the Court 2nd Motion for Lawyer A.J. Kramer to Step Aside as Ineffective Counsel by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 3/26/2014. (hsj, ) (Entered: 03/27/2014) |
| 03/26/2014 | 46 | MOTION to Take Judicial Notice Verification for Declaratory Status Under the Tenth Amendment by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 3/26/2014. (hsj, ) (Entered: 03/27/2014) |
| 03/27/2014 | 47 | SECOND MOTION for Discovery: F.R.C.P. RULE 37, F.R.C.P. RULE 16 and a Clarification of Bonds Used by the Plaintiff by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/27/14. (mlp) (Entered: 03/27/2014) |
| 03/27/2014 | 48 | MOTION by Congressional Act: A Right to Act as a Private Attorney General, and by Constitutional Authority: to Receive Letters of Marque and Reprisal by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/27/14. (mlp) (Entered: 03/27/2014) |
| 03/27/2014 | 49 | MOTION in the form of a Demand for Dismissal or State the Proper Jurisdiction (and Administrative Notice: in the Nature of Writ of Error Coram Hobis) by RODNEY CLASS. "Leave to file granted" by Judge Gladys Kessler on 3/27/14. (mlp) (Entered: 03/27/2014) |
| 04/03/2014 | 50 | MOTION for 404(b) Evidence by USA as to RODNEY CLASS. (Attachments: # 1 Text of Proposed Order)(Lallas, Peter) (Entered: 04/03/2014) |
| 04/04/2014 | 51 | Memorandum in Opposition by USA as to RODNEY CLASS re 43 MOTION to Remove United States Code 28 Section 2672 Administrative Adjustment of Claims, 38 MOTION Administrative notice and demand: writ of error coram nobis memorandum in law, Fed. R. Civ. P. Rule 60 and Fed. R. Civ. P. 46, 49 |

**J. A. 6**

MOTION in the form of a Demand for Dismissal or State the Proper Jurisdiction (and Administrative Noitice: in the Nature of Writ of Error Coram Hobis), 48 MOTION by Congressional Act: A Right to Act as a Private Attorney General, and by Constitutional Authority: to Receive Letters of Marque and Reprisal., 35 MOTION to remove united states code 28 section 2672 administrative adjustment of claims, 42 MOTION Objection to government's omnibus response: Re: What the flesh and blood man with a soul, a being/natural person, was subjected to after being unlawfully arrested, 33 MOTION for A.J. Kramer to Step Aside as Ineffective Counsel (and judicial notice: Fraud upon the Court), 46 MOTION to Take Judicial Notice Verification for Declaratory Status Under the Tenth Amendment, 39 MOTION for Requirement to Have the Plaintiff Appear Before the District Court, 34 MOTION for Discovery: F.R.C.P. Rule 37, F.R.C.P. Rule 16, (and a Clarification of Verbal Communications Used by the Plaintiff, 31 MOTION for Requirement and Wish for Dismiall, (Judicial Notice U.S. District Court has limited jurisdiction and venue, 28 MOTION for Objection to Government's Omnibus Response, 30 MOTION for a Show Cause Hearing on Formal Complaint, 29 MOTION Erit of Error Coram Nobis Memorandum In Law, Fed. R. Civ. P. Rule 60 and Fed. R. Civ. P. 46 (and Administrative Notice), 26 MOTION for Requirment and wish for Dismissal, 36 MOTION Objection to government's omnibus response: Re: What the living flesh and blood man with a sould, a being/natural person, was subjected to after being unlawfully arrested, 44 MOTION to Take Judicial Notice Federal Rules Violations and Willful Fraud Upon the Court as Grounds for Motion of Dismissal and a Request for Summary Judgment, 27 MOTION for Federal Rules Violations and Willful Fraud Uupon The Court As Grounds For Motion Of Dismissal, And A Request For Summary Judgment, 25 MOTION for Verification for Declaratory Status Under the Tenth Amendment, 37 MOTION for Discovery, 32 MOTION to Quash and Strike Prosecution's Response for Failure to State Facts and Conclusions in Law, 47 MOTION for Discovery: F.R.C.P. RULE 37, F.R.C.P. RULE 16 and a Clarification of Bonds Used by the Plaintiff, 41 MOTION Administrative notice; in the nature of writ of error coram nobis & a demand for dismissal or state the proper jurisdiction, 40 MOTION for Prayer for Verification for Declaratory Status and Inquisition Status of Declarant, 45 MOTION to Take Judicial Notice Fraud Upon the Court 2nd Motion for Lawyer A.J. Kramer to Step Aside as Ineffective Counsel *Government's Omnibus Response to Defendant's Motions Seeking Miscellaneous Relief* (Lallas, Peter) (Entered: 04/04/2014)

04/07/2014                Minute Entry for proceedings held before Judge Gladys Kessler: Motions Hearing as to RODNEY CLASS held on 4/7/2014. Bond Status of Defendant: Defendant continued on Personal Recognizance; Court Reporter: Lisa Foradori; Defense Attorney: Rodney Class (pro se) and A.J. Kramer (standby counsel); US Attorney: Peter Lallas; (tth) (Entered: 04/07/2014)

04/07/2014        52      ORDER as to RODNEY CLASS, defendant, having knowingly and intelligently waived his right to counsel, shall be permitted to represent himself, and the Federal Defender, A.J. Kramer, is appointed as stand-by advisory counsel to the Defendant; no later than 4/15/2014, Defendant shall file any Opposition to the Government's Motion to Admit Other Crimes Evidence

J. A. 7

Pursuant to Rule 404(b) of the Federal Rules of Evidence, and Government shall file its Reply no later than 4/22/2014. Jury Trial set for 7/7/2014 at 09:30 AM in Courtroom 26A before Judge Gladys Kessler. SEE ORDER FOR ADDITIONAL DETAILS. Signed by Judge Gladys Kessler on 4/7/2014. (tth) (Entered: 04/07/2014)

| | | |
|---|---|---|
| 04/08/2014 | 53 | ORDER as to RODNEY CLASS, denying leave to file requests for intervention. Signed by Judge Gladys Kessler on 4/8/2014. (tth) (Entered: 04/08/2014) |
| 04/08/2014 | 54 | ORDER as to RODNEY CLASS, leave to file is denied as to defendant's Motion to Discharge Notice of Default Failure to File Entry of Appearance Failure to Follow Procedure Violation of Oath of Office; Motion for Entry of Appearance, Third Party Intervenor; and Motion for Clarification of Parties because they are repetitive of Motions already pending with the Court. Signed by Judge Gladys Kessler on 4/8/2014. (tth) (Entered: 04/08/2014) |
| 04/08/2014 | 55 | "LEAVE TO FILE DENIED" Request for Entry of Appearance, Third Party Intervenor as a Living Man/Woman with a Soul by Demetrius Marwin Holder as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/14. (mlp) Modified on 4/9/2014 (mlp) (Entered: 04/08/2014) |
| 04/08/2014 | 56 | LEAVE TO FILE DENIED-Motion (Request) for Entry of Appearance: Third Party Intervenor: William-Michael Gilliard as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/2014. (hsj, ) (Entered: 04/08/2014) |
| 04/08/2014 | 57 | "LEAVE TO FILE DENIED" Request for Entry of Appearance, Third Party Intervenor as a Living Man/Woman with a Soul by Daniel Douglas Smock as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/14. (mlp) Modified on 4/9/2014 (mlp) (Entered: 04/08/2014) |
| 04/08/2014 | 58 | LEAVE TO FILE DENIED: JULIE-TINA HATCHER; Request for Entry of Appearance as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/14. (dr) (Entered: 04/08/2014) |
| 04/08/2014 | 59 | LEAVE TO FILE DENIED: JOHN-LEE NORRIS; Request for Entry of Appearance, as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/2014. (dr) (Entered: 04/08/2014) |
| 04/08/2014 | 60 | LEAVE TO FILE DENIED: JEFFERY-WILSE BALL; Request for Entry of Appearance, as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/2014. (dr) (Entered: 04/08/2014) |
| 04/08/2014 | 61 | LEAVE TO FILE DENIED- Motion (Request) for Entry of Appearance: Third Party Intervenor Paul R. Gwaz as to RODNEY CLASS. This document is unavailable as the Court denied its filing.. Signed by Judge Gladys Kessler on 4/8/2014. (hsj, ) (Entered: 04/08/2014) |

| 04/08/2014 | 62 | LEAVE TO FILE DENIED: GERALD-ORRIN; CHRISTENSON: Request for Entry of Appearance as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 04/08/2014. (dr) (Entered: 04/09/2014) |
| --- | --- | --- |
| 04/08/2014 | 63 | LEAVE TO FILE DENIED: ROBERT-PAUL-MARTIN; CARR: Request for Entry of Appearance as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 04/08/2014. (dr) (Entered: 04/09/2014) |
| 04/08/2014 | 64 | LEAVE TO FILE DENIED: KEVIN-THOMAS; CROMPWELL: Request for Entry of Appearance as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 04/08/2014. (dr) (Entered: 04/09/2014) |
| 04/08/2014 | 65 | "LEAVE TO FILE DENIED" Request for Entry of Appearance, Third Party Intervenor as a living Man/Woman with a Soul by John Blaine Lebeau as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/14. (mlp) (Entered: 04/09/2014) |
| 04/08/2014 | 66 | "LEAVE TO FILE DENIED" Request for Entry of Appearance: Third Party Intervenor as a Living Man/Woman with a Soul by Richard Hans Norland as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/14. (mlp) (Entered: 04/09/2014) |
| 04/08/2014 | 67 | "LEAVE TO FILE DENIED" - Request for Entry of Appearance: Third Party Intervenor as a Living Man/Woman with a Soul by Richard Michael Suchar as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/14. (mlp) (Entered: 04/09/2014) |
| 04/08/2014 | 68 | ORDER as to RODNEY CLASS denying leave to file requests for intervention. Signed by Judge Gladys Kessler on 4/8/2014. (tth) (Entered: 04/09/2014) |
| 04/08/2014 | 69 | LEAVE TO FILE DENIED: PIERCE OF THE TRIBE EL AND/OR BEY, TORNELLO FONTAINE NOBLE; Request for Entry of Appearance: as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 04/08/2014. (dr) (Entered: 04/09/2014) |
| 04/08/2014 | 70 | LEAVE TO FILE DENIED- Motion (Request) for Entry of Appearance: Third Party Dwight-Lee Class as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/2014. (hsj, ) (Entered: 04/09/2014) |
| 04/08/2014 | 71 | LEAVE TO FILE DENIED- Motion (Request) for Entry of Appearance: Third Party Christopher Andrew Gilliard as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/2014. (hsj, ) (Entered: 04/09/2014) |
| 04/08/2014 | 72 | LEAVE TO FILE DENIED- Motion for Entry of Appearance of Third Party Intervenor George Thomas Brokaw as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/8/2014. (hsj, ) (Entered: 04/09/2014) |

**J. A. 9**

| 04/15/2014 | 73 | ORDER as to RODNEY CLASS, denying leave to file requests for intervention as to Carl Clarence Schaefer, Jr. and Carl Clarence Schaefer, III. Signed by Judge Gladys Kessler on 4/15/2014. (tth) (Entered: 04/15/2014) |
|---|---|---|
| 04/15/2014 | 74 | LEAVE TO FILE DENIED: CARL-CLARENCE: SCHAEFER, III.; Request for Entry of Appearance as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/15/2014. (dr) (Entered: 04/16/2014) |
| 04/15/2014 | 75 | LEAVE TO FILE DENIED: CARL-CLARENCE: SCHAEFER, JR.; Request for Entry of Appearance as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/15/2014. (dr) (Entered: 04/16/2014) |
| 04/16/2014 | 76 | MEMORANDUM OPINION AND ORDER deferring ruling on 20 Motion to Quash as to RODNEY CLASS (1); denying 22 Motion for Requirement for an Article III Hearing for an Formal Complaiant of Ultra Vires Miss Behavior as to RODNEY CLASS (1); deferring ruling on 23 Motion to Take Judicial Notice Nunc Pro Tunc Requirement for an Article III Hearing for a Formal Complaint of Ultra Vires Misbehavior with Counterclaim; denying 25 Motion as to RODNEY CLASS (1); denying 26 Motion as to RODNEY CLASS (1); denying 27 Motion as to RODNEY CLASS (1); denying 28 Motion as to RODNEY CLASS (1); denying 29 Motion as to RODNEY CLASS (1); denying 30 Motion as to RODNEY CLASS (1); denying 31 Motion as to RODNEY CLASS (1); denying 32 Motion as to RODNEY CLASS (1); denying 33 Motion as to RODNEY CLASS (1); denying 34 Motion as to RODNEY CLASS (1); deferring ruling on 35 Motion as to RODNEY CLASS (1); deferring ruling on 36 Motion as to RODNEY CLASS (1); denying 37 Motion for Discovery as to RODNEY CLASS (1); denying 38 Motion as to RODNEY CLASS (1); denying 39 Motion as to RODNEY CLASS (1); denying 40 Motion as to RODNEY CLASS (1); denying 41 Motion as to RODNEY CLASS (1); denying 42 Motion as to RODNEY CLASS (1); denying 43 Motion as to RODNEY CLASS (1); denying 44 Motion as to RODNEY CLASS (1); denying 45 Motion as to RODNEY CLASS (1); denying 46 Motion as to RODNEY CLASS (1); denying 47 Motion as to RODNEY CLASS (1); denying 48 Motion as to RODNEY CLASS (1); denying 49 Motion as to RODNEY CLASS (1); granting 10 Motion as to RODNEY CLASS (1); denying 11 Motion as to RODNEY CLASS (1); denying 7 Motion; granting in part and denying in part 12 Motion as to RODNEY CLASS (1); granting 13 Motion as to RODNEY CLASS (1); denying 14 Motion as to RODNEY CLASS (1); denying 16 Motion as to RODNEY CLASS (1); Government's response to Defendant's Motion numbers 8, 11, 22, and 23 due no later than 5/1/2014; Defendant's reply to the Government's response due no later than 5/15/2014. Signed by Judge Gladys Kessler on 4/16/2014. (tth) (Entered: 04/16/2014) |
| 04/21/2014 | 77 | OBJECTION to Government's Rule 404(b) Motion, by RODNEY CLASS. "Leave to File Granted," Signed by Judge Gladys Kessler on 4/21/2014. (dr) (Entered: 04/21/2014) |
| 04/22/2014 | 78 | |

**J. A. 10**

ORDER as to RODNEY CLASS denying leave to file request for intervention as to Gina-Marie Miller. Signed by Judge Gladys Kessler on 4/22/2014. (tth) (Entered: 04/22/2014)

| 04/22/2014 | 79 | LEAVE TO FILE DENIED-Objection to Denial of Third Party Intervenor by Paul R. Gwaz as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/23/2014. (hsj, ) (Entered: 04/22/2014) |
| 04/22/2014 | 80 | LEAVE TO FILE DENIED- Notice of Objection to Document 53 Order Denying Request for Third Party Intervenor by Christopher Andrew Gillird as to RODNEY CLASS. This document is unavailable as the Court denied its filing.. Signed by Judge Gladys Kessler on 4/22/2014. (hsj, ) (Entered: 04/22/2014) |
| 04/22/2014 | 81 | LEAVE TO FILE DENIED- Request for Entry of Appearance: Third Party Intervenor by Gina-Marie Miller as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/22/2014. (hsj, ) (Entered: 04/22/2014) |
| 04/28/2014 | 82 | LEAVE TO FILE DENIED - DEMETRIUS MARWIN; HOLDER; Objection to the Denial of Third Party Intervenor Status as to RODNEY CLASS This document is unavailable as the Court denied its filing.. Signed by Judge Gladys Kessler on 4/28/2014. (dr) (Entered: 04/29/2014) |
| 04/28/2014 | 83 | OBJECTION re 76 MEMORANDUM OPINION AND ORDER. "Leave to Filed Granted," Signed by Judge Ellen S. Huvelle on 4/28/2014. (dr) (Entered: 04/29/2014) |
| 04/28/2014 | 84 | LEAVE TO FILE DENIED- Notice of Objection to Document 53 Order Denying Requests for Third Party Intervenor Criminal Complaint Notice of Felony as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/28/2014. (hsj, ) (Entered: 04/29/2014) |
| 04/28/2014 | 85 | LEAVE TO FILE DENIED- Requirements for Restrictions of Jury Members sa Potentially Biased and Prejudiced as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/28/2014. (hsj, ) (Entered: 04/29/2014) |
| 04/28/2014 | 86 | LEAVE TO FILE DENIED- Third Party Interest by Richard Michael Suchar as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 4/28/2014. (hsj, ) (Entered: 04/29/2014) |
| 05/01/2014 | 87 | Memorandum in Opposition by USA as to RODNEY CLASS re 36 MOTION Objection to government's omnimbus response: Re: What the living flesh and blood man with a sould, a being/natural person, was subjected to after being unlawfully arrested, 44 MOTION to Take Judicial Notice Federal Rules Violations and Willful Fraud Upon the Court as Grounds for Motion of Dismissal and a Request for Summary Judgment, 23 MOTION, 35 MOTION to remove united states code 28 section 2672 administrative adjustment of |

claims, 20 MOTION to Quash (Attachments: # 1 Exhibit Ex. A, # 2 Exhibit Ex. B, # 3 Exhibit Ex. C)(Lallas, Peter) (Entered: 05/01/2014)

| 05/12/2014 | 88 | LEAVE TO FILE DENIED-Objection to the Denial of Third Party Intervenor Status, Title 18 USC Violations by Robert-Paul-Martin; Carr as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 5/12/2014. (hsj, ) (Entered: 05/12/2014) |
| 05/12/2014 | 89 | LEAVE TO FILE DENIED- Rebuttal; Article VI Clause 2, Contempt of Constitution. as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 5/12/2014. (hsj, ) (Entered: 05/12/2014) |
| 05/15/2014 | 91 | REQUEST for Sanctions as Per Court Rules, Federal Rules of Evidence and Federal Statutes 5th and 14th Amendment Violation of Due Process by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 5/15/2014. (hsj, ) (Entered: 05/16/2014) |
| 05/15/2014 | 92 | LEAVE TO FILE DENIED "for Failure to Comply with Court Order of 4/7/2014, Docket 52 "-District of Columbia Under the 14th Amendment Due Process Disclosure of Corporation Status by Court Rules as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Judge Gladys Kessler on 5/15/2014. (hsj, ) (Entered: 05/16/2014) |
| 05/16/2014 | 90 | PRETRIAL ORDER IN CRIMINAL CASES as to RODNEY CLASS, Joint Pretrial Statement due by 6/23/2014; numerically marked trial exhibits that the party intends to introduce at trial due by 6/27/2014; Motion in Limine due by 6/30/2014; Responses due by 7/7/2014; Pretrial Conference set for 6/27/2014 at 04:00 PM in Courtroom 26A before Judge Gladys Kessler; trial will commence on 7/7/2014. Signed by Judge Gladys Kessler on 5/15/2014. (Attachments: # 1, # 2. (tth) (Entered: 05/16/2014) |
| 05/16/2014 | 93 | NOTICE OF ATTORNEY APPEARANCE: A.J. Kramer appearing for RODNEY CLASS *Solely as Stand-By Counsel* (Kramer, A.J.) (Entered: 05/16/2014) |
| 05/22/2014 | 95 | MOTION for Rules of Court; Judicial Notice of Adjudicatable Facts by RODNEY CLASS. "Leave to File Granted" by Judge Gladys Kessler on 5/22/2014. (hsj, ) (Entered: 05/23/2014) |
| 05/22/2014 | 96 | MOTION for Removal of the GPS Tracking Device Re: Peonage. by RODNEY CLASS. (See Docket Entry 95 to View Document.) (hsj, ) (Entered: 05/23/2014) |
| 05/22/2014 | 97 | OBJECTION by RODNEY CLASS re 89 Denial of Rebuttal Filing on May 12, 2014 by Judge Glady Kessler. "Leave to File Granted" by Judge Glady Kessler on 5/22/2014. (hsj, ) (Entered: 05/23/2014) |
| 05/23/2014 | 94 | Case as to RODNEY CLASS directly reassigned to Chief Judge Richard W. Roberts. Judge Gladys Kessler no longer assigned to the case. (gt, ) (Entered: 05/23/2014) |
| 05/23/2014 | 98 | |

**J. A. 12**

|            |     | ORDER: directing each party to file by June 2, 2014, a memorandum addressing the questions set forth in this Order. Signed by Chief Judge Richard W. Roberts on 05/23/2014. (DCL) (Entered: 05/23/2014) |
|------------|-----|---|
| 06/02/2014 | 99  | MOTION to Continue *Motion to Reschedule Trial* by USA as to RODNEY CLASS. (Attachments: # 1 Text of Proposed Order)(Lallas, Peter) (Entered: 06/02/2014) |
| 06/02/2014 | 100 | RESPONSE by USA as to RODNEY CLASS re 98 Order *Response to Court's May 23, 2014 Order* (Lallas, Peter) (Entered: 06/02/2014) |
| 06/06/2014 | 101 | RESPONSE in Opposition by USA as to RODNEY CLASS re 96 Request for Removal of the GPS Tracking Device. (Lallas, Peter) Modified on 6/9/2014 (mlp) (Modified to indicate the title of the document.) (Entered: 06/06/2014) |
| 06/10/2014 | 102 | It is hereby ORDERED that the defendant, through stand-by counsel, shall have until June 16, 2014 to respond to the governments motion by an electronic posting on the ECF system. The Clerk is directed to serve a copy of this Order promptly upon the defendant by mail to his address of record. Signed by Chief Judge Richard W. Roberts on 6/10/2014. (lcrwr3) (Entered: 06/10/2014) |
| 06/10/2014 |     | Set/Reset Deadlines as to RODNEY CLASS: Defendant's Response due by 6/16/2014 (hs) (Entered: 06/10/2014) |
| 06/11/2014 | 103 | REPLY by RODNEY CLASS to U.S.A.'s 87 Memorandum in Opposition to Defendant's Motions 20 , 23 , 35 , 36 , 44 . "Leave to file as Reply to Government's Opposition dated 5/1/14 Granted" by Chief Judge Richard W. Roberts on 6/10/14. (Attachments: # 1 Exhibits)(mlp) Modified on 6/12/2014 (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 104 | OBJECTION to the Appointment of Stand-By Advisory Counsel by RODNEY CLASS. "Let this be filed" by Chief Judge Richard W. Roberts on 6/10/14. (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 105 | MOTION in Limine by RODNEY CLASS. "Let this be filed" by Chief Judge Richard W. Roberts on 6/10/14. (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 106 | MOTION to Suppress Testimony by RODNEY CLASS. "Let this be filed" by Chief Judge Richard W. Roberts on 6/10/14. (See Docket Entry 105 to view document.) (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 107 | MOTION to Dismiss Case by RODNEY CLASS. "Let this be filed" by Chief Judge Richard W. Roberts on 6/10/14. (See Docket Entry 105 to view document.) (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 108 | MOTION for Permission to Subpoena Witnesses by RODNEY CLASS. "Leave to file granted" by Chief Judge Richard W. Roberts on 6/10/14. (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 109 | LEAVE TO FILE DENIED - RODNEY-DALE; CLASS: Third Party of Interest and Real Party of Interest by Congressional Act Private Attorney General, Constitutional Bounty Hunter for the People as to RODNEY CLASS This document is unavailable as the Court denied its filing. "Leave to File Denied as Motion for Summary Judgment for lack of jurisdiction; Denied for |

|  |  | absence of availability of Summary Judgment device and failure to show absence of jurisdiction."Signed by Chief Judge Richard W. Roberts on 6/10/2014. (dr) Modified on 6/13/2014 (mlp) (Entered: 06/12/2014) |
|---|---|---|
| 06/11/2014 | 110 | LEAVE TO FILE DENIED - Administrative Notice, Pledge of Peace, Reservations of Rights, Revocation a Power of Attorney, Opportunity to Remove Liability, Offer of Co-Claimant Fees, Offer of Immunity, with attachments as to RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file Denied." Signed by Chief Judge Richard W. Roberts on 6/10/14. (mlp) Modified on 6/13/2014 (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 111 | LEAVE TO FILE DENIED - RODNEY-DALE; CLASS: Third Party of Interest and Real Party of Interest, By Congressional Act Private Attorney General, Constitutional Bounty Hunter for the People as to RODNEY CLASS This document is unavailable as the Court denied its filing. "Leave to File in this criminal actaion as a federal tort claim is DENIED". Signed by Chief Judge Richard W. Roberts on 06/10/2014. (dr) (Entered: 06/12/2014) |
| 06/11/2014 | 112 | LEAVE TO FILE DENIED - Administrative Notice, Pledge of Peace, Reservations of Rights, Revocation a Power of Attorney, Opportunity to Remove Liability, Offer of Co-Claimant Fees, Offer of Immunity, with attachments, by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file Denied." Signed by Chief Judge Richard W. Roberts on 6/10/14. (mlp) Modified on 6/13/2014 (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 113 | LEAVE TO FILE DENIED-Administrative Notice offer of Immunity Notice to Agent is Noticed Principal Notice Principal is Notice to Agent as to RODNEY CLASS This document is unavailable as the Court denied its filing. "Leave to file Denied." Signed by Chief Judge Richard W. Roberts on 6/10/2014. (hsj, ) Modified on 6/13/2014 (mlp) (Entered: 06/12/2014) |
| 06/11/2014 | 114 | LEAVE TO FILE DENIED-Objection to the Denial of Third Party Intervenor Status Title 18 USC Violations as to RODNEY CLASS This document is unavailable as the Court denied its filing. 'Leave to file Denied." Signed by Chief Judge Richard W. Roberts on 6/10/2014. (hsj, ) Modified on 6/13/2014 (mlp) (Entered: 06/12/2014) |
| 06/16/2014 | 115 | RESPONSE by RODNEY CLASS re 102 Order, (Kramer, A.J.) (Entered: 06/16/2014) |
| 06/18/2014 | 116 | LEAVE TO FILE DENIED - Objection to the Denial for File and Exception of 5/12/14, Title 18 U.S.C. Violation by Third Party of Interest Robert-Paul-Martin Carr as to RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED" signed by Chief Judge Richard W. Roberts on 6/13/14. (mlp) (Entered: 06/18/2014) |
| 06/20/2014 | 117 | ORDER scheduling trial for September 9, 2014 at 9:30 a.m. and vacating May 16, 2014 pre-trial order. Signed by Chief Judge Richard W. Roberts on 6/20/2014. (lcrwr3) (Entered: 06/20/2014) |
| 06/23/2014 | 118 |  |

**J. A. 14**

NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Pearlman, Jeffrey added. Substituting for attorney Peter Lallas (Pearlman, Jeffrey) (Entered: 06/23/2014)

| 06/23/2014 | 119 | LEAVE TO FILE DENIED - Objection to the Denial of Third Party Intervenor Status, Tile 18 USC Violations by Third Party of Interest Gerald-Orrin Christenson as to RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED" signed by Chief Judge Richard W. Roberts on 6/20/14.(mlp) (Entered: 06/24/2014) |
|---|---|---|
| 06/23/2014 | 120 | LEAVE TO FILE DENIED - Take Judicial Notice: Rule 201, Government Lacks Standing to Bring Claim; Offer of Proof; Motion: Grounds for Dismissal as to RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED" signed by Chief Judge Richard W. Roberts on 6/20/14. (mlp) (Entered: 06/24/2014) |
| 06/27/2014 | 121 | Mail Returned as undeliverable as to RODNEY CLASS; sent to Robert Paul Martin Carr. Type of Document Returned: Objection to the denial for leave to file; New address: Unknown. (hs) Modified on 6/27/2014 (hs). (Entered: 06/27/2014) |
| 07/07/2014 | 122 | LEAVE TO FILE DENIED - Pretrial Statement as Ordered by Judge Kessler on 5/15/14 as to RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file without complying with 6/20/14 Order DENIED" signed by Chief Judge Richard W. Roberts on 7/4/14. (Attachment: # 1 Copy of 6/20/14 Pretrial Order) (mlp) (Entered: 07/07/2014) |
| 07/10/2014 | 123 | LEAVE TO FILE DENIED - Motion for Disclosure: 5 U.S. Code § 552 - Public Information (FOIA); Enemy of the State, War Crime Application for Certification Alien Property Custodian by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED" signed by Chief Judge Richard W. Roberts on 7/8/14. (mlp) (Entered: 07/10/2014) |
| 07/18/2014 | 124 | Mail Returned as unclaimed as to RODNEY CLASS sent to Rodney Dale Class. Type of Document Returned: "Leave to file denied" Motion for Disclosure. Document remailed to defendant at his Post Office Box 435 in High Shoals, N.C. 28077, rather than to his street address. (mlp) Modified on 7/22/2014 (mlp) (Entered: 07/22/2014) |
| 08/01/2014 | 129 | LEAVE TO FILE DENIED-In Camera Re: Judge's Order of 6/20/2014 as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Chief Judge Richard W. Roberts on 8/1/2014. (hsj, ) (Entered: 08/06/2014) |
| 08/01/2014 | 130 | MOTION for Judicial Notice: Rule 201, Nonconsensual for Personal Judisdictional Challenge by RODNEY CLASS. "Let This Be Filed" by Chief Judge Richard W. Roberts on 8/1/2014. (hsj, ) (Entered: 08/06/2014) |
| 08/04/2014 | 125 | TRANSCRIPT OF PROCEEDINGS in case as to RODNEY CLASS before Judge Gladys Kessler held on 4-7-14; Page Numbers: 1-40. Date of Issuance:8-4-14. Court Reporter/Transcriber Lisa M. Foradori, Telephone number 202-354-3269, Court Reporter Email Address : L4dori@hotmail.com. |

J. A. 15

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.

Redaction Request due 8/25/2014. Redacted Transcript Deadline set for 9/4/2014. Release of Transcript Restriction set for 11/2/2014.(Foradori, Lisa) Modified on 8/5/2014 (mlp) (Entered: 08/04/2014)

| | | |
|---|---|---|
| 08/05/2014 | 126 | LEAVE TO FILE DENIED - Objection to Government's Failure to secure advanced leave to file as to RODNEY CLASS This document is unavailable as the Court denied its filing. Signed by Chief Judge Richard W. Roberts on 8/1/2014. (dr) (Entered: 08/06/2014) |
| 08/05/2014 | 127 | MOTION to Take Judicial Notice, Rule 201: Grounds for Dismissal: Fraud upon the Court; Willful failure to disclose proper jurisdiction of entities; and 4th, 5th and 14th Amendment due process violations by RODNEY CLASS. "Let this be Filed," Signed by Chief Judge Richard W. Roberts on 8/1/2014. (dr) (Entered: 08/06/2014) |
| 08/05/2014 | 131 | RESPONSE by RODNEY CLASS re 99 MOTION to Reschedule Trial. "Let this be filed" by Chief Judge Richard W. Roberts on 8/1/14. (mlp) (Entered: 08/07/2014) |
| 08/05/2014 | 132 | LEAVE TO FILE DENIED - Cross-Complaint: Constitutional and Statutory Violations, Court Rules Violations, and Breach of Duty by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file as cross-claim, counterclaim, criminal complaint and otherwise, DENIED" signed by Chief Judge Richard W. Roberts on 8/1/14. (mlp) (Entered: 08/07/2014) |
| 08/06/2014 | 128 | For the reasons stated in the accompanying order, defendant's Motion for Dismissal 107 and Motion 127 to Take Judicial Notice, Rule 201: Grounds for Dismissal: Fraud Upon the Court; Willful Failure to Disclose Proper Jurisdiction of Entities; And 4th 5th and 14th Amendment Due Process Violations be, and hereby are, DENIED. Signed by Chief Judge Richard W. Roberts on 8/5/14. (lcrwr3) (Entered: 08/06/2014) |
| 08/08/2014 | 133 | LEAVE TO FILE DENIED - Complaint and Claim, Due Process Violations, Motion: Grounds for Dismissal; Take Judicial Notice: Rule 201; Obstruction of Justice by File Tampering and Docket Tampering, etc. by Court Officers, by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file as a civil complaint in this criminal case or as yet another frivolous motion to dismiss DENIED" Signed by Chief Judge Richard W. Roberts on 8/7/14.(mlp) (Entered: 08/08/2014) |

**J. A. 16**

| | | |
|---|---|---|
| 08/20/2014 | 134 | MOTION to Dismiss Count *II* by USA as to RODNEY CLASS. (Attachments: # 1 Text of Proposed Order)(Pearlman, Jeffrey) (Entered: 08/20/2014) |
| 08/27/2014 | | Rodney Class has filed a motion 108 for permission to subpoena witnesses. However, Class has shown nothing preventing him from adhering to the procedures that a defendant must follow under Federal Rule of Criminal Procedure 17 and Local Criminal Rule 17.1 in order to have witnesses appear for testimony. Absent a showing that he has been precluded from following the procedures set forth in the Federal Rules of Criminal Procedure and the Local Criminal Rules, there appears to be no need for any order granting Class permission to do what our rules allow him to do already, and his motion is moot. Accordingly, it is hereby ORDERED that Class motion 108 to subpoena witnesses be, and hereby is, DENIED. Signed by Chief Judge Richard W. Roberts on 8/27/2014. (lcrwr3) (Entered: 08/27/2014) |
| 08/28/2014 | 135 | LEAVE TO FILE DENIED - Objection to Judge Richard W. Roberts "Leave to File Denied" Order of 6/20/14, Docket No. 120 by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED" Signed by Chief Judge Richard W. Roberts on 8/26/14. (mlp) (Entered: 08/28/2014) |
| 08/29/2014 | 136 | Unopposed MOTION to Continue *Trial* by RODNEY CLASS. (Attachments: # 1 Text of Proposed Order)(Kramer, A.J.) (Entered: 08/29/2014) |
| 09/05/2014 | 137 | ORDER granting Unopposed Motion 136 to Continue Trial. Signed by Chief Judge Richard W. Roberts on 9/5/2014. (lcrwr3) (Entered: 09/05/2014) |
| 09/08/2014 | | Set Hearings as to RODNEY CLASS: Status Conference set for 9/9/2014 at 09:15 AM in Courtroom 9 before Chief Judge Richard W. Roberts. (hs) (Entered: 09/08/2014) |
| 09/09/2014 | | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts: Status Conference as to RODNEY CLASS held on 9/9/2014. Oral Ruling granting 134 Motion to Dismiss count 2 without prejudice. Status Conference set for 9/26/2014 at 12:00 PM in Courtroom 9 before Chief Judge Richard W. Roberts. Bond Status of Defendant: Personal Recognizance; Court Reporter: William Zaremba; Standby Defense Attorney: A.J. Kramer; US Attorney: Jeffrey Pearlman; (hs) (Entered: 09/09/2014) |
| 09/09/2014 | | MINUTE ORDER: Defendant Class filed a motion listed on the docket as motions 105 , 106 and 107 to which the government has not responded. It is hereby ORDERED that the government show cause by September 15, 2014 why the motion should not be deemed conceded. It is further ORDERED that defendant's stand-by counsel confer with defendant Class and Courtroom Deputy Clerk Harold Smith to determine what if any technology might be needed to assure that proceedings in court will accommodate defendant Class's hearing impairment. Signed by Chief Judge Richard W. Roberts on 9/9/2014. (lcrwr3) (Entered: 09/09/2014) |
| 09/09/2014 | | Set Deadlines as to RODNEY CLASS: Government's Show Cause Response due by 9/15/2014. (hs) (Entered: 09/09/2014) |
| 09/09/2014 | | |

**J. A. 17**

| | | |
|---|---|---|
| | | DISMISSAL OF COUNT 2 without prejudice, by Chief Judge Richard W. Roberts, on Oral Motion of the U.S.A. as to RODNEY CLASS. (mlp) (Entered: 09/09/2014) |
| 09/18/2014 | 138 | MOTION for Leave to File *RESPONSE TO DEFENDANTS MOTION IN LIMINE* by USA as to RODNEY CLASS. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit GOVERNMENTS RESPONSE TO DEFENDANTS MOTION IN LIMINE)(Pearlman, Jeffrey) (Entered: 09/18/2014) |
| 09/22/2014 | 139 | ORDER scheduling trial for October 27, 2014 at 9:30 a.m. Signed by Chief Judge Richard W. Roberts on 9/22/14. (lcrwr3) (Entered: 09/22/2014) |
| 09/23/2014 | | Set Hearings as to RODNEY CLASS: Jury Trial set for 10/27/2014 at 09:30 AM in Courtroom 9 before Chief Judge Richard W. Roberts. (hs) (Entered: 09/23/2014) |
| 09/23/2014 | 140 | ORDER prohibiting further pretrial filings submitted by the defendant pro se. Signed by Chief Judge Richard W. Roberts on 9/23/2014. (lcrwr3) (Entered: 09/23/2014) |
| 09/23/2014 | 141 | MOTION to Dismiss Count 2 by RODNEY CLASS. "Let This Be Filed" by Chief Judge Richard W. Roberts on 9/22/2014. (hsj, ) (Entered: 09/24/2014) |
| 09/26/2014 | | MINUTE ORDER: It is hereby ORDERED that defendant Rodney Class' Motion 141 to Dismiss Count 2 of the indictment be, and hereby is, denied as moot. Signed by Chief Judge Richard W. Roberts on 9/26/2014. (lcrwr3) (Entered: 09/26/2014) |
| 09/30/2014 | 142 | Memorandum in Opposition by RODNEY CLASS re 138 MOTION for Leave to File *RESPONSE TO DEFENDANTS MOTION IN LIMINE. "Let this be filed, 9/26/14," by Chief Judge Richard W. Roberts. (mlp) (Entered: 09/30/2014)* |
| 09/30/2014 | 143 | ORDER; granting 138 Government's Motion for Leave to Late File as to RODNEY CLASS, Signed by Chief Judge Richard W. Roberts on 9/26/2014. (hs) (Entered: 09/30/2014) |
| 09/30/2014 | 144 | RESPONSE by USA as to RODNEY CLASS re 105 MOTION in Limine. (mlp) (Entered: 10/01/2014) |
| 10/07/2014 | 145 | ENTERED IN ERROR.....Proposed Jury Instructions by USA as to RODNEY CLASS (Pearlman, Jeffrey) Modified on 10/8/2014 (znmw, ). (Entered: 10/07/2014) |
| 10/08/2014 | | NOTICE OF ERROR re 145 Proposed Jury Instructions ; emailed to jeffrey.pearlman@usdoj.gov, cc'd 4 associated attorneys -- The PDF file you docketed contained errors: 1. Incorrect event used, 2. Please refile document, 3. Entered in error; Refile as a MOTION for Miscellaneous Relief. (znmw, ) (Entered: 10/08/2014) |
| 10/08/2014 | 146 | MOTION *for Jury Instruction on Intent* by USA as to RODNEY CLASS. (Pearlman, Jeffrey) Modified on 10/9/2014 (znmw, ). (Entered: 10/08/2014) |
| 10/15/2014 | | On September 17, 2014, defendant Rodney Class called his Probation Officer in North Carolina to inform him that Class was no longer working due to |

medical problems. Class also requested that his monthly GPS bill be reduced from $100.00 per month to $50.00 per month. Following the conversation, the Probation Office reduced Class' GPS bill to $50.00 per month. Pretrial Services now seeks a court order to effectuate the GPS bill reduction made by the Probation Office in North Carolina. In light of Pretrial Services' Request to modify Class' conditions to allow Class to pay the reduced amount of $50.00 per month for his GPS location monitoring device, it is hereby ORDERED that Class' GPS location monitoring device bill be, and hereby is, reduced to $50.00 per month. Signed by Chief Judge Richard W. Roberts on 10/14/2014. (lcrwr3) (Entered: 10/15/2014)

| | | |
|---|---|---|
| 10/15/2014 | 147 | LEAVE TO FILE DENIED - "JUDICIAL NOTICE, FREv, Rule 201, Fraud by the Court; FRCP, Rule 60, Void Order; PAPER REDUCTION ACT, Public Law 104-13 RE: Reinstatement of ALL Defendant's Filings; FRCrP, Rule 12; FRCrP, Rule 48(a); REQUEST FOR LEAVE OF COURT," by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 10/14/14. (mlp) (Entered: 10/16/2014) |
| 10/15/2014 | 148 | LEAVE TO FILE DENIED - "MOTION FOR DECLARATORY JUDGMENT UNDER STATUTES; CONSTITUTIONAL ISSUES AND QUESTIONS," by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 10/14/14. (mlp) (Entered: 10/16/2014) |
| 10/15/2014 | 149 | LEAVE TO FILE DENIED - "MOTION FOR SUMMARY JUDGMENT; RULE 56, FAILURE TO RESPOND DEEMED AS CONCESSION; OBJECTION TO PROSECUTIONS'S LATE FILING AS BEING OVER THE LEGAL, ALLOWABLE TIME LIMIT," by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 10/14/14. (mlp) (Entered: 10/16/2014) |
| 10/15/2014 | 150 | LEAVE TO FILE DENIED - "Motion for Notice of OBSTRUCTION OF JUSTICE, (E) knowingly using a trick, scheme, or device with intent to mislead," by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 10/14/14. (zmlp) (Entered: 10/16/2014) |
| 10/15/2014 | 151 | LEAVE TO FILE DENIED - "(1) Private letter to Richard W. Robers, in chambers-restricted delivery. (2) Amicus Curiae Notice for the record pretrial statement to abate martial process. (3) Amicus Curiae Affidavit for the record. Notice of private citizenship status to the moving party, demand for show cause from the moving party. (4) Memorandum of Law in support of Amicus Curiae affidavit for the record and certificate of service to the moving parties' et al. (5) Recorded Affidavit of status exhibit I." by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 110/14/14. (mlp) (Entered: 10/16/2014) |
| 10/15/2014 | 152 | LEAVE TO FILE DENIED - "Request for entry of appearance; Third Party Intervenor, Joseph Barton, as a living man with a soul in Case #:13cr00253" by RODNEY CLASS. This document is unavailable as the Court denied its |

**J. A. 19**



filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 10/14/14. (mlp) (Entered: 10/16/2014)

| | | |
|---|---|---|
| 10/15/2014 | 153 | LEAVE TO FILE DENIED - "Federal Criminal Rule Procedures, Rule 48, Leave of Court; Federal Rules Criminal Procedures, Rule 12, Pretrial Motions; Federal Rules Criminal Procedures, Rule 47, Affidavits" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 10/14/14. (mlp) (Entered: 10/16/2014) |
| 10/15/2014 | 154 | REQUEST for all court transcripts re: Case #1:13cr00253, filing in forma pauperis by RODNEY CLASS. "Let this be filed, 10/14/14" signed by Chief Judge Richard W. Roberts. (mlp) (Entered: 10/16/2014) |
| 10/20/2014 | 155 | ENTERED IN ERROR.....MOTION *for Jury Instruction on Capitol Grounds* by USA as to RODNEY CLASS. (Attachments: # 1 Map)(Pearlman, Jeffrey) Modified on 10/21/2014 (mlp) (Entered: 10/20/2014) |
| 10/21/2014 | | NOTICE OF ERROR re 155 Motion for Miscellaneous Relief; emailed to jeffrey.pearlman@usdoj.gov, cc'd 4 associated attorneys -- The PDF file you docketed contained errors: 1. Incorrect header/caption/case number, 2. Please refile document, 3. Correct case number needed as well as a proposed order. (zmlp, ) (Entered: 10/21/2014) |
| 10/21/2014 | 156 | MOTION *FOR JURY INSTRUCTION ON CAPITOL GROUNDS* by USA as to RODNEY CLASS. (Attachments: # 1 Capitol Grounds Map, # 2 Text of Proposed Order)(Pearlman, Jeffrey) (Entered: 10/21/2014) |
| 10/22/2014 | | MINUTE ORDER: Pro se defendant Rodney Class is hereby ORDERED to be prepared on Monday morning, October 27, 2014, to represent on the record whether he has considered and discussed with stand-by counsel whether to challenge the indictment for failure to make clear the charge against which he must defend on the ground that two different elements of the offense are charged in the indictment in the disjunctive. See, e.g., United States v. Joseph, 169 F.3d 9, 13 (D.C. Cir. 1999) (citation omitted) ("Frequently a statute will specify various ways in which a particular crime may be committed. It is enough to allege one of these ways without negativing the others. Or the pleading may allege commission of the offense by all the acts mentioned if it uses the conjunctive 'and' where the statute uses the disjunctive 'or.' But if the indictment or information alleges the several acts in the disjunctive it fails to inform the defendant which of the acts he is charged with having committed, and it is insufficient." (quoting 1 Charles A. Wright, Federal Practice and Procedure § 125, at 563-65 (3d. ed. 1999)); United States v. Lemire, 720 F.2d 1327, 1345 (D.C. Cir. 1983) ("The correct method of pleading alternative means of committing a single crime is to allege the means in the conjunctive."). The Clerk is directed to mail a copy of this minute order to Class at his address of residence. An electronic copy of this minute order shall be sent to Class' personal email address. Signed by Chief Judge Richard W. Roberts on 10/22/2014. (lcrwr3) (Entered: 10/22/2014) |
| 10/23/2014 | | MINUTE ORDER: Defendant Rodney Class has filed a motion 154 requesting "all court transcripts" with fees waived and "forthwith" delivery. He has neither |

**J. A. 20**

identified the proceedings he wants transcribed nor justified why expedited copy is warranted. Accordingly, it is hereby ORDERED that the motion be, and hereby is, DENIED without prejudice. Signed by Chief Judge Richard W. Roberts on 10/23/2014. (lcrwr3) (Entered: 10/23/2014)

| | | |
|---|---|---|
| 10/23/2014 | 157 | SUPERSEDING INDICTMENT as to RODNEY CLASS (1) count 1s. (mlp) (Entered: 10/24/2014) |
| 10/27/2014 | | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts: Status Conference as to RODNEY CLASS held on 10/27/2014. Defendant failed to appear for a scheduled Motion Hearing. Oral rulings from the bench: Defendant's Motions 20 35 91 95 96 104 130 denied. Bench Warrant issued. Bond Status of Defendant: Fugitive; Court Reporter: William Zaremba; Defense Attorney: PRO SE/A.J. Kramer-Standby Counsel; US Attorney: Jeffrey Pearlman; (hs) Modified on 10/28/2014 (hs). Modified on 10/28/2014 (hs). (Entered: 10/27/2014) |
| 10/28/2014 | 158 | LEAVE TO FILE DENIED - "NOTICE OF APPOINTMENT, RE: CERTIFICATE OF APPOINTMENT OF JEFFREY PEARLMAN, RE: CERTIFICATE OF APPOINTMENT OF A. J. KRAMER" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED." Signed by Chief Judge Richard W. Roberts on 10/27/14. (mlp) (Entered: 10/28/2014) |
| 10/29/2014 | 159 | ORDER; directing FORTHWITH transport to this jurisdiction as to RODNEY CLASS, Signed by Chief Judge Richard W. Roberts on 10/29/2014. (hs) (Entered: 10/29/2014) |
| 10/29/2014 | | Arrest of RODNEY CLASS in Middle District of North Carolina at Greensboro. (mlp) (Entered: 11/05/2014) |
| 11/02/2014 | 168 | PROFFER OF EVIDENCE by USA as to RODNEY CLASS (hs) (Entered: 11/24/2014) |
| 11/03/2014 | | Set Hearings as to RODNEY CLASS:Status Conference set for 11/4/2014 at 02:30 PM in Courtroom 9 before Chief Judge Richard W. Roberts. (hs) (Entered: 11/03/2014) |
| 11/03/2014 | 161 | Rule 5(c)(3) Documents Received as to RODNEY CLASS from U.S. District Court for the Middle District of North Carolina at Greensboro. Their Case Number: 1:14MJ211. (mlp) (Entered: 11/05/2014) |
| 11/03/2014 | 162 | CJA 23 Financial Affidavit as to RODNEY CLASS, filed in U.S. District Court for the Middle District of North Carolina. This document is unavailable due to E-Government Act. (mlp) (Entered: 11/05/2014) |
| 11/04/2014 | | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts: Arraignment as to RODNEY CLASS held on 11/4/2014. Not Guilty Plea entered as to Count 1s. Speedy Trial Time Excluded 11/4/14 - 11/6/14(XT). Status Conference set for 11/6/2014 at 10:30 AM in Courtroom 9 before Chief Judge Richard W. Roberts. Bond Status of Defendant: Committed/Commitment issued; Court Reporter: William Zaremba; Defense |

**J. A. 21**

Attorney: PRO SE/A.J. Kramer Standby Counsel; US Attorney: Jeffrey Pearlman; (hs) (Entered: 11/04/2014)

| | | |
|---|---|---|
| 11/04/2014 | 160 | Arrest Warrant Returned Executed on 11/4/2014, as to RODNEY CLASS. (hs) (Main Document 160 replaced on 11/5/2014) (zhs, ). (Entered: 11/04/2014) |
| 11/05/2014 | 163 | LEAVE TO FILE DENIED - "Notice of General Appearance by the Defendant to the Court" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 10/29/14. (Copy of front page of document mailed to the defendant this date.) (mlp) (Entered: 11/05/2014) |
| 11/05/2014 | 164 | LEAVE TO FILE DENIED - "Private Citizen of the United States of America Without the Jurisdiction of "United States," Within a Non-Military Occupied Private Estate Third Party Intervener Real Party in Interest Special Equitable Cause Special and Private, Restricted and Confidential Propriety and Priviledged Special Term," etc., by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 10/31/14. (Copy of front page of document mailed to the defendant this date.) (mlp) (Entered: 11/05/2014) |
| 11/06/2014 | | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts: Status Conference as to RODNEY CLASS held on 11/6/2014. Joint Oral request for a continuance to discuss a plea agreement; granted. Speedy Trial Time Excluded 11/6/2014 - 11/10/2014 (XT). Status Conference set for 11/10/2014 at 11:30 AM in Courtroom 9 before Chief Judge Richard W. Roberts. Bond Status of Defendant: Committed/Commitment issued; Court Reporter: William Zaremba; Defense Attorney: PRO SE/A.J. Kramer Standby Counsel; US Attorney: Jeffrey Pearlman; Pretrial Officer: Vaughn Wilson; (hs) (Entered: 11/06/2014) |
| 11/10/2014 | | Minute Entry for proceedings held before Chief Judge Richard W. Roberts:Status Conference as to RODNEY CLASS held on 11/10/2014. Court finds in the interest of justice to Toll Speedy Trial in the interest of justice from 11/10/2014 to 11/20/2014. Plea Agreement Hearing set for 11/20/2014 at 10:30 AM in Courtroom 9 before Chief Judge Richard W. Roberts. Bond Status of Defendant: Defendant Committed; Commitment Issued; Court Reporter: Crystal Pilgrim Defense Attorney: PRO SE/A.J. Kramer Standby Counsel; US Attorney: Jeffrey Pearlman; (tcr) (Entered: 11/10/2014) |
| 11/10/2014 | 165 | Bench Warrant Returned Executed on 10/29/14 in Winston-Salem, N.C. as to RODNEY CLASS. (Warrant issued on 10/27/14.) (mlp) (Entered: 11/13/2014) |
| 11/17/2014 | 166 | LEAVE TO FILE DENIED - Petition for Writ of Habeas Corpus submitted by Dwight Class, non-party, as to RODNEY CLASS. "Leave for non-party to file petition DENIED," signed by Chief Judge Richard W. Roberts on 11/13/14. This document is unavailable as the Court denied its filing. (A copy of the front page of the document mailed to RODNEY CLASS and Dwight Class.)(mlp) (Entered: 11/17/2014) |
| 11/20/2014 | | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts:Status Conference as to RODNEY CLASS held on 11/20/2014. Plea |

**J. A. 22**

Agreement Hearing set for 11/21/2014 at 02:00 PM in Courtroom 9 before Chief Judge Richard W. Roberts. Bond Status of Defendant: Committed/Commitment issued; Court Reporter: William Zaremba; Defense Attorney: Pro Se/A.J. Kramer standby counsel; US Attorney: Jeffrey Pearlman; (hs) (Entered: 11/20/2014)

| | | |
|---|---|---|
| 11/20/2014 | 171 | LEAVE TO FILE DENIED-LETTER as to RODNEY CLASS. This document is unavailable as the Court denied its filing. Signed by Chief Judge Richard W. Roberts on 11/20/2014. (hsj, ) (Entered: 11/26/2014) |
| 11/21/2014 | | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts: Plea Agreement Hearing as to RODNEY CLASS held on 11/21/2014. REFERRAL TO PROBATION OFFICE for Presentence investigation as to RODNEY CLASS. Sentencing Memoranda/Motions due by 1/30/2015. Sentencing set for 2/9/2015 at 10:00 AM in Courtroom 9 before Chief Judge Richard W. Roberts. Bond Status of Defendant: Personal Recognizance with Electronic Monitoring; Court Reporter: William Zaremba; Defense Attorney: PRO SE/A.J. Kramer; US Attorney: Jeffrey Pearlman; Pretrial Officer: Vaugh Wilson; (hs) Modified on 11/24/2014 (hs). (Entered: 11/24/2014) |
| 11/21/2014 | | CORRECTED***Minute Entry for proceedings held before Chief Judge Richard W. Roberts: Plea Agreement Hearing as to RODNEY CLASS held on 11/21/2014, Guilty Plea entered as to Count 1s., REFERRAL TO PROBATION OFFICE for Presentence investigation. Sentencing Memoranda/Motions due by 1/30/2015. Release Order issued. Sentencing set for 2/9/2015 at 10:00 AM in Courtroom 9 before Chief Judge Richard W. Roberts. Bond Status of Defendant: Personal Recognizance with Electronic Monitoring; Court Reporter: William Zaremba Defense Attorney: PRO Se/A.J. Kramer standby counsel; US Attorney: Jeffrey Pearlman; Pretrial Officer: Vaughn Wilson; (hs) (Entered: 11/24/2014) |
| 11/21/2014 | 167 | WAIVER of Right to Trial by Jury as to RODNEY CLASS, Approved by Chief Judge Richard W. Roberts on 11/21/2014. (hs) (Entered: 11/24/2014) |
| 11/21/2014 | 169 | PLEA AGREEMENT as to RODNEY CLASS (hs) (Entered: 11/24/2014) |
| 11/21/2014 | 170 | ORDER; Setting Conditions of Release as to RODNEY CLASS: Personal Recognizance/Electronic Monitoring, Signed by Chief Judge Richard W. Roberts on 11/21/2014. (hs) (Entered: 11/24/2014) |
| 12/04/2014 | 172 | LEAVE TO FILE DENIED - Petition for Writ of Habeas Corpus submitted by defendant's wife, Sharon Class, as to RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 11/28/14. (A copy of the front page of the document was mailed to the defendant and to Sharon Class this date.) (mlp) (Entered: 12/04/2014) |
| 01/27/2015 | 174 | SENTENCING MEMORANDUM by RODNEY CLASS (Kramer, A.J.) (Entered: 01/27/2015) |
| 01/28/2015 | 175 | ORDER; Denying 176 Defendant's Motion for Discharge & Termination, Signed by Chief Judge Richard W. Roberts on 1/26/15. (lcrwr3) A copy of this |

|            |     | order was mailed to defendant's address on record. Modified on 1/29/2015 (hs) (Entered: 01/28/2015) |
|------------|-----|---|
| 01/28/2015 | 176 | MOTION for Discharge and Termination by RODNEY CLASS. "Let this be filed as Defendant's Motion for Discharge and Termination," signed by Chief Judge Richard W. Roberts on 1/26/15. (mlp) (Entered: 01/28/2015) |
| 01/28/2015 | 177 | LEAVE TO FILE DENIED - Class Family Statement for Deed of Acceptance by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file in 13CR253(RWR) DENIED," signed by Chief Judge Richard W. Roberts on 1/26/15. (Copy of front page of document mailed to the defendant at the address of record on 1/29/15.) (mlp) Modified on 1/29/2015 (mlp) (Entered: 01/29/2015) |
| 01/28/2015 | 178 | LEAVE TO FILE DENIED - Notice of Special Appearance as Inter Vivos Third Party Impleader by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to filed DENIED," signed by Chief Judge Richard W. Roberts on 1/26/15. (A copy of the front page of the document was mailed to the defendant at the address of record on 1/29/15.) (mlp) (Entered: 01/29/2015) |
| 01/28/2015 |     | LEAVE TO FILE DENIED - Notice of General Appearance by the Defendant to the Court by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 1/26/15. (A copy of the front page of the document was mailed to the defendant at the address of record on 1/29/15.) (mlp) Modified on 1/29/2015 (mlp) (Entered: 01/29/2015) |
| 01/30/2015 | 179 | SENTENCING MEMORANDUM by USA as to RODNEY CLASS (Pearlman, Jeffrey) (Entered: 01/30/2015) |
| 02/02/2015 | 181 | Recommendation of PSI Report as to RODNEY CLASS. Not for public disclosure per Judicial Conference Policy.(Stevens-Panzer, Deborah) (Entered: 02/02/2015) |
| 02/04/2015 | 182 | LEAVE TO FILE DENIED - "Certificate bill in equity and notice for equitable relief for class, rodney dale real party of interest" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 1/30/15. (Copy of front page of document mailed, on 2/6/15, to the defendant at the address of record.) (mlp) (Entered: 02/06/2015) |
| 02/04/2015 | 183 | LEAVE TO FILE DENIED - "Certificate bill in equity and notice for equitable relief for class, rodney dale real party of interest" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 2/2/15. (Copy of the front page of the document mailed, on 2/6/15, to the defendant at the address of record.) (mlp) (Entered: 02/06/2015) |
| 02/09/2015 |     | Minute Entry; for proceedings held before Chief Judge Richard W. Roberts: Sentencing held on 2/9/2015 as to RODNEY CLASS. Count 1s: Defendant sentenced to Time Served of (24) Days incarceration, followed by a Supervised Release Period of Twelve (12) Months, a Special Assessment of $100.00 and a |

J. A. 24

|            |     | fine of $250.00 imposed. Bond Status of Defendant: Supervised Release; Court Reporter: William Zaremba Defense Attorney: PRO SE, A J Kramer-standby counsel; US Attorney: Jeffrey Pearlman; Prob Officer: Kathie McGill; (hs) Modified on 2/10/2015 (hs). (Entered: 02/09/2015) |
|------------|-----|---|
| 02/12/2015 | 187 | LEAVE TO FILE DENIED - "Objection to Jan. 26, 2015 Order" by RODNEY CLASS. This document is unavailable as the Court denied its filing. "Leave to file DENIED," signed by Chief Judge Richard W. Roberts on 2/9/15. (Copy of front page of this document mailed to the defendant on 2/12/15 to the address on record.) (mlp) (Entered: 02/12/2015) |
| 02/13/2015 | 188 | NOTICE OF APPEAL by RODNEY CLASS re Sentence imposed on 2/9/15 and docketed 2/9/15. "Let this be filed as a Notice of Appeal," signed by Chief Judge Richard W. Roberts on 2/11/15. Fee Status: No Fee Paid. (Pro Se Defendant with Stand-By Counsel, Federal Public Defender A.J. Kramer.) Parties have been notified. (mlp) (Entered: 02/13/2015) |
| 02/13/2015 | 189 | Transmission of the 188 Notice of Appeal, Sentencing Minute Entry Appealed, and Docket Sheet to US Court of Appeals as to RODNEY CLASS. The Fee remains to be paid and another notice will be transmitted when the motion to proceed In Forma Pauperis has been filed. In Forma Pauperis Application mailed to the defendant this date at his address of record. (mlp) (Entered: 02/13/2015) |
| 02/23/2015 |     | USCA Case Number as to RODNEY CLASS: 15-3015, for 188 Notice of Appeal - Final Judgment, filed by RODNEY CLASS. (mlp) (Entered: 02/23/2015) |
| 03/04/2015 | 190 | JUDGMENT as to RODNEY CLASS. Statement of Reasons Not Included. Signed by Chief Judge Richard W. Roberts on 3/3/15. (mlp) (Entered: 03/09/2015) |
| 03/04/2015 | 191 | STATEMENT OF REASONS as to RODNEY CLASS. re 190 Judgment. Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court. Signed by Chief Judge Richard W. Roberts on 3/3/15. (mlp) (Entered: 03/09/2015) |
| 03/09/2015 | 192 | Transmitted Supplemental Record on Appeal, consisting of a copy of the Judgment and Commitment and Docket Sheet, to USCA as to RODNEY CLASS re 190 Judgment. USCA Case Number 15-3015. (mlp) (Entered: 03/09/2015) |
| 11/03/2015 | 193 | TRANSCRIPT OF MOTION HEARING PROCEEDINGS in case as to RODNEY CLASS before Chief Judge Richard W. Roberts held on October 27, 2014; Page Numbers: 1-30. Date of Issuance: November 3, 2015. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form.<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 11/24/2015. Redacted Transcript Deadline set for 12/4/2015. Release of Transcript Restriction set for 2/1/2016.(wz) (Entered: 11/03/2015)

11/03/2015    194    TRANSCRIPT OF PLEA HEARING PROCEEDINGS in case as to RODNEY CLASS before Chief Judge Richard W. Roberts held on November 21, 2014; Page Numbers: 1-47. Date of Issuance: November 3, 2015. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form.

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 11/24/2015. Redacted Transcript Deadline set for 12/4/2015. Release of Transcript Restriction set for 2/1/2016.(wz) (Entered: 11/03/2015)

11/03/2015    195    TRANSCRIPT OF SENTENCING HEARING PROCEEDINGS in case as to RODNEY CLASS before Chief Judge Richard W. Roberts held on February 9, 2015; Page Numbers: 1-26. Date of Issuance: November 3, 2015. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form.

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction

J. A. 26

after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 11/24/2015. Redacted Transcript Deadline set for 12/4/2015. Release of Transcript Restriction set for 2/1/2016.(wz) (Entered: 11/03/2015)

11/09/2015    196    TRANSCRIPT OF STATUS HEARING PROCEEDINGS in case as to RODNEY CLASS before Chief Judge Richard W. Roberts held on September 9, 2014; Page Numbers: 1-15. Date of Issuance: November 9, 2015. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form.

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 11/30/2015. Redacted Transcript Deadline set for 12/10/2015. Release of Transcript Restriction set for 2/7/2016.(wz) (Entered: 11/09/2015)

## PACER Service Center

### Transaction Receipt

#### 11/12/2015 10:44:59

| PACER Login: | jb0038:2567233:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:13-cr-00253-RWR |
| Billable Pages: | 19 | Cost: | 1.90 |

J. A. 27

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 7, 2012

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **GRAND JURY ORIGINAL** |
| | : | |
| **RODNEY CLASS,** | : | **VIOLATIONS:** |
| | : | **40 U.S.C. § 5104(e)(1)** |
| **Defendant.** | : | **(Unlawful Possession of a Firearm on** |
| | : | **Capitol Grounds or Buildings)** |
| | : | **22 D.C. Code § 4504(a) (2001 ed.)** |
| | : | **(Carrying a Pistol (Outside Home or** |
| | : | **Place of Business))** |

### I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about May 30, 2013, within the District of Columbia, **RODNEY CLASS**, did carry on or have readily accessible, firearms, that is, a Taurus .44 caliber pistol, a Ruger LC9 9mm pistol, and a Henry Arms .44 caliber rifle, on the United States Capitol Grounds or in any of the Capitol Buildings.

(**Unlawful Possession of a Firearm on Capitol Grounds or Buildings**, in violation of Title 40, United States Code, Section 5104(e)(1))

## COUNT TWO

On or about May 30, 2013, within the District of Columbia, **RODNEY CLASS**, did

carry, openly and concealed on or about his person, in a place other than his dwelling place,

place of business or on other land possessed by him, a pistol.

　　　(**Carrying a Pistol (Outside Home or Place of Business)**), in violation of, 22 D.C.
　　　Code, Section 4504(a) (2001 ed.))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.

2

**J. A. 29**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001


UNITED STATES OF AMERICA          **Case No. 1:13 cr 00253**
**ENTITY UNDISCLOSED**
**NO KNOWN ADDRESS**

**FILED**

FEB 1 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

      Wrongdoers
      Fictitious-Foreign Plaintiff

          Title 28 Chapter 5 District Court§ 88 District of Columbia
Vs            Constitutional Article III Court
          Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

        Property and Ward of the government


rodney-dale; class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
American National
Third party of interest

        Injured party,
        A flesh and blood man with a soul


**COVER SHEET FOR ADDRESSES OF PARTIES**



RECEIVED
Mail Room

FEB 1 8 20

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Page **1** of **10**


**J. A. 30**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001


UNITED STATES OF AMERICA                          **Case No. 1:13 cr 00253**
**ENTITY UNDISCLOSED**
**NO KNOWN ADDRESS**

                          Wrongdoers
                          Fictitious-Foreign Plaintiff

                          Title 28 Chapter 5 District Court§ 88 District of Columbia
        Vs                          Constitutional Article III Court Of Record
                          Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

              Property and Ward of the Government

rodney-dale; class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
American National
Third party of interest

              Injured party,
              A flesh and blood man with a soul

                          **Requirement for Judicial Notice:**
                          **Motion and Requirement to Quash Plaintiff's**
                          **Latest Response and a Requirement to Dismiss**
                          **All Charges for Lack of Direct Rebuttal of Court**
                          **Ordered Subject Matter, Lack of Standing,**
                          **Frivolous Filings, and Failure to Produce a**
                          ***Corpus Delicti***


                          Page **2** of **10**


**J. A. 31**

11. Whereas, the Prosecutor either knowingly, or because of incompetency, has failed to understand that a chronological commentary of a timeline does not address the naming of a *Corpus Delicti*, nor does it address the congressional legislative definitions of words which the flesh and blood soul of rodney-dale; class asked for in an *in camera* hearing.

## FLESH AND BLOOD SOUL VERSUS *PRO SE* STATUS

12. Whereas, the Prosecutor having a law degree is aware that the all capital name being charged in a courtroom is registered to one of the 50 "States" as a trust, an estate, a joint stock share company as a "Ward" to the State under federal grants from the federal government.

13. Whereas, the Prosecutor has a law degree and knows that a flesh and blood soul cannot represent that registered capital name which belongs to one of the 50 states in any courtroom as the State, or whoever represents the State or government holds a position as administrator, trustee, and/or beneficiary to that trust, estate or joint stock share company.

14. And, that, therefore a flesh and blood soul can only represent the flesh and blood soul and cannot represent the all capital name as it is registered to a State as a *pro se* counsel.

15. Whereas, the State, being an indispensable party to the all capital name, now encumbers the Prosecutor to hold a dual position as Plaintiff AND Defendant in this action.

16. Whereas a flesh and blood soul is now required to come in as a third-party of interest and as an injured party because the prosecutor cannot produce a *Corpus Delicti* under that all capital name which forces the flesh and blood soul to intervene as an injured party.

## MALICIOUS PROSECUTION

The 2nd Amendment to our Constitution states that *"the Right of the People to keep and bear Arms, shall not be infringed."* The Supreme Court's ***Miranda v Arizona*** decision

Page **6** of **10**

states: *"Where rights (liberty) secured by the Constitution are involved, there can be no legislation which would abrogate (abolish) them."*

"Since our Constitution says "the Right of the People...shall not be infringed," and the Supreme Court said clearly, pertaining to Constitutional Rights, "there can be no legislation which would abrogate (abolish) them;" the Supreme Court's decisions/determinations cannot be altered except by "constitutional amendment or by a new ruling of the Court," the states of the Union, their communities, cities, towns, and in fact our Congress should refrain from making new laws, restrictions or taxes on something that's a constitutional right. This should be simple enough, even for politicians."

17. Whereas, the prosecutor, holding a law degree, cannot play ignorant or incompetent as a defense when it comes to perpetrating malicious prosecution.

18. Whereas, the prosecutor, holding such a law degree, cannot intentionally violate the "clean hands doctrine," "fruit of the poisonous tree," Miranda warnings and still fail to produce a *Corpus Delicti* as to who was injured and the extent of that injury.

19. Whereas, the prosecutor, acting as United States attorney, is aware that a mere violation of city ordinances or federal statutes does not give the Court jurisdiction if they cannot produce an injured party as a result of such violations.

20. Whereas, the prosecutor, holding such a law degree, is aware that the District of Columbia is a corporation by congressional legislation by the Act of 1871, and the United States/United States of America is listed as a "Corporation" in Delaware by the Secretary of State and in International Law the United States/United States of America is recognized as a Corporation.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001

**FILED**

FEB 2 1 2014

**Clerk, U.S. District & Bankruptcy**
**Courts for the District of Columbia**

UNITED STATES OF AMERICA                    CASE # 1:13 cr 00253
Wrongdoer
    Fictitious-Foreign Plaintiff

         Title 28 Chapter 5 District Court§ 88 District of Columbia
  Vs        Constitutional Article III Court
           Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name WARD ,TRUST , ESTATE, JOINT STOCK SHARE
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

Rodney-Dale; Class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
America National
Third party of interest

   By Congressional Act Private Attorney General
   Constitutional Bounty Hunter

<u>**COVER SHEET FOR ADDRESSES OF PARTIES**</u>



RECEIVED
Mail Room

fₑ 2 ! 04

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Page **1** of **43**

**J. A. 34**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001


UNITED STATES OF AMERICA                    CASE # 1:13 cr 00253
Wrongdoer
               Fictitious-Foreign Plaintiff

                                   Title 28 Chapter 5 District Court § 88 District of Columbia
        Vs                                    Constitutional Article III Court
                                         Judge Gladys Kessler


RODNEY DALE CLASS (Government
Registered Trade Name WARD ,TRUST , ESTATE, JOINT STOCK SHARE
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

Rodney-Dale; Class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
America National
Third party of interest      Flesh and Blood man with a Soul

        By Congressional Act Private Attorney General
         Constitutional Bounty Hunter

                         TAKE JUDICIAL NOTICE

                REQUIREMENT FOR AN ARTICLE III HEARING

            FOR AN FORMAL COMPLAINT OF *ULTRA VIRES* MISS BEHAVIOR

            WITH ATTACHMENTS

37. Under the powers of the United States Attorney Andrew David Finkelman and or Peter

Lallas, under the office of United States Attorney General, is in violation of his constitutional

oath to faithfully execute the office of United States Attorney of the United States and, to the best

of his ability, preserve protect, and defend the Constitution of the United States, and in disregard

of his constitutional duties to take care that the laws be faithfully executed. Finkelman has

repeatedly engaged in conduct violating the constitutional rights of the citizens of the United

States and of the District of Columbia and impairing the due process and proper administration

of justice and conduct of unlawful Acts or contravening the laws governing agencies of the

executive branch and the purpose of these agencies.

38. As United States Attorney Andrew David Finkelman and or Peter Lallas, under the office of

United States Attorney General and his conduct the office United States Attorney of the United

States, has abused his powers by violating the constitutional rights of citizens impairing the due

process and proper administration of justice in conduct of attempting to enforce unlawful Acts or

contravening the laws governing the protected rights under the Constitution and the Bill of

Rights to uphold and defend the 2nd Amendment and the 4th Amendment under the Bill of

Rights.

39. United States Attorney Andrew David Finkelman and or Peter Lallas, under the office of

United States Attorney, did swear two separate oaths to uphold and defend the Constitution and

being unmindful of the laws, is aware that any codes created by the Public Officials of the

District of Columbia that comes in conflict with the protected rights of the people has engage in

conduct violating the Constitutional Rights of the citizens of the United States and of the people

of the District of Columbia by impairing the due process and proper administration of justice and

**To:** UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001

**FORMAL COMPLAINT
NOTICE OF FELONY**

Now, Comes, a real man of flesh and blood, I <u>Rodney-Dale; Class Private Attorney General</u>,
**FORMAL COMPLAINANT NOTICE OF FELONY,** acting in the name of We the People
and pursuant to Article VI clause 2 of the Constitution of the United States of America, the
Supremacy clause and the **<u>Civil Rights Attorney's Fees Award Act of 1976,</u>** Title 42. U.S.C.
**§ 1988 &  1983 Civil Rights**

## <u>CHARGES</u>

1   Violation of the original intent of the 14th Amendment, section three 'persons' within the
    14th Amendment. The original intent of the Federal Bill of Rights in qualifying for federal
    grants and loans.

2   Violation of the Civil Rights Act of 1964, Title VI section 601-Non-discrimination of
    federally assisted programs under the Appalachian Regional Commission, The Highway
    Safety Act of 1966, The National Drivers Act of 1982 for states compact as determined in
    opinion by the United States Supreme Court:

**The United States Supreme Court (359 U.S. 275 at 285)**
**Interstate Compacts**
Article I, section 10 of the United States Constitution grants states the authority to enter into an
"agreement or compact with another state" with the consent of Congress. The constitution
contains no restrictions on the subject matter of a compact and is silent about the process by
which states may enter into compacts, with the exception of the required consent of Congress.
**The United States Supreme Court (359 U.S. 275 at 285) opined in 1959 that an interstate**
**compact is a "contract" protected by the Constitution's contract clause forbidding a state**
**legislature to enact a "law impairing the obligation of contracts."**

## <u>COUNT I</u>

**J. A. 37**

Case 1:13-cr-00253-RWR   Document 22-1   Filed 02/21/14   Page 22 of 25

**Affidavit of Declaration of Complaint**

  I, Rodney-Dale; Class, being  BY Congressional Enactment AS a Private Attorney

General And BY Congressional Enactment as a Constitutional Bounty Hunter and being a real

man of flesh and blood being of age, over 21, and with the best of my knowledge and my

understanding do here declare that the foregoing statements are the truth.

  On or about May 30th 2013, I, Rodney-Dale; Class, having firsthand knowledge and

witnessed acts of advocating the overthrow of the United States Constitution and of the Laws of

the United States in Washington, D.C. by those employed under the United States government in

Washington, D.C., hired to protect and serve and to defend and uphold the Constitution, did

witness actions by the Capitol Hill Police acting in a manner with total disregard and with willful

intent and with malice did act in a manner of overthrowing the Constitution of the United States

and the protected rights of one of the People and did so "under color of law."

  I, Rodney-Dale; Class, having firsthand knowledge and did witness on or about June 3,

2013 that the District of Columbia codes handed to me by court officers do advocate the

overthrow of protected rights under the Constitution and that such codes were created by those

public officials in charge of the District of Columbia and did with full knowledge of law,

knowing that they did take an oath to the Constitution, did advocate codes that are in conflict and

did advocate to overthrow the protected rights of the citizens of the District of Columbia as well

as one of the People that travels to Washington, D.C.

  I, Rodney-Dale; Class, having firsthand knowledge on or about October 8, 2013 did

witness United States Attorney Andrew David Finkelman, holding public office and required to

swear an oath to the Constitution, advocating the overthrow of protected rights under the

Constitution and the Laws of the United States and "under color of law" depriving RODNEY

DALE CLASS (Government Registered Trade Name Ward ,Trust .Estate ,Joint Stock Share) and

Rodney-Dale; Class of liberty and protected rights secured by the Constitution and the laws of

the United States with willful intent to do harm and injury with disregard of the laws of the

United States and to the Constitution and the Bill of Rights under protected rights in the

UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA in front of Judge

Robert L Wilkins and U.S. Marshals and the Public Defenders Counsel for RODNEY DALE

CLASS (Government Registered Trade Name) and Rodney-Dale; Class.

I, Rodney-Dale; Class, having firsthand knowledge on or about 2/ 10/2014 Peter Lallas

holding public office and required to swear an oath to the Constitution, advocating the overthrow

of protected rights under the Constitution and the Laws of the United States and "under color of

law" depriving RODNEY DALE CLASS (Government Registered Trade Name) and Rodney-

Dale; Class of liberty and protected rights secured by the Constitution and the laws of the United

States with willful intent to do harm and injury with disregard of the laws of the United States

and to the Constitution and the Bill of Rights under protected rights in the UNITED STATES

DISTRICT COURT OF THE DISTRICT OF COLUMBIA.

I, Rodney Dale Class set forth at no time did the District of Columbia post signs that

warned the people of it Firearm laws. That would allow them to turn them in to the local Police

Department while in town and then be able to pick them up once they get ready to leave the

District of Columbia to continue their traveling thru.

I, Rodney-Dale; Class, having firsthand knowledge, testify under penalties of perjury

that the foregoing statements, above, to the best of my ability are accurate and true and that such

violations by those holding public office and their agents in Washington, D.C., under sworn oath

to uphold and defend the Constitution, did, in fact, happen and that they were unmindful of the

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001

UNITED STATES OF AMERICA          **CASE # 1:13 cr 00253**
NO KNOW ADDRESS
ENTITY UNDISCLOSED
    Wrongdoer
    Fictitious, Foreign Plaintiff

    VS

                    Title 28, Ch. 5, District Court, § 88 District of Columbia
                    Constitutional Article III Court
                    Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name, WARD, TRUST, ESTATE, JOINT STOCK SHARE)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA          **FILED**
ZIP CODE 28077
                                    MAR 2 6 2014
Rodney-Dale; Class
Private Attorney General          Clerk, U.S. District and
432 North Lincoln St.          Bankruptcy Courts
High Shoals, North Carolina
America National

    Third party of interest and Real Party of Interest,
    By Congressional Act Private Attorney General
    Constitutional Bounty Hunter

                    **Take Judicial Notice: Federal Rules**
                    **Violations And Willful Fraud Upon The**
                    **Court As Grounds For Motion Of**
                    **Dismissal, And A Request For Summary**
                    **Judgment**

*Leave to file granted*
*g/Kessler - 3/26/14*

Page 2 of 15

**J. A. 40**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001

UNITED STATES OF AMERICA                CASE #: 1:13 cr 00253
NO KNOW ADDRESS
ENTITY UNDISCLOSED

    Wrongdoer
    Fictitious, Foreign Plaintiff

    VS

                  Title 28, Ch. 5, District Court, § 88 District of Columbia
                  Constitutional Article III Court
                  Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name, WARD, TRUST, ESTATE, JOINT STOCK SHARE)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

**FILED**

**MAR 2 6 2014**

Clerk, U.S. District **and**
Bankruptcy Courts

Rodney-Dale; Class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
America National

    Third party of interest and Real Party of Interest,
    By Congressional Act Private Attorney General,
    Constitutional Bounty Hunter

**COVER SHEET FOR ADDRESSES OF PARTIES**



RECEIVED
Mail Room

MAR 1 0 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Page 1 of 15

**J. A. 41**

7. **MANDATORY REQUIREMENT;** United States Constitution under the Fourth Amendment it states the following.

>**Amendment IV**
>
>The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, **shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,** and particularly describing the place to be searched, and the persons or things to be seized

8. **MANDATORY REQUIREMENT;** United States Constitution, AMENDMENT VI

>In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; **to be confronted with the witnesses against him;** to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

9. **MANDATORY REQUIREMENT;** United States Constitution, AMENDMENT V

>No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

10. **MANDATORY REQUIREMENT;** United States Constitution, AMENDMENT I

>Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and **to petition the government for a redress of grievances.**

11. **MANDATORY REQUIREMENT;** United States Constitution, AMENDMENT II

**J. A. 42**

A well regulated militia, being necessary to the security of a free state, the right of the

people to keep and bear arms, shall not be infringed.

**Foot note**

"On May 15, 1939 the Supreme Court, in an opinion by Justice McReynolds, held: The
National Firearms Act, as applied to one indicted for transporting in interstate commerce
a 12-gauge shotgun with a **barrel less than 18 inches long** without having registered it
and without having in his possession a stamp-affixed written order for it, as required by
the Act, held: In *Miller*, we determined that the Second Amendment did not guarantee a
citizen's right **to possess a sawed off shotgun** because that weapon had not been shown
to be "ordinary military equipment" that could "contribute to the common defense." Id.,
at 178. The Court did not, however, attempt to define, or otherwise construe, the substantive
right protected by the Second Amendment."

"**18. U.S.C. 921. Modification of Other Laws** Pub. L. 90-618, title I, § 104, Oct. 22, 1968, 82 Stat. 1226,
as amended by Pub. L. 99-514, § 2, Oct. 22, 1986, 100 Stat. 2095, provided that: "Nothing
in this title or the amendment made thereby amending this chapter] shall be construed as modifying
or affecting any provision of—"(a) the National Firearms Act (chapter 53 of the Internal Revenue
Code of 1986) section 5801 et seq. of Title 26, Internal Revenue Code;"

"TITLE 26 > Subtitle E > CHAPTER 53 > Subchapter B > PART I § 5845
§ 5845. Definitions For the purpose of this chapter—
**(a) Firearm**
The term "firearm" means
**(1)** a shotgun having a barrel or barrels of less than 18 inches in length;
**(2)** a weapon made from a shotgun if such weapon as modified has an overall
length of less than 26 inches or a barrel or barrels of less than 18 inches in length;
**(3)** a rifle having a barrel or barrels of less than 16 inches in length;
**(4)** a weapon made from a rifle if such weapon as modified has an overall length
of less than 26 inches or a barrel or barrels of less than 16 inches in length;
**(5)** any other weapon, as defined in subsection (e);
**(6)** a machinegun;
(7) any silencer (as defined in section 921 of title 18, United States Code)"

"27 CODE FEDERAL REGULATIONS PART 479

Subpart B—Definitions § 479.11   Meaning of terms. Firearm. (a) A shotgun having
a barrel or barrels of less than 18 inches in length; (b) a weapon made from a shotgun
if such weapon as modified has an overall length of less than 26 inches or a barrel or
barrels of less than 18 inches in length; (c) a rifle having a barrel or barrels of less than
16 inches in length; (d) a weapon made from a rifle if such weapon as modified has an
overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;
(e) any other weapon, as defined in this subpart; (f) a machine gun; (g) a muffler or a
silencer for any firearm whether or not such firearm is included within this definition."

## 12. **MANDATORY REQUIREMENT;** United States Constitution, AMENDMENT X

The powers not delegated to the United States by the Constitution, nor prohibited by it to

the states, are reserved to the states respectively, or to the people.

**Foot Note**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001

UNITED STATES OF AMERICA                    **CASE # 1:13 cr 00253**
NO KNOW ADDRESS
ENTITY UNDISCLOSED
    Wrongdoer
    Fictitious, Foreign Plaintiff
    VS

                Title 28, Ch. 5, District Court, § 88 District of Columbia
                    Constitutional Article III Court
                      Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name, WARD, TRUST, ESTATE, JOINT STOCK SHARE)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

# FILED

**MAR 2 6 2014**

Clerk, U.S. District and
Bankruptcy Courts

Rodney-Dale; Class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
America National
    Third party of interest
    By Congressional Act Private Attorney General,
    Constitutional Bounty Hunter

## COVER SHEET FOR ADDRESSES OF PARTIES

RECEIVED
Mail Room

**MAR 1 0 2014**

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Leave to file granted.
g. Kessler - 3/26/14

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001

UNITED STATES OF AMERICA                    **CASE # 1:13 cr 00253**
NO KNOW ADDRESS
ENTITY UNDISCLOSED
        Wrongdoer
        Fictitious, Foreign Plaintiff
        VS
                            Title 28, Ch. 5, District Court, § 88 District of Columbia
                            Constitutional Article III Court
                            Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name, WARD, TRUST, ESTATE, JOINT STOCK SHARE)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

Rodney-Dale; Class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
America National
        Third party of interest
        By Congressional Act Private Attorney General
        Constitutional Bounty Hunter

**FORMAL COMPLAINT**
**Prayer For Relief And Constitutional Question In Law;**
**Take Judicial Notice; Request For A Show Cause Hearing:**
**Why United States Attorney Andrew David Finkelman or Peter Lallas Should Be**
**Sanctioned by Law**
**for Breach of Fiduciary Duty Under Contracts For Wages, Under The Hobbs Act, And**
**Disbarred For Smith Act Violations;**
**And for Breach of the Peace;**
**And a Request for a Show Cause Hearing on How the District of Columbia Hand Gun**
**Laws are NOT in Conflict with Guaranteed and Protected Rights under the Constitution**
**for the United States of America and the Bill of Rights, and Why Finkelman Should Not be**
**found in Violation Of and Warring Against the Constitution for the United States of**
**America by this UNITED STATES DISTRICT COURT.**

Junction of two or more States, or Parts of States, without the Consent of the Legislatures
of the States concerned as well as of the Congress.

a. Where is the evidence that Maryland or Virginia gave consent to forming or creating the

District of Columbia within the jurisdictions of their two States for it (D.C.) to be a State or

even a Territory?

b. The Act of 1781 clearly shows a Congressional Act was passed to create a Corporation to be

the seat of government within the boundaries of the States of Maryland and Virginia and that

to create a separate State would violate Article IV, section 3 of the Constitution.

18. Some of the Founding Fathers, argued that the Constitution should not be ratified because

it failed to protect the basic principles of human liberty.

19. **The resulting and ratified Bill of Rights contains a list of limits on government power.**

**Amendment I** Congress shall make no law respecting an establishment of religion, or
prohibiting the free exercise thereof; or abridging the freedom of speech, or of the
press; or the right of the people peaceably to assemble, and to petition the government
for a redress of grievances.

**Amendment II** A well regulated militia, being necessary to the security of a free state, the right
of the people to keep and bear arms, shall not be infringed.

Foot Notes:

1. **DISTRICT OF COLUMBIA et al. *v.* HELLER, 554 U.S. 570 (2008),** The District Court dismissed the
suit, but the D.C. Circuit reversed, **holding that the** Second Amendment **protects an individual's right
to possess firearms and that the city's total ban on handguns, as well as its requirement that firearms in
the home be kept nonfunctional even when necessary for self-defense, violated that right.**

2. The Second Amendment protects an individual right to possess a firearm unconnected with service in
a militia, and to use that arm for traditionally lawful purposes, such as self-defense within the home.

3. In 1939 the U.S. Supreme Court considered the matter in United States v. Miller. 307 U.S. 174. The
Court adopted a collective rights approach in this case, determining that Congress could regulate **a**

.

**J. A. 46**

**sawed-off shotgun** that had moved in interstate commerce under the **National Firearms Act of 1934** because the evidence did not suggest that the shotgun "has some reasonable relationship to the preservation or efficiency of a well regulated milita.

4. In United States v. Miller. the Court sustained a statute requiring registration under the National Firearms Act of **sawed–off-shotguns.** After reciting the original provisions of the Constitution dealing with the militia, the Court observed that "with obvious purpose to assure the continuation and render possible the effectiveness of such forces the declaration and guarantee of the Second Amendment were made. It must be interpreted with that end in view." The significance of the militia, the Court continued, was that it was composed of "**civilians primarily,** soldiers on occasion." It was upon this force that the States could rely for defense and securing of the laws, on a force that "comprised all males physically capable of acting in concert for the common defense," who, "when called for service . . . **were expected to appear bearing arms " supplied by themselves" and of the kind in common use at the time."** Therefore, "in the absence of any evidence tending to show that possession or use of a 'shotgun having a barrel of less than 18 inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well– regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument. Certainly it is not within judicial notice that this weapon is any part of the ordinary military equipment or that its use could contribute to the common defense

**Amendment III** No soldier shall, in time of peace be quartered in any house, without the consent of the owner, nor in time of war, but in a manner to be prescribed by law.

**Amendment IV** The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**Amendment V** No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

**Amendment VI** In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001


UNITED STATES OF AMERICA                    **CASE # 1:13 cr 00253**

NO KNOWN ADDRESS
ENTITY UNDISCLOSED

    Wrongdoer
    Fictitious, Foreign Plaintiff

    VS

**FILED**

MAR 2 6 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

        Title 28, Ch. 5, District Court, § 88 District of Columbia
        Constitutional Article III Court
        Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name, WARD, TRUST, ESTATE, JOINT STOCK SHARE)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077


Rodney-Dale; Class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
American National

    Third Party of Interest and Real Party of Interest,
    By Congressional Act Private Attorney General,
    Constitutional Bounty Hunter


**COVER SHEET FOR ADDRESSES OF PARTIES**


Page **1** of **15**

*Leave to file granted — G Kessler*
*3/26/14*


**J. A. 48**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution Ave N.W.
Washington, District of Columbia 20001

UNITED STATES OF AMERICA          **CASE # 1:13 cr 00253**
NO KNOW ADDRESS
ENTITY UNDISCLOSED
    Wrongdoer
    Fictitious, Foreign Plaintiff

    VS

             Title 28, Ch. 5, District Court, § 88 District of Columbia
             Constitutional Article III Court
             Judge Gladys Kessler

RODNEY DALE CLASS (Government
Registered Trade Name, WARD, TRUST, ESTATE, JOINT STOCK SHARE)
POST OFFICE BOX 435
CITY OF HIGH SHOALS
STATE OF NORTH CAROLINA
ZIP CODE 28077

Rodney-Dale; Class
Private Attorney General
432 North Lincoln St.
High Shoals, North Carolina
American National

        Third Party of Interest and Real Party of Interest,
        By Congressional Act Private Attorney General
        Constitutional Bounty Hunter

                **OBJECTION TO GOVERNMENT'S**
                **OMNIBUS RESPONSE:**
                **RE: What The Living Flesh And Blood**
                **Man With A Soul, A Being/Natural**
                **Person, Was Subjected To After Being**
                **Unlawfully Arrested**

                      Page **2** of **15**

9. I, a man, oppose being arrested the first time and second time when the foundation for arrest was based on a "parking ticket" that was DISMISSED **and AFTER they did an Illegal Search and Interrogation.** (Does "This Court" NOT KNOW what the doctrine of "Fruit of the Poisonous Tree," the "Clean Hands Doctrine" OR a "Miranda Warning" means ?)

10. I, a man, oppose being charged in any court room where the Prosecution cannot provide a flesh and blood Plaintiff before this court.

11. I, a man, oppose the government's prosecutors wasting this court's time for what are a constitutionally protected rights and the non-compliance of equally protected rights under statutory law when one has been given and holds a license to "carry concealed."

12. I, a man, oppose having a GPS tracking device placed on my body in order to monitor the activities of this flesh and blood being.

13. I, a man, oppose the willful and intentional failure of the Prosecution to address any of my documentation placed before this court by me, a living man of flesh and blood, with the phrase "government opposes" and fails to state facts and conclusions in law of what they "oppose" to justify their response.

14. I, a man, oppose the government opposing (by the Prosecutor/BAR MEMBER) its own regulations, procedures, rules, and administration in order to run a sham legal court system to violate constitutionally protected rights and laws of the United States.

15. I, a man, oppose that these elected, appointed or hired living men and women in positions in these public offices, being sworn to the Constitution in order to collect wages.

[1-4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Government,                CR No. 13-253

                              Washington, DC
      vs.                    April 7, 2014
                              11:07 a.m.

RODNEY CLASS,

      Defendant.
_____

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        Peter C. Lallas
                         U.S. ATTORNEY'S OFFICE
                         555 Fourth Street, NW
                         Washington, DC 20530
                         (202) 252-6879
                         Fax: (202) 616-2296
                         Peter.Lallas@usdoj.gov

For the Defendant:         Rodney Class
                         432 North Lincoln Street
                         High Shoals, NC 28077
                         PRO SE

   (Standby Counsel)        A. J. Kramer, Esquire
                         FEDERAL PUBLIC DEFENDER FOR D.C.
                         625 Indiana Avenue, NW
                         Suite 550
                         Washington, DC 20004
                         (202) 208-7500
                         Fax: (202) 208-7515

Court Reporter:                  Lisa M. Foradori, RPR, FCRR
                                 Official Court Reporter
                                 U.S. Courthouse, Room 6706
                                 333 Constitution Avenue, NW
                                 Washington, DC  20001
                                 (202) 354-3269

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

3

```
 1                    P R O C E E D I N G S

 2           THE COURT:  United States of America versus Rodney

 3    Class.  13-253.  Counsel should identify themselves.  And,

 4    Mr. Class, I did get the information that you were stuck in

 5    traffic, and indeed, that traffic existed at 9:00 o'clock this

 6    morning when I came in because NPR was talking about how

 7    terrible it was.  So, I knew for sure that there was a

 8    problem.

 9           All right.  Would counsel, please, identify

10    themselves for the record.

11           MR. LALLAS:  Good morning, Your Honor.  Peter

12    Lallas for the United States.

13           MR. KRAMER:  Good morning, Your Honor.  A.J.

14    Kramer.  As you know, Mr. Class wants to represent himself,

15    so --

16           THE COURT:  I do.

17           MR. KRAMER:  -- I'm hear for him.  He left at 7:00

18    this morning and was in traffic for four hours.  He was

19    staying in Virginia last night, specifically to be here, and

20    was in the traffic for four hours on 66, so he apologizes.

21           THE COURT:  I know it was pretty terrible.

22           MR. KRAMER:  Yes.

23           THE COURT:  But I hadn't really thought through

24    that it might affect Mr. Class.  All right, everybody, we have

25    a lot of things to discuss today.  I know that Mr. Class,
```

**J. A. 54**

1    through his stand-in counsel, has requested some additional

2    time to argue the motions.  I will try to accommodate that.

3    Our whole schedule is now off schedule.

4            I have two people coming in, I've told them to come

5    in later, but I must perform a marriage some time during a

6    lunch break.  So, we'll just see how things play out.

7            First of all, we had pending, when I left on

8    Thursday, 36 motions for Mr. Class.  And I gather that four

9    new motions were filed on April 4th.  Mr. Class, at this point

10   I am going to enter an order, and I am entering an order that

11   there are no more motions to be filed by you unless you get

12   explicit express approval from me to file the motion.

13   Forty-two motions are unheard of.

14           What is more, I told you I had looked at them all

15   at our last status, but I looked at them more carefully over

16   the weekend.  Many are duplicative, repetitious.  I find it

17   hard to imagine that there can be a new argument that you

18   haven't already made in the 36 motions that are pending, which

19   I will rule on.  So, that's number one.  And we will issue a

20   clear order in terms of everything I decide this morning.

21           Second of all, this is very important.  The

22   Government, April 3rd, filed what is called a 404(b) motion.

23   I don't know whether you've had a chance to talk with counsel

24   or not about it, but it is an important motion.  Rule 404(b)

25   refers to the Federal Rules of Evidence.  And this is a

[13-17]

1    and then I will be able to figure out, not probably during the

2    hearing, but after the hearing I'll be able to figure out

3    which motion your comments are addressed to.  As we go through

4    it, if I think you've missed any motion, I'll let you know

5    that.

6              THE DEFENDANT:  Okay.

7              THE COURT:  All right.  Please, proceed.

8              THE DEFENDANT:  All right.  I want to start with

9    the beginning of how this thing started on May 30th.  I came

10   up to Washington D.C. to file some paperwork before the

11   Judiciary Committee in the House for a private attorney

12   general, which I have time-stamped copies that come in and

13   show that I did file -- I hold the position as a private

14   attorney general and a constitutional bounty hunter through

15   legislative acts, because Congress gave us this ability.

16             So, I did come up here.  This was the reason why I

17   came up because I was on my way to a court case --

18             THE COURT:  Mr. Class, keep an eye on our court

19   reporter.  I think you and certainly I will know if she's

20   having trouble.

21             THE DEFENDANT:  All right.  Well, I came back from

22   the Senate building.  I come back to my vehicle and I seen

23   D.C. police officers around my Jeep.  And I walked up, and

24   they asked me if this -- is this your Jeep?  I said:  Yes, it

25   is.  They said:  What is your name?  I said:  My name is Rod

1    Class.

2              THE COURT:  I'm going to interrupt you for a

3    minute.  I can see Mr. Kramer's face --

4              MR. KRAMER:  Could I talk to him for one second,

5    Your Honor?

6              THE COURT:  Yes.

7    OFF THE RECORD DISCUSSION

8              MR. KRAMER:  Thank you, Your Honor.

9              THE DEFENDANT:  All right.

10             THE COURT:  So, Mr. Class, I don't know what

11   Mr. Kramer said, although I can guess at it.  Don't say

12   anything about which -- don't give me facts about which you

13   might be testifying, because you could be prejudicing yourself

14   now.  You can certainly tell me, and I'm looking at your

15   Docket Number 20 and Docket Number 23, which deals with Second

16   Amendment arguments and Fourth Amendment arguments.

17             You definitely make your Second Amendment argument,

18   and you don't have to say anything related to the facts, or

19   very little.  And you can make your Fourth Amendment

20   arguments.  So, let's proceed with those two now.

21             THE DEFENDANT:  Okay.  According to Civil Procedure

22   and Criminal Rules of Evidence, both of your books here -- all

23   right?  Under the Rules of Evidence under 402, general

24   admissible of relevant evidence.  Since there -- it says that

25   you can bring in the United States Constitution, you can bring

1   in federal statutes, you can bring in these rules and Supreme

2   Court decisions under 402.  Under Rule 501, privileges

3   immunities, again, it allows you to make constitutional

4   issues, it allows you to bring in the federal statutes and

5   allows you to bring in the rules of court.

6           THE COURT:  You can proceed.  She's okay.

7           THE DEFENDANT:  Under Rule 802, hearsay evidence.

8   Again, it allows you to bring in federal statutes, it allows

9   you to bring in rules and other Supreme Court decisions.

10  Under Rule 902 under evidence it allows you to bring in

11  presumptions or prima facie, referring back to the statutory

12  law, which is the federal codes.  Okay.

13          I based all those off these books.  All right.

14  What we have here -- if we're allowed to make a constitutional

15  issue through the Rules of Evidence, then the Second Amendment

16  right is a constitutional issue, and so is Article 4,

17  Section 1, of full faith and credit of public acts.  North

18  Carolina does have a carry permit law.  They do allow you to

19  carry.  The purpose of a carry permit law is to allow you to

20  carry; not leave it at home.

21          North Carolina also has what is known as a "make

22  your day" law or what is known as Castle doctrine.  The Castle

23  doctrine allows you to not only have the stuff in your house

24  but allows you to carry it in your car while you're traveling

25  to where the car is protected under the Fourth Amendment as

**J. A. 59**

1    property.

2              THE COURT:  Is all of this under state law?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Okay.  All of these things that you are

5    permitted to do that you're referring to are under state law.

6    I just want to be clear about that.

7              THE DEFENDANT:  Yes.

8              THE COURT:  Okay.

9              THE DEFENDANT:  But what you also have is under

10   Article 4, Section 2, it says that the people -- in your state

11   you're supposed to have the same equal privileges no matter

12   where you go, from state to state, and into territory, equal

13   protection.

14             All right.  The Fourteenth Amendment, Section 1,

15   says we're all supposed to be equally protected.  Title 42,

16   1981, it says we are to be equally protected.  It doesn't say

17   if the Government decides to allow you.  It doesn't sit there

18   and say as long as you're in your house you have equal

19   protection.  It sits there and says you are to have equal

20   protection.  I'm a very simple man and that's how I read

21   things.  And this is how it's supposed to be read.  The law

22   isn't supposed to be complicated.

23             But now you're coming back in under that Article 4,

24   and it comes back in and it states that there has to be a

25   complaint filed first with an oath and affirmation.  If the

**J. A. 60**

1    prosecution or if the plaintiff is a piece of paper, which is

2    what the law is, how can a piece of paper write out an

3    affidavit and swear an oath before a judge that a complaint

4    has been done.

5            Well, see, this comes back in under your Rules of

6    Criminal Procedure.  It sits there and says, Rule 3, a

7    complaint has to be filed.  Rule 4, an arrest warrant and

8    summons upon a complaint.  Your Rule 5, sits there and says a

9    complaint, a sworn affidavit.  Your Rule 5 sits there and

10   says, before anybody talks to you you have to be Mirandized,

11   you have the right to remain silent, you have the right to

12   counsel.  You have the right -- you know, the whole Miranda

13   setup.  Well, that goes right back in to the Fifth Amendment.

14           I was interrogated for almost four hours.  Four

15   hours.  And at the end, after they sat down and did search --

16   did the interrogation, and I kept repeating back, you know,

17   let me get on my computer, I will show you exactly what I'm

18   talking about.  I'll show you the laws.  They said, well,

19   you're not allowed to have your computer.  Well, at that end,

20   they dismissed the charges on the traffic ticket because I was

21   illegally parked because I didn't know I wasn't allowed to

22   park there because the sign was up on top of the post and I

23   always parked there.

24           But then after they turned around and dismissed the

25   parking ticket, Officer Manning come up and said:  Okay,

[21-25]

1    constitution.  This upsets me to no end, especially when I'm

2    trying to follow the rules.  The basic line is, I'm not

3    stupid.  I'm not uneducated.  Just because I don't have a law

4    degree and I didn't go to college doesn't mean I'm not capable

5    of reading.  I am capable reading.

6            And this is where part of the problem is coming in.

7    I have got documentation, Title 18, 921, under of the Millers

8    versus United States, it comes in.  It dealt with a sawed-off

9    shotgun.  It didn't deal with a rifle.  It didn't deal with a

10   pistol.  It sits there and says that when they created

11   Title 18-921 for convicted felons, that they could not get a

12   sawed-off shotgun, which means a Class III firearm license.

13           I done a lot of history here.  I've done a lot of

14   research about what we're talking about.  So, all my arguments

15   are coming in based on trying to follow your rules.  It's what

16   we're following in.  But what I'm finding here, and in all

17   honesty, under Title 36, United States Code, under the Patriot

18   Organization, under Chapter 705 of the Federal Bar

19   Association, which is classified as a corporation, under

20   Section 705-03 for disqualifications, it clearly sits there

21   and says that anybody who refuses to uphold the laws of the

22   United States or refuses to uphold and stand behind the

23   Constitution is to be disqualified -- they are to be removed.

24           The Smith Act of 1940 sits there and dealt with

25   it -- communism in this country at that time period.  It comes

1   in.  Anybody who advocates the overthrow of the laws, anybody

2   who advocates to overthrow the Constitution or who refuses to

3   uphold the Constitution, they ought to be removed, they are to

4   be charged.

5            Now, I didn't make these laws up; Congress did.

6   These are statutory laws.  This is what we're in here fighting

7   on.  I have a carry and conceal permit.  I went through -- I

8   made sure that I was following the law by having a carry and

9   conceal permit.  I can show it to you.  I have one.  I still

10  have it.  The Second Amendment gave me the right.

11           Article 4, Section 2, it is a public law, public

12  act.  All public acts are supposed to be across the country.

13  Article 4, Section 2 in this thing, full faith and credit to

14  everybody who's supposed to have equal rights.  The Fourteenth

15  Amendment, it was created for equal rights.  Title 42, 1981,

16  made for equal rights.

17           I've got the -- the violations that we're running

18  here -- and also the fact that my paperwork wasn't filed

19  timely, and the fact that I did sit here and mail it in by

20  Certified Mail, your Rule 12.1, Rule 12.3 and Rule 34 says

21  14-day rule.  My paperwork was filed in plenty of time.  Was

22  it answered within a 14-day period?  No, not really.  I'm not

23  supposed to know any of this.  I'm supposed to be uneducated.

24           Now, search and seizure, Title 41.  Again, it

25  goes back in.  There had to be proper procedures on this.

**J. A. 64**

 1    There had to be warrants.  There had to be complaints.  The

 2    police officer cannot be the complaining party, they can't be

 3    the one who comes in, arrests you, search you, and then after

 4    the fact come in, and say:  Okay, now we need to file a

 5    complaint.  We need to file a warrant so now we can specify

 6    exactly what he had and where it was at.  That isn't how this

 7    is supposed to work.  The procedure right down the line has

 8    been violated right down the line here.

 9              If I trespassed –– if I come in here on this and

10    it was a gray bear –– and it was a gray bear, I'm seeing this

11    now –– but by coming in here I trespassed, and I didn't mean

12    to trespass.  I thought I was well within my full faith and

13    credit of rights of having a legal permit.

14              I thought I was right for coming in.  I didn't

15    see no signs coming in here that says:  Check your arms

16    because your local police department –– there's nothing here

17    that says you can't bring anything in.  This basically comes

18    into profiling because one thing that did come up out of this

19    is –– I have been asked by many different officers:

20    Mr. Class, you're one of them sovereign citizens, aren't you?

21    I said:  I resent this.

22              Number one, every state constitution created by

23    legislation ––

24              THE COURT:  Mr. Class, I don't think that issue is

25    really pertinent.  So, we don't need to get off into that in

**J. A. 65**

1    terms of a request being asked about your political or

2    personal views.  We need to deal with facts in this case and

3    the law as you're arguing it.  So, I think we can put aside --

4    not that I'm approving, but put aside the issue of whether you

5    were asked.  It would be possibly analogous to being asked

6    whether you were a Democrat or a Republican, but it doesn't go

7    to the issue that I will -- issues that I will ultimately have

8    to decide.  So, why don't you move on, please.

9            THE DEFENDANT:  Okay.  Like I said, looking at your

10   books and reading them, studying them, I have tried to follow

11   every one of your rules in here.  Like I said, your Rules of

12   Evidence sits there and says that the Constitution, federal

13   statutes and the rules and the Supreme Court decisions -- and

14   the Supreme Court decision, Crawford versus Washington, it was

15   just recently done here, sits there and says -- this was a

16   criminal case.  It sits there and says there had to be an

17   injured party.  It cannot be a statute.  It cannot be -- we're

18   just going to make it up because we're the government.  There

19   really had to be an injured party.

20           Sherar versus Cullen, that's C-U-L-L-E-N, I

21   believe.  Sherar versus Cullen.  This was an IRS case.  They

22   came back in because there was no injured party under a tax

23   issue, there was no corpus delicti.  Allen versus Wright,

24   another IRS case.  It got dismissed.  There was no injured

25   party.  No corpus delicti.  We're dealing also at this point

**J. A. 66**

1   with the Clearfield Trust versus United States.  Clearfield

2   Trust doctrine.  It sits there and shows that federal laws

3   trump state statutes, and federal laws are supposed to be in

4   compliance.

5          Title 28 under 1343, franchise.  Anything that

6   Congress sits there and passed is supposed to be the laws of

7   the District of Columbia.  And if we are supposed to have

8   equal protection -- and under the Constitution we're supposed

9   to have equal protection, whether your city has gun permits or

10  not.  The fact that my state and other states does afford this

11  and the fact that the District of Columbia, like it or not,

12  you are part of the United States, you are a state because it

13  has been listed in many different things under DOT and under

14  IRS, the District of Columbia is considered a state.  It is

15  part of the United States, you are part of the country.  Full

16  faith and credit is supposed to come into here.  Even though

17  you don't have the right to carry, I had it for my state.

18  Full faith and credit means exactly what it means, full faith

19  and credit.

20         And I want to bring up the 1902 Dick Act.  The 1902

21  Dick Act repeals all of your gun laws.  These are all

22  congressional records.  We have got major violations on this

23  side of the courtroom, but yet -- you know, I'm trying to

24  bring it up, I'm being told, no, you can't bring any of this

25  up.  I was never supposed to know these.  I do know these.  I

[30]

1    what I'm sitting here saying.  This is my defense.

2            I didn't break any laws.  I was well within my

3    protected rights of a Second Amendment.  Congress has never

4    repealed the Second Amendment.  Has never repealed it.  But

5    yet we got issues here.  And the people that is sitting in

6    D.C. here in the Government, again, that's sitting in there --

7    when they raised their right-hand and they swore that they

8    would uphold the Constitution and they would defend the

9    Constitution, that does not mean you take the job, and say:

10   Okay, we can throw the Constitution out because we don't have

11   to abide by it now.

12           Like I said, that violates Title 36 under Chapter

13   705 under Section 705-03.  The moment you sit here and refuse

14   to uphold the Constitution, the moment you refuse to uphold

15   the laws, that's disqualification.  I didn't write that,

16   that's in your law books.  That's the same thing with the

17   Smith Act.

18           Your Honor, I'm not trying to be hard here, I'm

19   not trying to be contrary.  I'm trying to follow the law and

20   I'm trying to get the Court to do, follow the law, follow the

21   rules.  Just because I'm not supposed to be educated or

22   knowledgeable doesn't give this man the right to sit here and

23   take advantage of me because Mr. Class don't know the rules so

24   we can have all his paperwork stricken because he doesn't know

25   that he can have the evidence put in.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )
                             )
                             )
        v.                   )    Crim. Action No. 13-253 (GK)
                             )
RODNEY CLASS,                )
                             )
        Defendant.           )
                             )

MEMORANDUM OPINION AND ORDER

Pending before the Court are thirty-six Motions filed by Defendant Rodney Class [Dkt. Nos. 7, 10-14, 16, 20-22, 23, 25-49]. Upon consideration of the Motions, the Government's three Omnibus Responses, the arguments presented at the Motions Hearing on April 7, 2014, and the entire record herein, and for the reasons set forth below, Defendant's Motions are **granted in part**, **denied in part**, and, pending further development of the record, **deferred in part.**

I.    BACKGROUND

On May 30, 2013, Defendant was arrested by United States Capitol Police for possession of three firearms on United States Capitol Grounds. See Indictment [Dkt. No. 1].[1]

On September 3, 2013, a grand jury in the United States District Court for the District of Columbia indicted Defendant

---

[1] Defendant is alleged to have possessed a Taurus .44 caliber pistol, a Ruger LC9 9 mm pistol, and a Henry Arms .44 caliber rifle. See Indictment [Dkt. No. 1].

on two charges: (1) possession of three firearms on United States Capitol Grounds in violation of 40 U.S.C. § 5104(e)(1); and (2) carrying a concealed pistol outside of his home or business place in violation of D.C. Code § 22-4504(a).[2]   On September 5, 2013, Defendant appeared before Magistrate Judge John Facciola for arraignment.   The Federal Defender for the District of Columbia was appointed to represent him and he was released on his own recognizance and placed in the Court's High Intensity Supervision Program.[3]

Subsequently, Defendant indicated through written filings and oral requests at several court appearances that he wished to represent himself.  On March 26, 2014, the Court held a status conference at which it advised Defendant in great detail of the risks of self-representation in order to ensure that, in the event he ultimately elected to waive his constitutional right to appointed counsel, such election would be "knowing, intelligent, and voluntary." United States v. Cunningham, 145 F.3d 1385, 1391 (D.C. Cir. 1998).   The Court then asked Defendant to

---

[2] On May 31, 2013, prior to the grand jury's indictment in this Court, Defendant was charged in the Superior Court for the District of Columbia with Carrying a Pistol in violation of D.C. Code § 22-4504(a).  The case in Superior Court was eventually dismissed, but the record does not indicate when.

[3] On January 17, 2014, the case was reassigned to this Court after Judge Robert Wilkins, the District Judge previously assigned to the case, was elevated to the Court of Appeals for the D.C. Circuit.

further consider whether he wished to represent himself in light
of the risks identified by the Court, and to inform the Court of
his final decision at his next court appearance.

     Meanwhile, between January 3, 2014, and March 27, 2014,
Defendant, although still represented by counsel, filed thirty-
six pro se Motions.  [Dkt. Nos. 7, 10-14, 16, 20-22, 23, 25-49].[4]
After he filed the first six of these Motions, the Court advised
the Government at a status conference on February 3, 2014, that
it could respond to the then-pending Motions with a single
omnibus response indicating merely whether it opposed or did not
oppose the requested relief.   On February 7, 2014, the
Government filed an Omnibus Response to the first six of these
Motions ("Gov't's First Omnibus Resp.") [Dkt. No. 17].  On March
7, 2014, after Defendant filed additional Motions, the
Government filed a second Omnibus Response to four more of his
Motions ("Gov't's Second Omnibus Resp.") [Dkt. No. 24].   On
April 4, the Government filed a third Omnibus Response to the
remainder of Defendant's Motions ("Gov't's Third Omnibus Resp.")
[Dkt. No. 51].

---

[4] Subsequently, Defendant submitted four additional Motions that
were entirely repetitious of his other Motions.   Because all of
these Motions were submitted pro se, Defendant was required to
obtain the Court's permission before they could be filed on the
docket.   The Court granted permission to file Defendant's first
thirty-six Motions, but denied him permission to file the four
additional Motions that were duplicative of the first thirty-
six.

Defendant did not file any formal Replies in further support of his Motions, despite being advised by the Court at a status conference on February 27, 2014, that he had a right to do so. He did, however, file various submissions styled as "objections" to the Government's Omnibus Responses. These submissions address the Government's various Omnibus Responses but also raise new arguments and requests for relief. See Dkt. Nos. 28, 32, 36. As a result, the Court shall treat them as independent "Motions," but shall also consider them in further support of each of Class's other Motions.

On April 7, 2014, the Court held a Motions Hearing at which Defendant presented argument on his Motions. He also informed the Court at that time that, having considered the risks of self representation, he still desired to waive his right to appointed counsel and proceed pro se. The Court accepted Defendant's waiver as knowing and voluntary, granted his request to proceed pro se, and appointed the Federal Defender, A.J. Kramer, as stand-by advisory counsel. The Government elected not to present any substantive argument on Defendant's Motions but requested the opportunity to submit additional briefing in the event the Court was inclined to grant any of the Motions.

At the conclusion of the Motions Hearing, in light of the voluminous submissions Defendant had already filed, the Court issued an Order requiring Defendant to seek express permission

- 4 -

from the Court prior to filing any additional Motions.    See
Order dated April 7, 2014 [Dkt. No. 52].

## II. DISCUSSION

The Court construes Defendant's Motions liberally for any
possible relief to which he might be entitled.    See, e.g.,
Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir.
2002) (court has an "obligation to construe pro se filings
liberally").    It observes, however, that although Defendant
raises a few issues that bear further consideration, a number of
his Motions are duplicative of each other, and many are, to a
large extent, utterly incomprehensible.    Furthermore, most of
the Motions purport to cite legal principles that either do not
exist or are provisions of civil law wholly inapplicable to the
issues in this criminal case.  With this background in mind, the
Court addresses each Motion as follows.[5]

### 1.  Enter my Appearance: REQUIREMENT FOR MOTION FOR IN CAMERA HEARING; "CORPUS DELICTI" TO BE PRODUCED (HABEAS CORPUS) [Dkt. No. 7] ("Motion #1")

In this Motion, Defendant objects to the appearance of his
name in all capital letters in the indictment, contending that
the capital letters apply only to a "fictional" entity or a
corporation, and not a "a living flesh and blood man" such as
himself.    Mot. at 9.    This objection and the related argument

---

[5] In listing Defendant's Motions, the Court retains the exact
spelling and capitalization used by Defendant.

- 5 -

**J. A. 74**

that the use of all capital letters somehow deprives the Court
of subject matter jurisdiction find no support in the law and,
in fact, have been squarely rejected by at least one court.  See
United States v. Mitchell, 405 F. Supp. 602, 603 (D. Md. 2009)
(characterizing similar objections as "patently without merit").

       To the extent Defendant seeks "declaratory judgment" as to
the identity of the actual person charged in the indictment,
such declaratory relief is not a cognizable remedy in a criminal
case.   However, the Court now clarifies, to the extent there is
any doubt, that the person charged in this case is Rodney Class
the human being, and not a corporation or any other "fictional
entity," as Defendant suggests.  See Gov't's First Omnibus Resp.
¶ 12.

       Finally, Class also asks the Court to define the duties and
obligations of his appointed lawyer.  The Court described the
duties of appointed counsel at the status conference held on
March 26, 2014.  To the extent Defendant seeks to understand the
role of his advisory counsel, he should consult further with Mr.
Kramer.     If, after discussing the issue with Mr. Kramer,
Defendant has further questions related to Mr. Kramer's role and
duties, he may bring them to the attention of the Court at that
time.

       For all of these reasons, the Motion shall be **denied**.

- 6 -

**J. A. 75**

**2. Entry of Appearance Requirement and wish As a Living man with a (Soul) [Dkt. No. 10] ("Motion #2")**

The Court interprets this Motion as a request to permit Class to represent himself. As set forth on the record at the Motions Hearing on April 7, 2014, the Court finds that Class has made a knowing and voluntary decision to waive his Sixth Amendment right to counsel, having been informed of the dangers and disadvantages of doing so, and therefore, this Motion has been **granted**. See Cunningham, 145 F.3d at 1391-92.

**3. Wish and just cause to belief and the Requirement of a Wavier [sic] for Release for Lawyer A.J. KRAMER [Dkt. No. 11] ("Motion #3")**

The Court interprets this Motion as another request to permit Class to represent himself. As discussed in Motion #2 above, Defendant has been granted permission to represent himself, and Mr. Kramer has been appointed as his stand-by advisory counsel. As the Court has already addressed these issues, and Defendant presents no new considerations in this Motion, this Motion shall be **denied** as duplicative.

**4. Wish for Declaratory Judgment [Dkt. No. 12] ("Motion #4")**

The Court interprets this Motion as seeking the same relief as Motion #1 and, to that extent, it shall be **denied** for the reasons discussed in Paragraph 1, above.

To the extent Defendant also seeks clarification regarding the "remedies" at issue in this case, the Court clarifies that

- 7 -

the maximum prison term that may be imposed on each of the two
counts in the Indictment is five years, for a maximum total
prison term of ten years. See 40 U.S.C. § 5109(a); D.C. Code §
22-4504.

To the extent Defendant seeks information related to other
legal remedies that may be available to him, providing such
information would be the role of his appointed counsel, not the
Court. The Court has advised Defendant that, despite his
election to proceed without counsel, the Court is unable to
provide legal assistance of the type he seeks.

Consistent with the foregoing, this Motion shall be **granted**
to the extent Defendant seeks clarification of the maximum
penalties, which the Court has now provided, and otherwise shall
be **denied.**

## 5. Requirement and wish Declaratory judgment for resurrection of the flesh and blood man with a soul to be made whole [Dkt. No. 13] ("Motion #5")

The Court interprets this Motion as a request for the Court
to take judicial notice that Defendant is a human being and is
alive. The Government takes no position on this Motion, and
therefore, the Motion shall be **granted.**

## 6. IN CAMERA HEARING "CORPUS DELICTI" [Dkt. No. 14] ("Motion #6")

The Court interprets this Motion as a Motion to Dismiss and
for miscellaneous relief. To the extent the Motion seeks to

- 8 -

dismiss the indictment for failing to name an "indispensable
party," the rules relating to dismissal for failure to join an
"indispensable party" are civil rules and do not apply to a
criminal case. See Fed. R. Civ. P. 19. To the extent Defendant
seeks dismissal based on other alleged deficiencies in the
indictment, the indictment is not required to include the
information he requests, and there is no indication that the
named defendant in the indictment is incorrect as he suggests.
To the extent Defendant asks the Court to remove the conditions
of his release or to expunge his record, he has identified no
basis for the Court to do so.

     To the extent Defendant alleges that the prosecutor has
committed misconduct, he fails to identify any such misconduct
whatsoever. Finally, to the extent Defendant argues that he is
entitled to compensation for his time spent defending himself in
this case, he is not so entitled. Defendant's remaining
allegations are entirely inapposite to this case.

     For the foregoing reasons, this Motion shall be **denied.**

**7.  IN CAMERA HEARING REQUIREMENT BURDEN OF PROOF "CORPUS
     DELICTI" TO BE PRODUCED (HABEAS) CORPUS WITH
     DECLARATORY JUDGMENT RULING [Dkt. No. 16] ("Motion
     #7")**

     In this Motion, Class seeks to dismiss the case based on
the indictment's purported failure to identify the "'WHO' or
'WHAT'" of the crime. The indictment is crystal clear, however,

- 9 -

that Defendant is the individual charged in this case, and that he is alleged to have possessed three firearms on United States Capitol Grounds in violation of 40 U.S.C. § 5104(e)(1).    See Indictment at Count One [Dkt. No. 1].    The Indictment further alleges that Defendant carried a pistol "openly and concealed on or about his person, in a place other than his dwelling place, place of business or on other land possessed by him," in violation of 22 D.C. Code § 4504(a).    See id. at Count Two. Therefore, contrary to Defendant's contention, the indictment does identify both the "who" and "what" of the crimes alleged.

        To the extent Defendant argues that the criminal statutes under which he is charged are not valid, he identifies no legal basis for challenging them.

        To the extent Defendant seeks dismissal based on the Government's purported failure to meet its burden of proof, a grand jury in this Court decided that the Government had met its burden of proof to indict Defendant, that is, that the Government had shown there was probable cause to commence criminal proceedings and require him to answer the charges.    See Mitchell, 405 F. Supp. 2d at 603 ("The defendants have been indicted by a properly constituted grand jury, and they are indisputably subject to the jurisdiction of this court."). Defendant has not identified any deficiencies in the grand jury process, and the Government is not required to prove the

- 10 -

defendant's guilt until trial, which has been scheduled for July

7, 2014.

    For all of these reasons, Defendant's Motion shall be
denied.

    8.  **Requirement for Judicial Notice: Motion and
        Requirement to Quash Plaintiff's Latest Response and a
        Requirement to Dismiss All Charges for Lack of Direct
        Rebuttal of Court Ordered Subject Matter, Lack of
        Standing, Frivolous Filings, and Failure to Produce a
        Corpus Delicti [Dkt. No. 20] ("Motion #8")**

    In this Motion, Defendant seeks to quash the Government's

First Omnibus Response on the basis that he does not deem it

responsive to his Motions. At the status conference on February

3, 2014, the Court expressly advised the Government that it

could respond to Defendant's numerous Motions in summary

fashion, and therefore, the summary nature of Defendant's First

Omnibus Response is not a basis to "quash" the Response. As

discussed in more detail below, however, the Government shall be

directed to submit further briefing on certain issues raised by

Defendant's Motions.

    To the extent Defendant challenges the Government's

"standing" to bring this case, the United States Attorney's

Office for the District of Columbia has the authority to

prosecute crimes against the United States and the District of

Columbia. See Fed. R. Crim. P. 1(b)(1)(B).

- 11 -

To the extent Defendant challenges the prosecutor's competence and alleges malicious prosecution, he provides absolutely no support for these allegations.

To the extent Defendant argues that the criminal provisions under which he is charged, 40 U.S.C. § 5104(e) and 22 D.C. Code § 4504(a), apply only to business entities, government instrumentalities and other corporate "persons," but not to natural persons such as himself, this argument is contradicted by the plain language of the laws under which he is charged. Only natural persons are capable of "carry[ing]" a firearm in the manner prohibited. See 40 U.S.C. § 5104(e) ("An individual or group of individuals . . . may not carry on or have readily accessible to any individual on the Grounds or in any of the Capitol Buildings a firearm [or] a dangerous weapon[.]") (emphasis added); 22 D.C. Code § 4504(a) ("No person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol or any deadly or dangerous weapon[.]") (emphasis added).  Moreover, Section 5104(e) explicitly refers to an "individual or group of individuals," thereby making clear that its prohibitions apply to a natural person such as Defendant, and not a corporate person.[6]

───────────────

[6] As support for his argument that the criminal provisions at issue do not apply to natural persons, Defendant relies on portions of the United States Tax Code, the Texas Administrative

- 12 -

**J. A. 81**

Defendant also repeatedly objects to the prosecutor's purported failure "to produce a Corpus Delicti as to who was injured and the extent of that injury." An individual "injury" is not, however, an element of the offenses alleged in the indictment. Furthermore, the "corpus delicti rule," to which Defendant refers, simply requires "that a verdict of guilt rest on more than unsupported confessions or admissions of the accused[.]" United States v. Johnson, 589 F.2d 716, 718 (D.C. Cir. 1978). The Government has not suggested that it will attempt to prove Defendant's guilt based on "unsupported confessions or admissions," and Defendant has not explained why this doctrine has any relevance to this case.

To the extent Defendant objects that the prosecutor's papers and legal arguments are "unintelligible" and "nonsensical," Mot. at 9, legal terminology is frequently difficult to understand for non-lawyers. This is one of the many reasons the Court advised Defendant at the status conference on March 26, 2014, that it would be unwise to represent himself. The Court is unable to provide explanations of each and every one of the Government's legal arguments, as that would be the role of his appointed counsel, not the Court.

---

Code and Delaware Administrative Code, all of which are inapplicable to this criminal case.

Finally, to the extent Defendant challenges his prosecution under the Second Amendment of the Constitution, the Government has not submitted a substantive response to this argument. The Court therefore lacks an adequate record on which to evaluate it. The Government shall be ordered to file further briefing on this issue no later than **May 1, 2014,** and the Defendant may, but is not required to, file a further Response within **14 days** of the Government's submission.

For the foregoing reasons, Defendant's Motion shall be **deferred** insofar as it relates to the Second Amendment and otherwise shall be **denied**.

> 9. **Entry of Appearance As a Living man with a (Soul) AS A Private Attorney General and Constitutional Bounty Hunter By Congressional Act of U.S. Congress FOR AN FORMAL COMPLAINT OF ULTRA VIRES MISS BEHAVIOR [Dkt. No. 21] ("Motion #9")**

The Court interprets this Motion as yet another request by Defendant to represent himself, which, as discussed in relation to Motion #2 above, has already been granted. Therefore, this Motion shall be **denied** as duplicative.

> 10. **Take Judicial Notice Requirement for an Article III Hearing for an Formal Complaint of Ultra Vires Miss Behavior [sic] with Attachments [Dkt. No. 22] ("Motion #10")**

This Motion is comprised of forty three pages of block quotes of a variety of statutory provisions that are irrelevant to this case, including the Smith Act of 1940, 18 U.S.C. § 2385;

- 14 -

**J. A. 83**

the Administrative Procedure Act, 5 U.S.C. § 701 et seq.; the
Hobbs Act, 18 U.S.C. § 1951; the Taft-Hartley Act, 29 U.S.C. §
401 et seq.; the Federal Reserve Act of 1913, 38 Stat. 251; and
laws related to the oath of office required of public employees,
racketeering, conspiracy, and trespass.  Defendant appears to
allege that various representatives of the United States
Government violated his constitutional rights and committed
unspecified misconduct.  However, he provides no support for
these assertions, and therefore, the Motion shall be **denied.**

> **11. TAKE JUDICIAL NOTICE NUNC PRO TUNC REQUIREMENT FOR AN
> ARTICLE III HEARING FOR A FORMAL COMPLAINT OF ULTRA
> VIRES MISBEHAVIOR WITH COUNTERCLAIM [Dkt. No. 23]
> ("Motion #11")**

In this Motion, Defendant repeats arguments made in earlier
Motions, which the Court has already addressed above.

In addition, Defendant asserts that he was "searched and
seized without a proper complaint," that he was "interrogated
for hours without a Miranda warning," and that his seized
property was never returned to him. Mot. ¶¶ 13, 14, 17.  The
Government has not submitted a substantive response to these
arguments.  Therefore, the Court finds that it lacks an adequate
record on which to evaluate them.  Consequently, the Government
shall be ordered to file further briefing on these issues no
later than **May 1, 2014,** and Defendant may, but is not required

- 15 -

**J. A. 84**

to, file a further Response within **14 days** of the Government's submission.

For the foregoing reasons, this Motion shall be **deferred** insofar as it raises arguments under the Fourth and Fifth Amendments and otherwise shall be **denied.**

### 12. Take Judicial Notice: Verification for Declaratory Status Under the Tenth Amendment [Dkt. No. 25] ("Motion #12")

This Motion repeats arguments that have already been addressed above. Consequently, it shall be **denied.**

### 13. Requirement and wish for Dismissal; Take Judicial Notice: UNITED STATES DISTRICT COURT has limited jurisdiction and venue [Dkt. No. 26] ("Motion #13")

The Court construes this Motion as a Motion to Dismiss for lack of subject matter jurisdiction and improper venue.

Defendant does not, however, identify any plausible basis to challenge the Court's subject matter jurisdiction. The Court has subject matter jurisdiction over federal offenses and properly joined offenses arising under District of Columbia law. See United States v. Jackson, 562 F.2d 789, 793 (D.C. Cir. 1977) ("The United States District Court for the District of Columbia has jurisdiction of . . . any offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense.") (citing D.C. Code § 11-502(3)). Thus, there is no

- 16 -

doubt that the Court has subject matter jurisdiction over this case.

To the extent Defendant challenges venue in the District of Columbia, Rule 18 of the Federal Rules of Criminal Procedure requires a criminal prosecution to take place "in the district in which the offense was committed," except when "a statute or the[] rules permit otherwise." Fed. R. Crim. P. 18. Defendant is charged with committing a criminal offense on United States Capitol Grounds in the District of Columbia, and he has not pointed to any statute or rule permitting (much less requiring) him to be prosecuted in a different district. Therefore, venue is proper in this District.

Defendant also recites various legal provisions, including portions of the Code of Federal Regulations; Rules 3, 4, and 11 of the Federal Rules of Criminal Procedure; Article III of the Constitution; 28 U.S.C. § 2255; the National Industrial Recovery Act, 48 Stat. 195; the Emergency Relief Appropriation Act of 1935, 49 Stat. 115; the "Clearfield Trust Doctrine," see Clearfield Trust Co. v. United States, 318 U.S. 744 (1943); and 42 U.S.C. § 1981. He fails to explain how any of these authorities are relevant to his criminal case.

Finally, Defendant repeats arguments and allegations of misconduct that the Court has already addressed above. For all of the foregoing reasons, this Motion shall be **denied.**

- 17 -

> **14. Take Judicial Notice: Federal Rules Violations And Willful Fraud Upon The Court As Grounds For Motion Of Dismissal, And A Request For Summary Judgment [Dkt. No. 27] ("Motion #14")**

Defendant again discusses a litany of unrelated federal statutes, which he states are "Grounds for Dismissal For Limited Venue."   Mot. at **5-6.**   Defendant also repeats his venue challenge, which the Court has addressed above.   Consequently, this Motion shall **be denied.**

> **15. Objection to Government's Omnibus Response RE: What The Living Flesh And Blood Man With A Soul, A Being/Natural Person, Was Subjected To After Being Unlawfully Arrested [Dkt. No. 28] ("Motion #15")**

In this Motion, Defendant argues that his indictment was improper because "the Grand Jury is to hear evidence from BOTH SIDES and any decision or conclusion from the Grand Jury is supposed to be based on BOTH SIDES and NOT in a decision from just ONE SIDE."  Mot. at 5.  Defendant is incorrect.  A grand jury proceeding is not an adversarial proceeding, and the Government was not required to present evidence from both sides. See Fed. R. Crim. P. 6(d).  Defendant will, however, have the opportunity to present his side of the case at his trial.

Defendant's other arguments are repetitious of arguments previously asserted in his other Motions, which have been addressed above.

Consequently, this Motion shall be **denied.**

**J. A. 87**

**16. ADMINISTRATIVE NOTICE AND DEMAND: WRIT OF ERROR CORAM NOBIS MEMORANDUM IN LAW, Fed R. Civ. P. Rule 60 and Fed. R. Civ. P. 46 [Dkt. No. 29] ("Motion #16")**

Defendant again cites federal statutes and rules that are inapplicable to his case, including the Copy Right Act, 17 U.S.C. § 101 et seq., the Federal Rules of Civil Procedure, the Foreign Sovereign Immunity Act, 28 U.S.C. § 1602 et seq., and others, to argue that the Court lacks jurisdiction over his case. Because these laws have no relevance to Defendant's criminal prosecution, this Motion shall be **denied.**[7]

**17. Formal Complaint: Prayer for Relief And Constitutional Questions In Law; Take Judicial Notice; Request For A Show Cause Hearing; Why United States Attorney Andrew David Finkelman or Peter Lallas Should Be Sanctioned by Law [Dkt. No. 30] ("Motion #17")**

This Motion merely repeats objections and arguments already made in the foregoing Motions, each of which have already been rejected. Consequently, it shall be **denied.**

---

[7] This Motion is styled as seeking "coram nobis" relief. The writ of coram nobis is a form of collateral relief that, in its modern iteration, may issue in "extraordinary cases" where necessary to "redress a fundamental error" and "achieve justice" relating to an earlier case. United States v. Denedo, 556 U.S. 904, 910-11 (2009) (citing United States v. Morgan, 346 U.S. 502, 507 (1954)). By definition, the writ is not available until after a final judgment has issued in a criminal case.

## 18.  Requirement and wish for Dismissal; Take Judicial Notice: UNITED STATES DISTRICT COURT has limited jurisdiction and venue [Dkt. No. 31] ("Motion #18")

This Motion also merely repeats the arguments of previous Motions, each of which have already been rejected. Consequently, it shall be **denied.**

## 19.  Second Motion to Quash and Strike Prosecution's Response for Failure to State Facts and Conclusions in Law [Dkt. No. 32] ("Motion #19")

This Motion again repeats objections and arguments already made in the foregoing Motions, which have already been rejected. Moreover, it does not identify any basis to strike the Government's Second Omnibus Response. Consequently, it shall be **denied.**

## 20.  Second Motion for A.J. Kramer to Step Aside as Ineffective Counsel (and Judicial Notice: Fraud upon the Court) [Dkt. No. 33] ("Motion #20")

In this Motion, Defendant contends, without any support whatsoever, that his previously appointed counsel was ineffective. There being no evidence to support this assertion, the Court interprets the Motion as yet another request to permit Class to represent himself. This request has already been granted in Motion #2 above, and therefore, it shall be **denied** here as duplicative.

- 20 -

**J. A. 89**

**21. Motion for Discovery: F.R.C.P. Rule 37, F.R.C.P. Rule 16, (and a Clarification of Verbal Communications Used by the Plaintiff) [Dkt. No. 34] ("Motion #21")**

This Motion, although styled as a request for discovery, largely repeats objections and arguments totally unrelated to discovery that have already been made in the foregoing Motions and rejected by the Court.

At the Motions Hearing on April 7, 2014, the Court discussed the issue of discovery with the parties. Mr. Kramer indicated that his office had received discovery from the Government, and he promised to give this discovery to Defendant. Therefore, this Motion shall be **denied** as moot.

**22. JUDICIAL NOTICE MOTION TO REMOVE UNITED STATES CODE 28 SECTION 2672 ADMINISTRATIVE ADJUSTMENT OF CLAIMS [Dkt. No. 35] ("Motion #22")**

In this Motion, Class seeks "removal" of his action to the "proper Administrate [sic] jurisdiction and venue" pursuant to 28 U.S.C. § 2672. He also seeks "summary judgment" and dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court shall interpret as a Motion to Dismiss.[8]

Defendant cites the Dick Act of 1902, 32 Stat. 775, which he contends "invalidate[d] all gun laws[.]" Mot. at 10.

_____

[8] Summary judgment and dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to civil cases, not a criminal case such as this one.

- 21 -

**J. A. 90**

Contrary to this assertion, the Dick Act created the National
Guard system and is entirely inapplicable to the charges against
Defendant.[9]

Defendant also argues that the National Firearms Act of
1934, 48 Stat. 1236, defines the term "firearm" as including
only "[h]and guns and long rifles," such that the rifle and
pistols he allegedly possessed on United States Capitol Grounds
were not prohibited. Mot. at 10. Defendant is not charged
under the National Firearms Act of 1934, and therefore, it is
irrelevant to this case.[10]

The definition of firearm in this case is governed by two
other statutory provisions, 18 U.S.C. § 921(3), which is
incorporated by reference in 40 U.S.C. § 5104(a)(4), and 22 D.C.
Code 4504, both of which squarely apply to pistols and most
rifles. See 18 U.S.C. § 921(3) (defining a "firearm" to include

---

[9]  See 32 Stat. 775; Perpich v. Dep't of Def., 496 U.S. 334, 342
(1990) ("The Dick Act divided the class of able-bodied male
citizens between 18 and 45 years of age into an 'organized
militia' to be known as the National Guard of the several
States, and . . . [a] 'reserve militia,' and . . . provided that
federal funds and Regular Army instructors should be used to
train its members.").

[10]  The National Firearms Act of 1934 imposed restrictions and
levied taxes on the interstate transportation and sale of
firearms. See generally 48 Stat. 1236; United States v. Miller,
307 U.S. 174 (1939). It defined "firearm" as "a shotgun or
rifle having a barrel of less than eighteen inches in length, or
any other weapon, except a pistol or revolver, from which a shot
is discharged by an explosive if such weapon is capable of being
concealed on the person, or a machine gun . . . ." 48 Stat.
1236.

- 22 -

"any weapon . . . which will or is designed to . . . expel a projectile by the action of an explosive" other than an "antique firearm") (emphasis added); 22 D.C. Code § 4504(a) (prohibiting possession of a "pistol" or "any deadly or dangerous weapon capable of being . . . concealed") (emphasis added).

Finally, to the extent Defendant argues that this case should be dismissed because his prosecution violates the Second Amendment, as discussed in connection with Motion #8 above, the Court shall **defer** resolution of this issue pending the submission of further briefing by the Government.

For the foregoing reasons, this Motion shall be **deferred** as to the Second Amendment issue and otherwise shall be **denied.**

**23. OBJECTION TO GOVERNMENT'S OMNIBUS RESPONSE: RE: What The Living Flesh And Blood Man With A Soul, A Being/Natural Person, Was Subjected To After Being Unlawfully Arrested [Dkt. No. 36] ("Motion #23")**

In this Motion, Defendant repeats a number of arguments made in earlier Motions, which the Court has already addressed.

In addition, Defendant objects to "being rearrested for a second time" and subsequently "recharged for new Federal crimes" in this Court after his criminal case in Superior Court was dismissed. Mot. at 5-6. Defendant contends that the new federal charges were "based ONLY on the first Grand Jury's Indictment from Superior Court which was 'dismissed' under NOLLE PROSEQUI!" Mot. at 6.

- 23 -

To the extent Defendant objects to the filing of federal charges under the Double Jeopardy Clause of the Fifth Amendment, "the Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial[.]" United States v. Coughlin, 610 F.3d 89, 96 (D.C. Cir. 2010) (emphasis added) (citation omitted). "Dismissal of an indictment before trial, with or without prejudice, does not itself invoke jeopardy where it does not involve a determination of the underlying facts." United States v. Lindsey, 47 F.3d 440, 444 (D.C. Cir. 1995), judgment vacated on other grounds sub nom. Robinson v. United States, 516 U.S. 1023 (1995). Consequently, the mere refiling of charges in federal court does not violate the Double Jeopardy Clause.

To the extent, however, that Defendant contends that he was not indicted by a properly constituted federal grand jury, the Government has not responded to this argument and the Court lacks an adequate record to evaluate it. Therefore, resolution of this issue shall be **deferred** pending further briefing by the Government.

Defendant also challenges the validity of his arrest and the search and seizure of his vehicle under the Fourth Amendment, and reiterates his challenge to his interrogation under the Fifth Amendment. Mot. at 6-7. He contends that "the foundation for [his] arrest was based on a 'parking ticket' that

- 24 -

**J. A. 93**

was DISMISSED" and it was not until "AFTER [that] they did an
Illegal Search and Interrogation." Mot. at 7.   The Government
has not responded to these arguments and the Court lacks an
adequate record to evaluate them.   Therefore, as discussed in
connection with Motion #11 above, resolution of these issues is
also **deferred**.

Finally, in the exhibits appended to this Motion, Defendant
states that he holds a concealed firearm permit in North
Carolina allegedly permitting him to carry firearms in his
vehicle.   See Mot. at Claim for Damage, Injury or Death at 3.
The Court interprets this claim, in conjunction with the
arguments Defendant presented at the Motions Hearing and the
legal authorities cited in Motion #31 [Dkt. No. 44], to raise an
argument that Defendant's prosecution in the District of
Columbia for conduct allegedly permitted by his North Carolina
permit violates the Privileges and Immunities Clause of Article
IV of the Constitution, the Full Faith and Credit Clause, and
the Equal Protection Clause of the Fourteenth Amendment.   The
Government has not responded to these arguments and the record
is inadequate to evaluate them.

Consequently, the Government shall be ordered to file
further briefing on each of these issues no later than **May 1,
2014,** and Defendant may, but is not required to, file a further
Response within **14 days** of the Government's submission.

- 25 -

**J. A. 94**

In sum, this Motion shall be **deferred** as it relates to the sufficiency of the indictment and Defendants' arguments under the Second, Fourth, Fifth, and Fourteenth Amendments, and Article IV of the Constitution, and it shall otherwise be **denied.**

**24. MOTION FOR DISCOVERY F.R.C.P. RULE 37, F.R.C.P. RULE 16 And A Clarification of Verbal Communications Used By The Plaintiff [Dkt. No. 37] ("Motion #24")**

This Motion merely repeats arguments made in previous Motions, which the Court has addressed above. Therefore, it shall be **denied.**

**25. Motion for Administrative notice and demand: writ of error coram nobis memorandum in law, Fed. R. Civ. P. 60 and Fed. R. Civ. P. 46 [Dkt. No. 38] ("Motion #25")**

This Motion merely repeats arguments already made in the foregoing Motions, each of which have already been rejected, and cites additional authorities that have no relevance to this case. Consequently, it shall also be **denied.**

**26. Requirement To Have The Plaintiff Appear Before the District Court (This Court) [Dkt. No. 39] ("Motion #26")**

The Court construes this Motion as a request for a hearing on the previously-filed Motions, which the Court has already granted. It shall therefore be **denied as moot.**

- 26 -

**J. A. 95**

**27.  Take Judicial Notice: Prayer For Verification for Declaratory Status and Inquisition Status Of Declarant [Dkt. No. 40] ("Motion #27")**

In this Motion, Defendant cites yet additional legal authorities that have no apparent relevance to his case, including "Executive Order 6174 on Public Works Administration," the National Industrial Recovery Act, 48 Stat. 195, and the Classification Act of 1923, 5 U.S.C. § 1071 et seq. It shall therefore be **denied**.

**28.  ADMINISTRATIVE NOTICE; IN THE NATURE OF WRIT OF ERROR CORAM NOBIS & A DEMAND FOR DISMISSAL OR STATE THE PROPER JURISDICTION [Dkt. No. 41] ("Motion #28")**

This Motion merely repeats arguments already made in the foregoing Motions, each of which have already been rejected. Consequently, it shall be **denied.**

**29.  OBJECTION TO GOVERNMENT'S OMNIBUS RESPONSE: RE: What The Flesh And Blood Man With A Soul, A Being/Natural Person, Was Subjected To After Being Unlawfully Arrested [Dkt. No. 42] ("Motion #29")**

This Motion appears to be a verbatim copy of Motion #23 [Dkt. No. 36], discussed above. It shall be **denied** as duplicative.

**30.  JUDICIAL NOTICE MOTION TO REMOVE UNITED STATES CODE 28 SECTION 2672 ADMINISTRATIVE ADJUSTMENT OF CLAIMS [Dkt. No. 43] ("Motion #30")**

This Motion appears to be a verbatim copy of Motion #22 [Dkt. No. 35], discussed above. It shall also be **denied** as duplicative.

- 27 -

**J. A. 96**

> **31.   Take Judicial Notice: Federal Rules Violations And**
> **Willful Fraud Upon The Court As Grounds For Motion Of**
> **Dismissal, And A Request for Summary Judgment [Dkt.**
> **No. 44] ("Motion #31")**

The Court construes this Motion as a Motion to Dismiss for various constitutional violations.   To the extent Defendant argues that his Sixth Amendment right to confront witnesses has been violated, that right does not apply until trial and therefore, by definition, it has not been violated.

To the extent Defendant argues that his First Amendment right to petition his government has been violated, he provides no support for this argument.

To the extent Defendant argues that this prosecution violates his rights under the Privilege and Immunities Clause of Article IV and the Equal Protection Clause of the Fourteenth Amendment, the Court has addressed those arguments in connection with Motion #23 [Dkt. No. 36] above.

Defendant also repeats a number of other arguments that have already been addressed above.   Consequently, this Motion shall be **denied**.

> **32.   TAKE JUDICIAL NOTICE: FRAUD UPON THE COURT,**
> **2ND MOTION For Lawyer A.J. Kramer To Step Aside As**
> **Ineffective Counsel [Dkt. No. 45] ("Motion #32")**

This Motion is wholly repetitive of Defendant's prior Motions.   It shall be **denied**.

**J. A. 97**

### 33.  Take Judicial Notice: Verification for Declaratory Status Under the Tenth Amendment [Dkt. No. 46] ("Motion #33")

This Motion repeats arguments already made in the foregoing Motions, each of which have already been rejected, and cites additional authorities that have no relevance to this case. Consequently, it shall be **denied.**

### 34.  2ND MOTION FOR DISCOVERY: F.R.C.P. RULE 37, F.R.C.P. RULE 16 And A Clarification Of Bonds Used By The Plaintiff [Dkt. No. 47] ("Motion #34")

Although styled as a "Motion for Discovery," this Motion does not seek any discovery that could even conceivably be relevant to this case.   Instead, it asserts that Defendant's birth name has been converted to a "Registered Trade" name in violation of the Uniform Commercial Code and seeks information purportedly relating to such purported conversion.    These allegations are unsupported and irrelevant to whether Defendant violated 40 U.S.C. § 5104(e)(1) and 22 D.C. Code § 4504(a). Furthermore, the Court has already addressed Defendant's request for discovery above.  Consequently, the Motion shall be **denied**.

### 35.  BY CONGRESSIONAL ACT: A Right To Act As A Private Attorney General, AND BY CONSTITUTIONAL AUTHORITY: To Receive Letters Of Marque And Reprisal [Dkt. No. 48] ("Motion #35")

In  this  Motion,  Defendant  claims  he  has  been  given authority by the House and Senate to act as a private attorney general.  There is no evidence supporting either this allegation

or Defendant's related assertion that the Court lacks subject matter jurisdiction over this case. Consequently, this Motion shall be **denied**.

### 36. ADMINISTRATIVE NOTICE; IN THE NATURE OF WRIT OF ERROR CORAM NOBIS & A DEMAND FOR DISMISSAL OR STATE THE PROPER JURISDICTION [Dkt. No. 49]("Motion #36")

This Motion is an exact copy of Motion #28 [Dkt. No. 41] discussed above. Therefore, it shall be **denied** as duplicative.

### III. CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

ORDERED, that Motion numbers 1, 3, 6, 7, 9, 10, 12-21, and 24-36 [Dkt. Nos. 7, 11, 14, 16, 21, 22, 25-34, 37-49] are denied; and it is further

ORDERED, that Motion numbers 2 and 5 [Dkt. Nos. 10 and 13] are granted; and it is further

ORDERED, that Motion number 4 is granted in part and denied in part; and it is further

ORDERED, that the Government, having previously been given permission by the Court to file summary responses to Defendant's Motions, is now directed to file, no later than May 1, 2014, a substantive response to Motion numbers 8, 11, 22, and 23, insofar as they challenge the sufficiency of the grand jury indictment and the legality of Defendant's prosecution under the

- 30 -

Second, Fourth,[11] Fifth and Fourteen Amendments and Article IV of the United States Constitution.   The Government may file its Response in a single pleading, and Defendant may file a single reply to the Government's response no later than **May 15, 2014**; and it is further

  **ORDERED,** that Motion numbers 8, 11, 22, and 23 are **deferred** insofar as they relate to the issues set forth in the preceding paragraph, and are otherwise **denied.**

April 16, 2014                              Gladys Kessler
                                           United States District Judge

**Copies to Counsel by ECF and by mail to:**

RODNEY CLASS
432 North Lincoln Street
High Shoals, NC 28077

---

[11] The Government should address Defendant's assertions that he was originally arrested on a traffic violation that was subsequently dismissed and that the Capitol Police officers searched his vehicle without a warrant.   These assertions appear inconsistent with the Government's description of Defendant's arrest and the search of his vehicle. See Mot. to Admit Other Crimes Evid. Under Fed. R. Evid. 404(b) at 1-2 [Dkt. No. 50].

- 31 -

**J. A. 100**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIMINAL NO. 13-00253 (GK)** |
| **RODNEY CLASS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S
## MOTIONS SEEKING MISCELLANEOUS RELIEF

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files the following response to Defendant Rodney Class's various *pro se* motions seeking miscellaneous relief. The defendant's arguments lack merit and his requests for relief should be denied.

### FACTUAL BACKGROUND

The government expects the evidence at a hearing or trial to show that, on May 30, 2013, at approximately 11:35 a.m., the defendant parked his Jeep Rubicon in a permit-only parking area on the south side of the Capitol near the U.S. Botanic Garden.[1] The defendant got out of the Jeep and walked into House and Senate office buildings where he had paperwork purporting to appoint him a "Private Attorney General" time stamped at the offices of various committees and Members of Congress.

While the defendant was in the Capitol and its office buildings, United States Capitol Police Special Agent Laneeka Manning was on patrol and observed the defendant's Jeep displaying North Carolina license plates parked in the permit-only parking area. Manning approached the vehicle and determined that the Jeep did not have a parking permit displayed on

---

[1] This area is reserved for employees of the House of Representatives.

the front windshield.  Manning looked through the windows of the Jeep and observed, in plain view, a machete strapped to the roll bar and what appeared to be a holster in the map pocket of the driver's side door.  Manning radioed for additional officers and a bomb dog to come to her location in the parking lot.  After conducting a search for the registered owner of the Jeep, officers obtained the name and a photograph of the defendant.

At approximately 1:30 p.m., the defendant left the Capitol building and walked back to the parking lot.  As the defendant approached the Jeep and the Capitol Police officers, the officers asked the defendant if his name was Rodney Class.  The defendant acknowledged that was his name.  An officer asked the defendant if it was his Jeep and the defendant confirmed that the Jeep belonged to him.  For the safety of the officers, a police officer asked the defendant if he had any weapons on him to which the defendant replied that he did not.  An officer inquired of the defendant whether there were weapons in the vehicle and the defendant confirmed that there were.  The officer asked the defendant if he could check the defendant for weapons and the defendant responded that was fine.  The officer then frisked the defendant and did not discover any weapons.

Roughly contemporaneous with this frisk, the defendant said words to the effect of, "We're on the same team," and said he had a document to prove it.  One of the officers asked the defendant what he meant and the defendant showed the officers a document which the defendant claimed appointed him a law enforcement officer.  When an officer asked the defendant about the document, the defendant said he was on his way to arrest a federal judge in Pennsylvania but, before he could do so, he needed the document to be signed by Members of Congress.

The officers asked the defendant to sit in the back seat of a police car while they continued to conduct their on-scene investigation.  After complying with this request, the

defendant asked the officers if there was a problem and an officer informed the defendant that it

is illegal to have weapons on Capitol grounds.  In response, the defendant told the officers, *inter*

*alia*, that he is a "Private Attorney General," federal law does not apply to him, the District of

Columbia is not a state, federal agents do not have authority to enforce the law in the District of

Columbia, and the Capitol Police do not have arrest authority.

Shortly thereafter, the officers took the defendant out of the police car, placed him in

handcuffs, and informed him that he was under arrest.[2]  During this process, the defendant

continued to claim that the officers did not have authority to arrest him.  Officers asked the

defendant if he would consent to a search of his car and he initially agreed but, once he was

given a written consent form and the officers told him they could not make the textual changes

he requested, the defendant refused to sign the form.  The officers placed the defendant in a

police wagon and transported him to the Capitol Police headquarters.   They towed the Jeep to

the Metropolitan Police Department's impound lot while they applied for, and eventually

obtained, a warrant to search the Jeep.  During a subsequent search of the Jeep pursuant to the

warrant, officers recovered two loaded pistols, a loaded rifle, over 200 rounds of ammunition, 15

knives, and three axes.  The guns were found (a) in a holster between the front seats, (b) inside a

rifle case behind the front seat, and (c) in a suitcase in the rear of the Jeep.

The defendant was interviewed at Capitol Police headquarters by special agents with the

Federal Bureau of Investigation.  At the commencement of this interview, the agents reviewed

with the defendant his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  The defendant

acknowledged that he understood his rights and wished to answer questions without an attorney.

The defendant memorialized his waiver of these rights by signing a "Waiver" card that contained

---

[2] In addition to the criminal charges for which the defendant was arrested, the Capitol Police officers also issued the
defendant a warning for parking in a permitted area.

the rights he was waiving.  See Ex. A.  During this interview the defendant stated, *inter alia*, that

he had parked his car in the parking lot closest to the Southwest side of the Capitol, went inside

the Capitol and to office buildings to have his "Commission by Declaration" signed, believes he

is a "Constitutional Bounty Hunter" and "Private Attorney General," and plans to enforce Title

18 of the United States Code against federal judges who he believes have broken the law.  He

further stated that he travels around the country with his guns and other weapons and planned to

bring them to eastern Pennsylvania where he planned to bring charges against a federal judge.

## PROCEDURAL BACKGROUND

On May 31, 2013, the defendant was charged by complaint in District of Columbia

Superior Court with Carrying a Pistol under D.C. Code § 22-4504(a).  After a three-day period of

detention under D.C. Code § 22-1322(b), the defendant was released on conditions of release

including a stay-away order from the District of Columbia.  On September 3, 2013, a grand jury

indicted the defendant in the United States District Court for the District of Columbia on two

charges: Possession of a Firearm on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(1), and

Carrying a Pistol in violation of D.C. Code § 22-4504(a).[3]

Thereafter, from January 3 to March 27, 2014, the defendant, although still represented

by counsel, filed thirty-six *pro se* motions [Dkt. Nos. 7, 10-14, 16, 20-22, 23, 25-49].  At a status

hearing on February 3, 2014, the government inquired of the Court which motions would require

a response. The Court indicated that it wished the government to state its positions on each of the

---

[3] This Court has construed one of the defendant's motions as contending "that he was not indicted by a properly
constituted federal grand jury.  See Mem. Op. at 24 [Dkt. No. 76].  The grand jury that indicted the defendant was
Grand Jury 12-2 and was sworn in on May 7, 2012.  In compliance with Rule 6(f), the foreperson of the grand jury
returned the indictment on September 3, 2013 to a United States Magistrate Judge in open court.  See Ex. B
(certified copy of signed indictment).  The defendant has not – and cannot – point to any defect in the grand jury's
indictment that would justify its dismissal.  See Mem. Op. at 24 ("Defendant has not identified any deficiencies in
the grand jury process") [Dkt. No. 76].

defendant's requests for relief, but that memoranda of law on each point were not necessary. The Court also ordered a competency evaluation of the defendant.

On February 7, March 7, and April 4, 2014, the government filed Omnibus Responses to the Defendants' Motions [Dkt. Nos. 17, 24, 51]. On April 7, 2014, the Court held a hearing on the defendants' motions at which the parties presented oral argument.

On April 16, 2014, the Court issued a Memorandum Opinion and Order granting in part, denying in part, and deferring in part the defendant's thirty-six motions [Dkt. No. 76]. In this Opinion, the Court construed the portions of the defendant's motions on which the Court deferred ruling to (a) raise Second Amendment challenges to his prosecution, (b) claim "he was searched and seized without a proper complaint, that he was interrogated for hours without a Miranda warning, and that his seized property was never returned to him," (c) claim he was not indicted by a properly constituted federal grand jury, (d) "challenge the validity of his arrest and the search and seizure of his vehicle under the Fourth Amendment," and (e) assert that his "prosecution in the District of Columbia for conduct allegedly permitted by his North Carolina permit violates the Privileged and immunities Clause of Article IV of the Constitution, the Full Faith and Credit Clause, and the Equal Protection Clause of the Fourteenth Amendment." See Mem. Op. at 14, 15, 23, 24, 25, 28 (citation and internal quotations omitted) [Dkt. No. 76]. The Court further ordered the Government to "address Defendant's assertion that he was originally arrested on a traffic violation that was subsequently dismissed and that the Capitol Police officers searched his vehicle without a warrant." See Mem. Op. at 31 [Dkt. No. 76].

## ARGUMENT

**I.    DEFENDANT'S CONDUCT IS NOT PROTECTED BY THE SECOND AMENDMENT**

Defendant, appearing *pro se*, has moved to dismiss the indictment on various grounds. Specifically, defendant contends that a criminal prosecution arising from the unlawful possession of firearms in this case violates the Second Amendment (Def. Mot. filed 3/26/14 at 6-7; Def. Mot. at 6-7 filed 2/18/14).  By Order filed on April 16, 2014, this Court has ordered the United States to respond to defendant's Second Amendment challenge. Accordingly, the United States submits the following points and authorities in opposition to defendant's motions.

### A.    <u>Heller</u> Does Not Support Defendant's Second Amendment Claims

The Second Amendment provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.  In <u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment confers upon an individual the right to keep and bear arms that is not conditioned on service in a militia. 554 U.S. at 595.  At the "core" of the Second Amendment is the right of "law-abiding, responsible citizens to use arms in defense of hearth and home."  <u>Id.</u> at 635 (holding that a District of Columbia ordinance, which created an "absolute prohibition of handguns held and used for self-defense in the home," could not withstand any level of "scrutiny that [the Court] has applied to enumerated Constitutional rights").

In <u>Heller</u>, the Supreme Court held that the Second Amendment protects an individual's right to keep and bear arms, which includes the right to possess firearms in the home, and the right to have those firearms in a condition "operable for the purpose of immediate self-defense."

<u>Heller</u>, 554 U.S. at 573-636.[4]   The respondent in <u>Heller</u> was a special police officer in the District of Columbia, who applied to register a handgun that he wished to keep in his home.  <u>Id.</u> at 575-576. Relying on statutes that generally prohibit the possession of handguns in the District, the District refused to grant Heller a registration certificate.  <u>Id.</u> Heller then filed a civil suit on Second Amendment grounds.  <u>Id.</u> Heller sought to enjoin the District from enforcing (1) the District's bar on the registration of handguns; (2) the licensing requirement for firearms, insofar as it prohibits the carrying of a firearm in the home without a license; and (3) the "trigger-lock requirement," which requires that a lawfully owned firearm be kept "unloaded and dissembled or bound by a trigger lock or similar device" if the firearm is kept in the home.  <u>Id.</u>

The Supreme Court held that the Second Amendment does not permit "the absolute prohibition of handguns held and used for self-defense in the home." <u>Heller</u>, 554 U.S. at 636. The District's ban on handguns was deemed unconstitutional to the extent that it prohibits "an entire class of arms that is overwhelmingly chosen by American society for [the] lawful purpose [of self-defense]," and extends that prohibition to the home, "where the need for defense of self, family, and property is most acute."  <u>Id.</u> at 627-28.  The "District's requirement . . . that firearms in the home be rendered and kept inoperable at all times" was also found to violate the Second Amendment. <u>Id.</u> at 630. The Court specifically declined to address Heller's challenge to the District's licensing requirement, because the Court presumed that its holding with respect to the registration requirement would enable Heller to secure a license to carry a firearm in his home. <u>Id.</u> at 630-31.

Although <u>Heller</u> held that the relevant provisions were unconstitutional as applied in the context of banning handguns that are possessed in the home and in the context of prohibiting the

---

[4]   <u>Heller</u> overruled prior contrary case law in this jurisdiction. <u>See</u> <u>Sandidge v. United States</u>, 520 A.2d 1057, 1058-59 (D.C. 1987).

rendering of firearms inoperable for the purpose of self-defense, <u>Heller</u> did not wholly invalidate the registration and licensing scheme.  Indeed, the Court's remedy for the Second Amendment violation presumed that the District's basic framework for registering and licensing firearms would remain in place – the Court held that the District "must permit [Heller] to register his handgun and must issue him a license to carry it in the home."  <u>Heller</u>, 554 U.S. at 635.

Moreover, the Court specifically noted that the right secured by the Second Amendment is "not unlimited."  <u>Heller</u>, 554 U.S. at 626.  The Court acknowledged, for example, that prohibitions on carrying concealed weapons have been deemed lawful under the Second Amendment.  <u>Id.</u>  The Court also emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."  <u>Id.</u> at 626-627.  And the Court specifically noted that those "presumptively lawful regulatory measures" were just examples, and that the list provided was not "exhaustive."  <u>Id.</u> at 627 n.26.  In addition, the Court limited the sorts of weapons protected by the Second Amendment to those "in common use," <u>id.</u> at 627, and noted that the Second Amendment "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes," <u>id.</u> at 625.

Again in <u>McDonald v. Chicago</u>, 120 S. Ct. 3020 (2010), the Supreme Court emphasized that <u>Heller</u> "recognized that the right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'"  <u>Id.</u> (quoting <u>Heller</u>, 554 U.S. at 626).  <u>McDonald</u> further noted that its "holding did not cast doubt on [] longstanding regulatory measures," including "laws imposing conditions and qualifications on the commercial sale of arms."  <u>Id.</u>  (quoting <u>Heller</u>, 554 U.S. at 626-627).

Following the Supreme Court's decision in <u>Heller</u>, the District of Columbia revised its

firearms regulations,[5] and those regulations were again challenged on appeal.    In <u>Heller v.</u>

<u>District of Columbia</u> (<u>Heller</u> <u>II</u>), 670 F.3d 1244 (D.C. Cir. 2011), the Court of Appeals for the

District of Columbia Circuit addressed the framework within which to evaluate Second

Amendment challenges:

> Under <u>Heller</u>, therefore, there are certain types of firearms regulations that do not
> govern conduct within the scope of the Amendment. We accordingly adopt, as
> have other circuits, a two-step approach to determining the constitutionality of the
> District's gun laws. <u>Ezell v. City of Chicago</u>, 651 F.3d 684, 701–04 (7th Cir.
> 2011); <u>United States v. Chester</u>, 628 F.3d 673, 680 (4th Cir. 2010); <u>United States</u>
> <u>v. Reese</u>, 627 F.3d 792, 800–01 (10th Cir. 2010); <u>United States v. Marzzarella</u>,
> 614 F.3d 85, 89 (3d Cir. 2010). We ask first whether a particular provision
> impinges upon a right protected by the Second Amendment; if it does, then we go
> on to determine whether the provision passes muster under the appropriate level
> of constitutional scrutiny.  <u>See</u> <u>Ezell</u>, 651 F.3d at 701–04; <u>Chester</u>, 628 F.3d at
> 680; <u>Reese</u>, 627 F.3d at 800–01; <u>Marzzarella</u>, 614 F.3d at 89; <u>see also</u> <u>Nordyke v.</u>
> <u>King</u>, 644 F.3d 776, 786 (9th Cir. 2011) ("only regulations which substantially
> burden the right to keep and to bear arms trigger heightened scrutiny under the
> Second Amendment").

---

[5] In response to the Supreme Court's decision in <u>Heller</u>, the District of Columbia enacted
a series of emergency amendments to its firearms statutes, including the "Firearms Control
Amendment Act of 2008," D.C. Act 17-422 (July 16, 2008), 55 DCR 8237; the "Second
Firearms Control Amendment Act of 2008," D.C. Act 17-502 (Sept. 16, 2008), 55 DCR 9904;
the "Second Firearms Control Congressional Review Emergency Amendment Act of 2008,"
D.C. Act 17-601 (Dec. 12, 2008), 56 DCR 9; and the "Firearms Registration Emergency
Amendment Act of 2008," D.C. Act 17-651 (January 6, 2009), 56 DCR 911.  The emergency
amendments became permanent in D.C. Law 17-372 (effective March 31, 2009), 56 DCR 1365.
Under these statutory amendments, the District of Columbia, *inter alia*, provided a self-defense
exemption for temporary possession of a firearm registered to another person within the
registrant's home, and provided for the registration of pistols for use in self-defense within the
home. <u>See</u> D.C. Code § 7-2502.03 (registration procedures). The District of Columbia also
amended its regulations in order to implement those new statutory provisions.    <u>See</u> 24 D.C.
Mun. Reg. § 2300.3 (allowing discharge of "a registered firearm while it is being used to protect
against a reasonably perceived threat of immediate harm to a person in the registrant's home");
24 D.C. Mun. Reg. § 2320 (establishing "Procedures and Requirements for Registration of a
Pistol for the Purpose of Self-Defense Within the Applicant's Home").

Applying this analysis, the D.C. Circuit concluded that "basic registration of handguns is deeply enough rooted in our history to support the presumption that a registration requirement is constitutional." 670 F.3d at 1252-53.  The Circuit then remanded for further consideration of some of the District's more unique registration requirements, such as firearms testing and fingerprinting, under intermediate constitutional scrutiny.  Id.

Similarly, state courts have long recognized that the existence of an individual right to keep and bear arms does not preclude appropriately drawn licensing and registration requirements. See, e.g., Davis v. State, 146 So. 2d 892, 893-894 (Fla. 1962) (upholding law prohibiting unlicensed carrying of pistol or repeating rifle; law "was designed to protect the people . . . from the bearing of weapons by the unskilled, the irresponsible, and the lawless"); Strickland v. State, 72 S.E. 260, 260-265 (Ga. 1911) (upholding law prohibiting carrying pistol without license); State v. Mendoza, 920 P.2d 357, 359-368 (Hawaii 1996) (upholding law prohibiting possession of firearm without permit; law permissibly intended to ensure that "only those who are mature, law abiding, competent persons possess firearms"); Matthews v. State, 148 N.E.2d 334, 337-338 (Ind. 1958) (upholding law prohibiting unlicensed carrying of pistol outside abode or place of business); People v. McFadden, 188 N.W.2d 141, 143-144 (Mich. Ct. App. 1971) (upholding law prohibiting unlicensed carrying of pistol concealed on person or in vehicle); Mosher v. City of Dayton, 358 N.E.2d 540, 542-543 (Ohio 1976) (upholding ordinance requiring that person wishing to possess handgun first obtain handgun identification card); State v. Tully, 89 P.2d 517, 517-518 (Wash. 1939) (upholding law prohibiting unlicensed carrying of pistol concealed on person or in vehicle). Thus, to the extent that the defendant is arguing that the Second Amendment precludes regulation of the possession and carrying of firearms, that claim fails.

**J. A. 110**

**B.      These Criminal Statutes May Be Lawfully Applied to the Defendant's Conduct**

This Court need not – and should not – decide any broad constitutional claims buried within the defendant's pleadings here. Whatever problems there may be with these particular regulatory regimes, this defendant may not invoke the Second Amendment's protections.  Put differently, even if, under other circumstances, the Second Amendment would protect a citizen's right to carry a gun outside the home for purposes of lawful self-defense without a registration or license, the defendant here cannot avail himself of those legal protections. The prospect of other, potentially invalid applications of these firearms provisions does not assist this defendant.

Even assuming, *arguendo*, that a statute is unconstitutional in one respect, the statute is not necessarily void in all respects.  See, e.g., Babbitt v. Sweet Home Chapter of Communities for a Great Oregon, 515 U.S. 687, 699-700 (1995); United States v. Salerno, 481 U.S. 739, 745 (1987); Schall v. Martin, 467 U.S. 253, 268 n.18 (1984) ("More fundamentally, this sort of attack on a criminal statute must be made on a case-by-case basis.  The Court will not sift through the entire class to determine whether the statute was constitutionally applied in each case. And, outside the limited First Amendment context, a criminal statute may not be attacked as overbroad.") (citations omitted).  In fact, over a hundred years ago, a court in this jurisdiction rejected the theory now espoused by the defendant as "not reasonable" and contrary to Supreme Court precedent.  Chapman v. United States, 5 App. D.C. 122, 1895 WL 11796, *6 (D.C. Cir. 1895) (Where a statute by its terms might "apply to objects forbidden by the Constitution[,] . . . the statute will be allowed its full force and operation, as applicable to all cases, rightfully and

constitutionally within its provisions, but such application will be restrained as to those objects simply to which the statute is forbidden to extend.") (citing cases).[6]

This defendant may not invoke the Second Amendment to protect any alleged right to carry a concealed weapon in a sensitive area, on government property, such as the grounds of the United States Capitol.   Restricting the possession of firearms in "sensitive places" is presumptively lawful under the Second Amendment.  See Heller, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on . . . laws forbidding the carrying of firearms in sensitive places such as schools and government buildings. . ."). See also United States v. Masciandaro, 638 F.3d 458 (4th Cir. 2011) (although not deciding whether a national park qualified as a "sensitive place" under Heller, the Fourth Circuit rejected Second Amendment challenge to defendant's conviction for possessing a loaded handgun in a national park, pursuant to 36 C.F.R. § 2.4(b), given that "the government has a substantial interest in providing for the safety of individuals who visit and make use of the national parks"); United States v. Dorosan, 350 Fed. Appx. 874 (5th Cir. 2009) (upholding validity of regulation prohibiting guns on U.S. Postal Service property); DiGiacinto v. Rector & Visitors of George Mason Univ., 704 S.E.2d

---

[6]  See also, e.g., Ayotte v. Planned Parenthood, 546 U.S. 320, 328-29 (2006) ("Generally speaking, when confronting a constitutional flaw in a statute, we try to limit the solution to the problem. We prefer, for example, to enjoin only the unconstitutional applications of a statute while leaving other applications in force, or to sever its problematic portions while leaving the remainder intact. . . . [W]e try not to nullify more of a legislature's work than is necessary, for we know that a ruling of unconstitutionality frustrates the intent of the elected representatives of the people.  It is axiomatic that a statute may be invalid as applied to one state of facts and yet valid as applied to another. Accordingly, the normal rule is that partial, rather than facial, invalidation is the required course, such that a statute may be declared invalid to the extent that it reaches too far, but otherwise left intact.") (citations and internal quotations omitted); United States v. Booker, 543 U.S. 220, 258-59 (2005) (invalidating Sentencing Reform Act only in part; although certain provisions of Sentencing Reform Act violate Sixth Amendment, those parts can be severed from other parts of Act; "And we must refrain from invalidating more of the statute than is necessary.  Indeed, we must retain those portions of the Act that are (1) constitutionally valid; (2) capable of functioning independently; and (3) consistent with Congress' basic objectives in enacting the statute.") (citations and internal quotations omitted).

365 (Va. 2011) (upholding regulations banning possession of firearms on public university's property). Furthermore, the defendant here does not allege that he carried the weapon for lawful self-defense. Because the defendant does not contend that he carried the weapon for lawful self-defensive purposes, he may not avail himself of the Second Amendment right that was recognized by the Supreme Court in Heller.[7]

Moreover, a "conviction for carrying a concealed pistol without a license on the streets of the District of Columbia [does] not violate [the] constitutional right to keep and bear arms." Gamble v. United States, 30 A.2d 161, 164 (D.C. 2011). Indeed, "more than a century ago, the Supreme Court commented that 'the right of the people to keep and bear arms (article 2) is not infringed by laws prohibiting the carrying of concealed weapons[.]'" Id. (quoting Robertson v. Baldwin, 165 U.S. 275, 281-282 (1897) (dictum)); see also Peterson v. Martinez, 707 F.3d 1197, 1212 (10th Cir. 2013) (declining to address broader constitutional questions and rejecting defendant's claims on the ground that the concealed carrying of firearms falls outside the scope of the Second Amendment's guarantee).

### C.     The Defendant May Not Invoke the Equal Protection Clause or Privileges and Immunities Clause to Escape Criminal Prosecution Here.

The defendant cannot show that enforcement of these firearms provisions against him would run afoul of the Equal Protection Clause or the Privileges and Immunities Clause.

---

[7] Nor could the defendant justify his decision to carry a gun on the streets of the District of Columbia as a matter of anticipatory self-defense. See Mack v. United States, 6 A.3d 1224, 1229 (D.C. 2010) (Mack "asks [the Court] to recognize a right to carry a dangerous weapon on the streets of the District of Columbia as a precautionary measure, in anticipation of the need to use it in self-defense. We have never recognized such a sweeping exemption from the statute's prohibition. Indeed, doing so now would be inconsistent with prior, binding authority.") (internal footnote and citations omitted); Hurt v. United States, 337 A.2d 215, 217 (D.C.1975) (self-defense doctrine "is inapplicable where one anticipating harm carries a pistol in public for a period of time before the actual danger arises").

Every individual – whether a District resident or a non-resident – would be subject to prosecution under the facts and circumstances of this case. Put differently, the defendant cannot show that his Second Amendment rights have been treated with any less respect than the purported Second Amendment rights of the residents of the District of Columbia. Accordingly, the enforcement of these provisions in this case does not implicate the defendant's rights under the Equal Protection Clause. See City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 440 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike.").

Defendant's effort to invoke the Privileges and Immunities Clause fares no better. "The privileges and immunities clause of article IV, section 2, serves to establish a 'norm of comity … that is to prevail among the States with respect to their treatment of each other's residents.'" Hicklin v. Orbeck, 437 U.S. 518, 523-524 (1978) (citation omitted). Given Congress's plenary power to enact legislation pertaining to the District of Columbia, it is far from clear that the Privileges and Immunities Clause would apply to the District of Columbia's firearms regulations. See Banner v. United States, 428 F.3d 303, 308 (D.C. Cir. 2005) (citing Neild v. District of Columbia, 110 F.2d 246, 249 n. 3 (D.C. Cir.1940) (Privileges and Immunities Clause is "a limitation upon the states only and in no way affects the powers of Congress over the District of Columbia")). Even assuming, arguendo, that the Privileges and Immunities Clause does apply to the firearms regulations at issue, the District of Columbia's firearms regulations do not violate any rule of comity because these regulations apply to all persons within the District of Columbia's territorial jurisdiction, regardless of his or her state of residence. See, e.g., Teare v. Committee on Admissions, 566 A.2d 23, 29-30 (D.C. 1989) (requirement that applicants to the

District of Columbia Bar who seek admission without examination graduate from an ABA accredited law school does not violate the Privileges and Immunities Clause because "[i]t applies equally to D.C. residents and non-D.C. residents alike").

The defendant suggests that the fact that he (allegedly) serves as a "Private Attorney General and a 14th Amendment Bounty Hunter" in North Carolina somehow vests him with a Second Amendment right to carry a weapon in the District without following the District of Columbia's procedures (Def. Mot. filed 3/26/14 at 10). However, the North Carolina law does not divest the District of Columbia of its ability to enact and enforce its own criminal laws within its own territorial jurisdiction. See generally 21 Am. Jur. 2d. Criminal Law § 435 (2009) ("a state's criminal law has no force and effect beyond its territorial limits"). Subject to the exception of D.C. Code § 7-2502.01, the District of Columbia requires persons in possession of a firearm to obtain a registration. The defendant did not have (and does not assert that he ever attempted to obtain) a registration to possess a firearm in the District of Columbia. Therefore, he remains subject to prosecution for his conduct in this jurisdiction without regard to whether he could lawfully possess a weapon in North Carolina.

Indeed, the District of Columbia Court of Appeals has rejected an analogous claim in Hargrove v. United States, 55 A.3d 852, 856 n.7 (D.C. 2012). There, a retired police officer argued that his firearms conviction could not survive scrutiny under the Second Amendment because he registered the weapon in Maryland, where he then resided. Id. at 856. Although the Court did not need to reach the issue (as it was raised for the first time on appeal), the Court nonetheless found that Hargroves's argument "has no merit in any event, certainly when analyzed for unpreserved plain error." Id. at n.7. Significantly, the Court cited with approval a number of cases from other jurisdictions rejecting residency-based challenges to gun-registration

requirements. Id. (citing Osterweil v. Bartlett, 819 F. Supp. 2d 72, 90 (N.D.N.Y. 2011) (upholding, against equal protection and right-to-travel challenges, New York state law requiring residency to obtain permit to possess and carry firearm); Peterson v. LaCabe, 783 F. Supp. 2d 1167, 1170 (D. Colo. 2011) (same, as to Colorado residency requirement to obtain permit to carry concealed handgun), aff'd on other grounds, 707 F.3d 1197 (10th Cir. 2013); Peruta v. County of San Diego, 758 F. Supp. 2d 1106, 1119–20 (S.D. Cal. 2010) (same, as to San Diego County residency requirement to carry concealed firearm)).

Finally, contrary to the defendant's suggestion, the regulatory scheme does not completely prohibit non-residents from possessing firearms while within the District. The District of Columbia does not require registration of firearms for "any nonresident of the District participating in any lawful recreational firearm-related activity in the District, or on his way to or from such activity in another jurisdiction." D.C. Code § 7-2502.01(b)(3). When in possession of a firearm for recreational purposes, the non-resident must, upon demand of law-enforcement personnel, "exhibit proof that he is on his way to or from such activity, and that his possession or control of such firearm is lawful in the jurisdiction in which he resides." Id. D.C. Code § 7-2502.01(b)(3) also requires that non-residents transporting a weapon from another State store it "in accordance with the provisions outlined in D.C. Code § 22-4504.02." The defendant has not shown that he satisfied these requirements.

## II.    NONE OF THE PHYSICAL EVIDENCE OR THE DEFENDANT'S STATEMENTS SHOULD BE SUPPRESSED

In one of his *pro se* motions, the defendant claims he was "searched and seized without a proper complaint," that he was "interrogated for hours without a Miranda warning," and that his property was seized and has not yet been returned [Def. Mot. filed 3/7/14 at ¶¶ 13, 14, 17]. Construing these assertions as raising challenges under the Fourth Amendment, the Court

ordered a substantive response from the government.  See Mem. Op. at 15 [Dkt. No. 76].  The

defendant's claims are without merit and should be denied.

### A. The Stop of the Defendant Was Reasonable

The defendant claims he was "searched and seized without a proper complaint" which the

Court has construed as a challenge under the Fourth Amendment to the circumstances

surrounding this initial contact with police officers.  See Mem. Op. at 15 [Dkt. No. 76] (quoting

Def. Mot. filed 3/7/14 at ¶ 13).  The Fourth Amendment protects against "unreasonable"

searches and seizures and the stop of an individual is thus "subject to the constitutional

imperative that it not be 'unreasonable' under the circumstances."  Whren v. United States, 517

U.S. 806, 810 (1996).  The police may make a brief investigative detention of a person (or an

object, see United States v. Nurse, 916 F.2d 20 (D.C. Cir. 1990)) upon "articulable suspicion."

Terry v. Ohio, 392 U.S. 1 (1968).

In evaluating the reasonableness of a particular stop, a court must judge the facts against

an objective standard: "'would the facts available to the officer at the moment of the seizure or

the search warrant a man of reasonable caution in the belief that the action taken was

appropriate?'"  United States v. Hill, 131 F.3d 1056, 1059 (D.C. Cir. 1997) (quoting Terry, 392

U.S. at 21-22) (further internal quotation omitted).  Here, the initial stop of the defendant was

imminently reasonable.  To begin with, prior to the interaction between the Capitol Police

officers and the defendant, the officers observed a machete and what appeared to be a gun holster

in a car they were able to identify as being registered to the defendant.  Therefore, at the time of

their initial contact with the defendant, the officers already had evidence that the defendant had

committed a violation of 40 U.S.C. § 5104(e)(1), which prohibits the possession of weapons on

the grounds of the U.S. Capitol.  Once the officers made contact with the defendant and the

defendant confirmed that the Jeep was his and there were weapons inside the vehicle, the officers

had ample cause to believe that the defendant had violated the prohibition on carrying weapons

on the Capitol grounds and therefore to detain him pending further on-scene investigation.

**B. Defendant's On-Scene Statements Were not the Product of Custodial Interrogation**

Although the defendant does not specify the statements he seeks to suppress, neither his

pre-arrest statements in the parking lot to the Capitol Police officers nor his post-arrest

statements to FBI agents were obtained in violation of the defendant's constitutional rights.

In Miranda v. Arizona, the Supreme Court held that, statements made during "custodial

interrogation" are only admissible if, prior to the defendant's statements, law enforcement

officers advised the accused of his right to remain silent and to have an attorney present during

questioning.  384 U.S. 436, 444, 467-74, 478-79 (1966).  As explained in Miranda, custodial

interrogation refers to "questioning initiated by law enforcement officers after a person has been

taken into custody or otherwise deprived of his freedom of action in any significant way."  Id. at

444.  The Supreme Court has stressed that these safeguards apply only when a defendant is both

in custody and being interrogated.  Rhode Island v. Innis, 446 U.S. 291, 297 (1980); Beckwith v.

United States, 425 U.S. 341, 347 (1975).

Moreover, it is clear that police need to be able to make "some inquiry . . . as part of an

investigation notwithstanding limited and brief restraints by police in their effort to screen crimes

from relatively routine mishaps."  Allen v. United States, 390 F.2d 476, 479 (Miranda warnings

not required before police may ask generic questions necessary to determine facts of situation),

supplemented, 404 F.2d 1335 (D.C. Cir. 1968); see also Reid v. United States, 581 A.2d 359

(D.C. 1990) (statements made in response to investigatory questions in an ambiguous situation

were properly admitted); Smith v. United States, 586 A.2d 684 (D.C. 1991) (instinctive question

to defendant in response to discovering that defendant brought gun into halfway house was not

an "interrogation" and did not violate <u>Miranda</u>); <u>Owens v. United States</u>, 340 A.2d 821 (D.C.

1975) (statements admissible where a police officer, while handcuffing a defendant on the roof

of a burglarized building, asked him what he was doing on the roof).

Here, the defendant's initial statements on scene acknowledging his identity and

ownership of the car were made while the defendant was neither in custody nor being

interrogated.  Moreover, the officer's questions that prompted those responses from the

defendant were just the type of limited inquiry allowed by <u>Allen</u> and its progeny to ascertain the

basic facts of a situation.

### C.  Defendant Waived His Fifth Amendment Rights During his Post-Arrest Interview

The defendant claims that his Fifth Amendment rights were violated during his post-

arrest interview with FBI agents because they did not inform him of his rights prior to his

interrogation [Def. Mot. filed 3/7/14 at ¶ 14].  This claim is belied by the facts and the applicable

law.

After receiving the <u>Miranda</u> warnings, a suspect may waive his rights and provide a

statement to the police without the presence of counsel.  <u>North Carolina v. Butler</u>, 441 U.S. 369,

372-76 (1979).  To be valid, the waiver must be (1) "voluntary in the sense that it was the

product of a free and deliberate choice rather than intimidation, coercion, or deception"; and (2)

knowing and intelligent in the sense that it was "made with a full awareness both of the right

being abandoned and the consequences of the decision to abandon it."  <u>Berghuis v. Thompkins</u>,

130 S. Ct. 2250, 2260 (2010) (citing <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986)).  "Only if the

'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and

the requisite level of comprehension may a court properly conclude that the Miranda rights have

been waived."  Burbine, 475 U.S. at 421.

Both requirements are satisfied here.  After his arrest, the defendant was taken to the

police station to be processed.  There, the defendant was interviewed by FBI agents after he was

informed of and then waived his Miranda rights orally and in writing.  See Ex. A.  The defendant

does not contest that he voluntarily waived his rights.  Indeed, he was not subject to any physical

violence, threats, or intimidating displays during the interview.  The defendant made no

argument or mention of these factors in his pleadings because there were none to allege.

Moreover, the defendant plainly understood how to refuse to waive his rights.  While still in the

House of Representatives parking and after consenting to be frisked, the defendant initially told

the officers they had his consent to search his Jeep.  But, after carefully reviewing a form the

officers asked the defendant to sign to memorialize his consent and asking the officers to make

certain textual changes to the document, the defendant refused to consent to a search of his Jeep.

The defendant's challenge to the manner in which his statements were obtained therefore must

fail.

**D.  The Search of the Defendant's Car Was Performed Pursuant to a Warrant and the Evidence Obtained Thereby Should Not be Suppressed**

The defendant claims he was searched "without a proper complaint" which the Court has

construed as a challenge under the Fourth Amendment to the constitutionality of the searches

conducted by the police of the defendant's person and his vehicle [Def. Mot. filed 3/7/14 at ¶

13].  This assertion has no merit.

As an initial matter, prior to being frisked, the defendant could have been placed under

arrest, and searched incident to that arrest, for possessing weapons on the Capitol grounds

because the officers had identified at least one prohibited weapon in the defendant's vehicle.  See

Chimel v. California, 395 U.S. 752, 763 (1969) (after making a valid arrest, police may conduct

a full search of the arrestee's person as well as the area under the arrestee's immediate control at

the time of arrest).  But, even if the officers did not yet have probable cause, the defendant

consented to the search of his person, and therefore the frisk was permissible because consensual

searches fall outside the Fourth Amendment's warrant requirement.  See United States v.

Drayton, 536 U.S. 194 (2002) (a search is not unreasonable under the Fourth Amendment if an

individual voluntarily consents to the search, even where officers have no reason to suspect an

individual has committed a crime); Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)

("[O]ne of the specifically established exceptions to the requirements of both a warrant and probable

cause is a search that is conducted pursuant to consent.").  There is no evidence of duress or

coercion, and nothing alleged by the defendant to demonstrate that this consent was not

voluntarily given.

    To the extent the defendant now challenges the search of his Jeep, that search was

conducted pursuant to a warrant and therefore in compliance with the requirements of the Fourth

Amendment.  See Ex. C.  The defendant has not claimed any deficiencies in the warrant because

there are no infirmities to allege.


                        Respectfully Submitted,

                        RONALD C. MACHEN JR.
                        UNITED STATES ATTORNEY
                        BAR NO.  447-889


        By:     _____/s/_____
                        PETER C. LALLAS
                        Assistant United States Attorney
                        New York Bar
                        (202) 252-6879
                        Peter.Lallas@usdoj.gov


                        **J. A. 121**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 13-CR-253 (RWR)** |
| | : | |
| **RODNEY CLASS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION TO DISMISS COUNT II

The United States, by its attorney, the United States Attorney for the District of Columbia,

pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, hereby requests leave of Court

to dismiss Count II, 22 DC Code 4504(a) (Carrying a Pistol (Outside Home or Place of Business)),

without prejudice.

Respectfully submitted,

RONALD C. MACHEN
UNITED STATES ATTORNEY

By: _____
JEFF PEARLMAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing government's Motion to Dismiss has been mailed, postage prepaid, to the defendant, Rodney Class: 432 North Lincoln St., High Shoals, NC 28077 and emailed to counsel for defendant, A.J. Kramer, on this 20th day of August, 2014.

JEFF PEARLMAN
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL NO. 13-253 (RWR) |
| RODNEY CLASS, | : | TRIAL DATE:  OCTOBER 27, 2014 |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION FOR JURY INSTRUCTION ON INTENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files the following Motion seeking a limitation on the jury instruction for the elements of Carrying of a Firearm on Capitol Grounds.

The defendant at the time that he parked his vehicle, with multiple firearms and rounds of ammunition inside, was within the boundaries of the Capitol Grounds, as it is defined by statute.  It is not an element of the offense that the defendant knew that the area he was in was part of the Capitol Grounds.  Rather, Congress legislated that having firearms on Capitol Grounds – an area home to Congress -- required no such *mens rea* element.  Within a short walk and full sight of the Capitol Building itself, with his goal to enter buildings at the Capitol Grounds to do business there, the defendant was alerted to the probability that he was in an area where firearms were illegal.

## FACTUAL BACKGROUND

The government expects the evidence at a hearing or trial to show that, on May 30, 2013, at approximately 11:35 a.m., the defendant parked his Jeep Rubicon in a permit-only parking

area on the south side of the Capitol near the U.S. Botanic Garden.[1]  The place where he parked his Jeep is on Capitol Grounds.  The defendant got out of the Jeep and walked into House and Senate office buildings where he had paperwork purporting to appoint him a "Private Attorney General" time stamped at the offices of various committees and Members of Congress.

While the defendant was in the Capitol and its office buildings, United States Capitol Police Special Agent Laneeka Manning was on patrol and observed the defendant's Jeep displaying North Carolina license plates parked in the permit-only parking area.  Manning approached the vehicle and determined that the Jeep did not have a parking permit displayed on the front windshield.  Manning looked through the windows of the Jeep and observed, in plain view, a machete strapped to the roll bar and what appeared to be a holster in the map pocket of the driver's side door.  Manning radioed for additional officers and a bomb dog to come to her location in the parking lot.  After conducting a search for the registered owner of the Jeep, officers obtained the name and a photograph of the defendant.

At approximately 1:30 p.m., the defendant left the Capitol building and walked back to the parking lot.  As the defendant approached the Jeep and the Capitol Police officers, the officers asked the defendant if his name was Rodney Class.  The defendant acknowledged that was his name.  An officer asked the defendant if it was his Jeep and the defendant confirmed that the Jeep belonged to him.  For the safety of the officers, a police officer asked the defendant if he had any weapons on him to which the defendant replied that he did not.  An officer inquired of the defendant whether there were weapons in the vehicle and the defendant confirmed that there were.

---

[1] This area is reserved for employees of the House of Representatives.  There is no sign that states this is Capitol Grounds but there are signs that indicate permit parking only.  Within eyesight is the Capitol Building and visible signs of security, including a guard station, and street barriers.

The officers asked the defendant to sit in the back seat of a police car while they continued to conduct their on-scene investigation.  After complying with this request, the defendant asked the officers if there was a problem and an officer informed the defendant that it is illegal to have weapons on Capitol grounds.  In response, the defendant told the officers, *inter alia*, that he is a "Private Attorney General," federal law does not apply to him, the District of Columbia is not a state, federal agents do not have authority to enforce the law in the District of Columbia, and the Capitol Police do not have arrest authority.

During a search of the Jeep pursuant to a warrant, officers recovered two loaded pistols, a loaded rifle, over 200 rounds of ammunition, 15 knives, and three axes.  The guns were found (a) in a holster between the front seats, (b) inside a rifle case behind the front seat, and (c) in a suitcase in the rear of the Jeep.

The defendant was interviewed at Capitol Police headquarters by special agents with the Federal Bureau of Investigation.  During this interview the defendant stated, *inter alia*, that he had parked his car in the parking lot closest to the Southwest side of the Capitol, went inside the Capitol and to office buildings, including office buildings on the House and Senate sides of the Capitol, to have his "Commission by Declaration" signed, believes he is a "Constitutional Bounty Hunter" and "Private Attorney General," and plans to enforce Title 18 of the United States Code against federal judges who he believes have broken the law.  He further stated that he travels around the country with his guns and other weapons and intended to bring them to eastern Pennsylvania where he planned to bring charges against a federal judge.

On May 31, 2013, the defendant was charged by complaint in District of Columbia Superior Court with Carrying a Pistol under D.C. Code § 22-4504(a).  After a three-day period of detention under D.C. Code § 22-1322(b), the defendant was released on conditions of release

including a stay-away order from the District of Columbia.  On September 3, 2013, a grand jury indicted the defendant in the United States District Court for the District of Columbia on two charges: Possession of a Firearm on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(1), and Carrying a Pistol in violation of D.C. Code § 22-4504(a).[2]

The defendant on August 15, 2013, appeared before the grand jury.[3] The defendant waived his fifth amendment right not to incriminate himself and initially stated that he knew he was on Capitol Grounds:

Q:  Let me just ask:  So you drove up to the Capitol and you have a Jeep; is that correct?

A:  Correct.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

And you drove up to the Capitol in your Jeep and you were alone; is that correct?

A:  Correct.

Q:  Okay.  And you parked your Jeep on the Capitol grounds; is that correct?

A:  *In behind where I normally park at, yes*.

(GJ at 4-5) (emphasis added).

The defendant acknowledged that he was aware that the Capitol comprised other buildings, including the Rayburn Building, which is to the east of the Capitol, and the Dirksen Building, which is to the west of the Capitol.  (GJ at 5).  Although the defendant disputed the definition of a firearm, he acknowledged having a Henry rifle.

Q:  And was that [Henry] in your Jeep that you parked on Capitol grounds?

A:  Correct.

(GJ at 7)

Asked about his Ruger handgun, the following exchange occurred:

---

[2] The Court subsequently granted a motion by the government to dismiss the Carrying a Pistol charge without prejudice.
[3] The defendant was advised that he was a target of the investigation.

Q:  And that Ruger was in the Jeep that you parked on the grounds of the U.S. Capitol, correct?

A:  Correct.  Correct.  That was the handgun, yes.

(GJ at 8).

The defendant was then asked about his "Rossi Mare's Leg" pistol.  The defendant was asked

Q:  Sure.  And then this last gun here, that was Grand Jury Exhibit Number 7, that was also in the Jeep that you parked on the grounds of the U.S. Capitol; is that correct?

A:  Correct.

After he admitted to the prosecutor that he was on Capitol Grounds, he was further asked about the subject by a juror, when the following exchange occurred:

A JUROR:  Were you aware that you were parked on Capitol grounds property when you parked there?

A:  No, I wasn't.  For some reason I had parked there before and I've had D.C. police that know me personally know that I always parked there.  And this is the first time they've come up and said "NO, we just restricted this."

A JUROR:  Okay.

A:  So had I known it was restricted, I wouldn't have parked there.

PROSECUTOR:  Well, afterwards you saw the no parking –

A:  Yeah.

Q:  -- the permit parking sign there?

A:  But it was up higher.

Q:  Yeah.  But you realized it was parking –

A:  Yeah.

Q:  --Permit parking only.

A JUROR:  At the time that you parked, you weren't aware that it was part of the Capitol Grounds?

A:  Correct.

A JUROR:  Okay.

A JUROR:  But you said you'd been there several times when you're around in this area, that area?

A:  Well, I have parked there because there was nothing – there was no sign.  *Parking there was close to – it was in between the House and the Senate.  It was easy walk through.*  All right.  And I didn't know this until they showed me, but when – if you sit in your car, you – it isn't here, it's up here.  It's not at eye level for you to notice it.  So I just hopped in, hopped out, and go.
Yes.

A JUROR:  When you're driving up to something, aren't you looking at a full view? . . . When you're driving to something, aren't you looking at a full view – you said it's up high, but you're driving up to it, so you should be able to see it from a distance before you get there?

A:  I wasn't really looking at that.  I was just driving in, got into a parking lot; that's all I was looking at.  I was on a time schedule.

A JUROR:  The point is you didn't notice it?

A:  Beg your pardon?

A JUROR:  The point is that you didn't notice it at the time?

A:  I didn't notice it at the time.

    (GJ 29-31) (*emphasis added*).

It appears, even assuming that the defendant did not understand what parts of the area constituted the Capitol Grounds, that he specifically parked at the location because of easy access to both the Senate side (north of the Capitol) and the House side (south of the Capitol). The defendant essentially considered himself in the middle.  The defendant, however, associated the issue of "Capitol Grounds" with whether he was in a restricted parking area.

The defendant stated that he did not consider leaving his vehicle in another state in part because "I got a carry permit, the guns were registered, you've got three Supreme Court rulings, Parker (phonetic) versus the District of Columbia, Heller (phonetic) versus the District of Columbia, and McDonald versus Chicago that came back in with a Supreme Court rule that [the District of Columbia] gun laws and Washington, D.C. are in direct violation of your second amendment right...."(GJ at 14).

The government sent a proposed jury instruction to the defendant in August 2014, stating that the elements of 40 U.S.C. § 5104(e)(1) required the government to prove that:

1. Rodney Class carried or had readily accessible a firearm;
2. He did so voluntarily and on purpose, and not by mistake or accident;
3. He did so while on United States Capitol Grounds.

The instruction also stated

> The term United States Capitol Grounds comprises all squares, reservations, streets, roadways, walks and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds."  It is up to you to decide whether the area where the government alleges Mr. Class was where he allegedly carried or had readily accessible a firearm was on Capitol Grounds.[4]

The defendant has stated to the government that he believes the government must show that he knew he was on Capitol Grounds.

## <u>ARGUMENT</u>

Title 40, Section 5104 proscribes several activities under subsection (e)(1), which is entitled "Capitol Grounds and Buildings Security."  In doing so, Congress explicitly created – and simultaneously chose not to include --  knowledge and/or  intent requirements, depending on the nature and location of the offense.  The most pertinent subsection reads

(1) Firearms, dangerous weapons, explosives, or incendiary devices.—An individual or group of individuals—

---

[4] The government will introduce the evidence of the map and what Capitol Grounds is defined as through proper evidentiary procedures.

(A) Except as authorized by regulations prescribed by the Capitol Police Board --

    (i)    *May not carry on or have readily accessible to any individual on the Grounds or in any of the Capitol Buildings a firearm, a dangerous weapon, explosives, or an incendiary device;*

    (ii)    May not discharge a firearm or explosives, use a dangerous weapon, or ignite an incendiary device, on the Grounds or in any of the Capitol Buildings; or

    (iii)    May not transport on the Grounds or in any of the Capitol Buildings explosives or an incendiary device; or

(B) May not *knowingly*, with force and violence, enter or remain on the floor of either House of Congress. (emphasis added).

In the first two subsections (A) and (B), addressing firearms, dangerous devices and violence, the statute does not make knowledge an element in (A), while addressing the location of the particular harm in relation to the knowledge requirement in (B).   In other words, a hypothetical person could enter or remain on the floor of either the House or the Senate by force without violating the statute if the hypothetical person did not realize it was at that location.  Subsection (A) simply does not include that element.[5]

Furthermore, Section (e)'s other proscriptions repeatedly consider a *mens rea* requirement based in part on location.  For example, Subsection (2), headed "Violent entry and disorderly conduct," states that "An individual or group of individuals may not *willfully and knowingly* . . . enter or remain" (emphasis added) in certain proscribed areas, such as the floor of either house, without authorization.  Subsection (2) qualifies that the proscription for entering or remaining in certain other locations, such as the Library of Congress or rooms set aside or designated for the use of various members or employees, requiring an additional *mens rea* element "*with the intent* to disrupt the orderly conduct of official business," to be

---

[5] The government recognizes it must prove that Class knew he had firearms readily accessible to him at the time that he violated the statute.

illegal.  40 U.S.C. § 5104(e)(2)(C) (emphasis added).  Similarly, other disruptive conduct

such as abusive language "in the Grounds or in any of the Capitol Buildings" requires the

additional element of "*with the intent* to impede, disrupt or disturb the orderly conduct of a

session of Congress or either House of Congress…" 40 U.S.C § 5104(e)(2)(D) (emphasis

added).  However, the simple acts to "obstruct, or impede passage through or within, the

Grounds or any of the Capitol Buildings" or to "engage in an act of physical violence in the

Grounds or any of the Capitol Buildings," or to "parade, demonstrate, or picket in any of the

Capitol Buildings" – acts that may or may not be intended to disrupt official activity --

require no such additional intent element.  40 U.S.C. § 5104(e)(3).

Section (e) within its few subsections and relatively few words manages to distinguish

what intent or *mens rea* is to be proven depending in part on the action taken by the offender

and, critically, the place where the offender acts.  Offenders must know they are in important

areas (like the "floor" of a House) because of the natural importance of those areas, but if

there were other less obvious areas, such as rooms set aside for official use, the drafters

required the element of an intent to disrupt, which essentially requires a knowledge that the

action is taken in an area where official business could be disrupted.   Likewise, Subsection

(e)(1)(B) requires some knowledge of the area when entering with force and violence.

A common sense reading of the statute indicates the drafters, in writing subsection

(e)(1)(A), were fully aware that they could require knowledge of specific areas, or specify

intent to commit a specific act.    Their choice to include a knowledge requirement in certain

locations, but not in (e)(1)(A) when it came to firearms generally in the entire location,

makes clear the drafters did not want such a requirement.  The inclusion of particular

language in one section and its omission in another presumes that "Congress intended a

difference in meaning." For example, in <u>Loughrin v. United States</u>, 134 S. Ct. 2384, 2390

the petitioner challenged whether the government had to prove that he knew he was

defrauding a bank in violation of 18 U.S.C. § 1344(2). Section 1344(1) explicitly proscribed

knowingly executing the "defraud[ing] of a financial institution," whereas 1344(2)

proscribed knowingly executing a scheme "to obtain any of the moneys . . . owned by, or

under the custody or control of, a financial institution, by means of false or fraudulent

pretenses, representations, or promises." The Supreme Court refused to read the term "or"

joining the two sections as "including," such that 1344(2) would become a subset of 1344(1).

The Supreme Court stated: "[Petitioner's] view collides as well with more general canons of

statutory interpretation. We have often noted that when 'Congress includes particular

language in one section of a statute but omits it in another' – let alone in the very next

provision – this Court 'presume[s] that Congress intended a difference in meaning.'" <u>Id.</u> at

2390. Overriding that principle would result in 1344(2) being rendered superfluous.

Likewise, it would gut Congress' decision to assign different *mens rea* standards based on

location throughout section (e) to simply read into (e)(1)(A)(i) a requirement of knowledge,

because such a reading renders the term "knowingly" in (B) and elsewhere in the section

unnecessary. Courts should instead give effect, if possible, to every clause and word of a

statute. <u>Loughrin</u>, 134 S. Ct. at 2390 (citations omitted). <u>See also</u> <u>Russello v. United States</u>,

464 U.S. 16, 23 (1983) (Reading RICO forfeiture interest provision more broadly where

subsequent provision in same statute on interest is more limited, stating "'[W]here Congress

includes particular language in one section of a statute but omits it in another section of the

same Act, it is generally presumed that Congress acts intentionally and purposely in the

disparate inclusion or exclusion'") (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)).

At bottom, one cannot read a knowledge requirement into the charged offense without ignoring or excising a key tenet of the statute: Congress's choice to proscribe conduct depending on the location of the offense, and not to require knowledge that one is on Capitol Grounds while possessing firearms. Yet the defendant was not at risk of failing to understand the illegality of his conduct.  The defendant was in a parking lot he chose for its proximity to both the House and Senate buildings ("It was an easy walk through"), he had conducted business on Capitol Grounds in the past so he was familiar with the area, he sought to conduct business on Capitol Grounds, he could see the Capitol Building a short distance away, and he was in sight of prominent security features.

The defendant may assert that the government must prove he knew he was on Capitol Grounds because of the general presumption favoring a *mens rea* element in criminal statutes.  In Staples v. United States, 511 U.S. 600 (1994), the Supreme Court ruled that the general presumption applied to petitioner's possession of a machine gun, proscribed by 26 U.S.C. § 5861(d), where the petitioner claimed ignorance of the machine gun feature of the gun.  Critically, that statute did not include a knowledge requirement (except in the instance making an application for such a weapon, knowing information in the application was false), and made no attempt to delineate lawfulness based on location.  The statute at issue in Staples was ambiguous and unstated about knowledge of the outlawed firearm characteristic (machine gun capability); for 40 U.S.C. § 5104(e)(1), Congress has spoken unambiguously through the structure of the statute that knowledge of location for the defendant's particular act is unnecessary.   In stating that its holding was a "narrow one," the Supreme Court stated

"if Congress had intended to make outlaws of gun owners who were wholly ignorant of the offending characteristics of their weapons . . . it would have spoken more clearly to that effect."  Id. at 619-620.  40 U.S.C. § 5104(e)(1) does not regulate specific characteristics of guns for otherwise innocent gun owners; it proscribes gun owners from bringing their guns to the property of the nation's legislative branch, and the defendant should have been on alert to where he was carrying his firearms.

<div align="center" style="margin-left: 40%">

Respectfully Submitted,

Ronald C. Machen Jr.
United States Attorney
DC Bar #447-889


By:     _____/s/_____
        Jeff Pearlman
        Assistant United States Attorney
        DC Bar #466-901
        (202) 252-7228
        Jeffrey.pearlman@usdoj.gov

</div>

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,           :
                                    :
                v.                  :
                                    :        CRIMINAL NO. 13-252 (RWR)
RODNEY CLASS,                       :        TRIAL DATE:  OCTOBER 27, 2014
                                    :
                Defendant.          :

## GOVERNMENT'S MOTION FOR JURY INSTRUCTION ON CAPITOL GROUNDS

The United States of America, by and through its attorney, the United States Attorney

for the District of Columbia, hereby files the following Motion concerning the element of the

offense that it occur on Capitol Grounds.

The defendant at the time that he parked his vehicle, with multiple firearms and

rounds of ammunition inside, was in the 200 block of Maryland Avenue, SW, an area between

1st Street, Southwest and 3rd Street, Southwest.  Because it is necessary to show that the offense

took place on Capitol Grounds, the government has proposed the following instruction as to the

elements of 40 U.S.C. §  5104(e)(1):

1.       Rodney Class carried or had readily accessible a firearm;

2.       He did so voluntarily and on purpose, and not by mistake or accident;

3.       He did so while on United States Capitol Grounds.

The proposed instruction also states:

The term United States Capitol Grounds includes certain areas of Washington,
D.C., and includes the portion of Maryland Avenue Southwest from the west curb
of First Street Southwest to the east curb of Third Street Southwest, including the
roadway and sidewalks.  It is up to you to decide whether Mr. Class was on
United States Capitol Grounds at the time the government alleges Mr. Class was
carrying or had readily accessible a firearm.

Although the defendant did not respond, stand by counsel has indicated there might be an objection.

40 U.S.C. § 5102 defines Capitol Grounds as "all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds", dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columbia in book 127, page 8, including all additions added by law after June 25, 1946."[1]  That map shows the relevant portion of Maryland Avenue, Southwest as not part of the Capitol Grounds in 1946.  See Attachment A. The section was amended multiple times.  In 1980, in Public Law 96-432, in the statutes at large, Congress added twenty-two "areas and portions of streets," including "(5) that portion of Maryland Avenue Southwest from the west curb of First Street Southwest to the east curb of Third Street, Southwest [.]"  See generally 1 U.S.C. § § 112-113 (statutes at large provide the legal evidence of laws).    President James Carter signed the measure into law on October 10, 1980.  Consistent with that amendment, Public Law 97-379, in the statutes at large, added "(2) All sidewalks and contiguous areas presently under the jurisdiction of the District of Columbia located on the north side of Maryland Avenue, Southwest, between the west curb of First Street, Southwest and the East curb of Third Street, Southwest."  President Ronald Reagan signed the measure into law on December 22, 1982.  In other words, the statute includes the area to the north of Maryland Avenue, Southwest.

The statute further added the National Garden of the United States Botanical Garden (the area to the south of Maryland Avenue Southwest) to the area comprising Capitol Grounds, stating that "the United States Capitol Grounds shall include . . . (C) . . .and Maryland Avenue,

---

[1] In August 2014 the government alerted the defendant it would use some version of that quoted language. However, upon review of the legislative history, as discussed infra, the government suggestion the language on page 1 of this motion.

Southwest on the north." 40 U.S.C. § 5102(c), a clear reference to the 100 to 300 block of Maryland Avenue, Southwest.

The "areas and portions of streets" of Maryland Avenue, Southwest are therefore sandwiched between additional Capitol Grounds areas to the north and south.  And in defining the jurisdiction of the Capitol Grounds, the statute further grants responsibility to the mayor of the District of Columbia for the maintenance and improvement of those portions of streets "which are situated between the curblines of those streets," including "Maryland Avenue Southwest from First Street Southwest to Third Street Southwest."  40 U.S.C. § 5102(b)(2)(A). The Architect of the Capitol has approved this formulation in managing the Capitol Grounds. See Attachment B (including as Capitol Grounds the relevant portion of Maryland Avenue, Southwest).

The area where the defendant allegedly carried or had readily accessible firearms – the 200 block of Maryland Avenue, Southwest – statutorily constituted part of the Capitol Grounds at the time of the offense.  The government of course must prove that the defendant was in the area.  But it is not a disputed issue of fact that the 200 block of Maryland Avenue, Southwest is part of the Capitol Grounds; it is law.   It would be absurd to have the government put on expert testimony during the trial to explain to the jury what the statute says.  See D.C. Criminal Jury Instructions 2.101, 2.102; See also United States v. Simon, 727 F.3d 682, 697 (7th Cir. 2013) (in false income tax return case, court properly excluded proposed testimony of a general overview and operating rules of portions of the Internal Revenue Code; "[t]he court was correct to preclude any witness from generally explaining the law to the jury").  The jury may instead be instructed that the area on which the defendant allegedly had firearms is part of the

Capitol Grounds.  The government therefore requests that the Court permit some version of the

proposed instruction above.

Respectfully Submitted,

Ronald C. Machen Jr.
United States Attorney
DC Bar #447-889

By:    _____/s/_____
Jeff Pearlman
Assistant United States Attorney
DC Bar #466-901
(202) 252-7228
Jeffrey.pearlman@usdoj.gov



MAP SHOWING PROPERTIES UNDER JURISDICTION
OF THE ARCHITECT OF THE CAPITOL

J. A. 140

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 1, 2013

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 13-253 (RWR)** |
| | : | |
| **v.** | : | |
| | : | **VIOLATION:** |
| **RODNEY CLASS,** | : | **40 U.S.C. § 5104(e)(1)** |
| **Defendant.** | : | **(Unlawful Carrying and Having Readily** |
| | : | **Accessible a Firearm on Capitol Grounds)** |

## I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

On or about May 30, 2013, within the District of Columbia, **RODNEY CLASS**, did carry

on and have readily accessible, firearms, that is, a Taurus .44 caliber pistol, a Ruger LC9 9mm

pistol, and a Henry Arms .44 caliber rifle, on the United States Capitol Grounds.

   (**Unlawful Carrying and Having Readily accessible a Firearm on Capitol Grounds**, in
   violation of Title 40, United States Code, Section 5104(e)(1))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.

**J. A. 141**

[1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )    CR No. 13-253-RWR-1
                               )
                               )    Washington, D.C.
        vs.                    )    October 27, 2014
                               )    10:00 a.m.
RODNEY CLASS,                  )
                               )
            Defendant.         )
_____)


TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:        Jeffrey Pearlman
                          U.S. ATTORNEY'S OFFICE
                          FOR THE DISTRICT OF COLUMBIA
                          555 Fourth Street, NW
                          Washington, D.C. 20530
                          (202) 252-7228
                          jeffrey.pearlman@usdoj.gov



Standby Counsel
for the Defendant:        A.J. Kramer
                          FEDERAL PUBLIC DEFENDER
                          FOR THE DISTRICT OF COLUMBIA
                          625 Indiana Avenue, NW
                          Suite 550
                          Washington, D.C. 20004
                          (202) 208-7500
                          A._J._kramer@fd.org

**J. A. 143**

[3-4]

3

```
 1                    P R O C E E D I N G S
 2            THE COURT:  Good morning.
 3            DEPUTY CLERK:  Good morning, Your Honor.
 4            MR. BALAREZO:  Your Honor, this morning this is
 5   the matter of the United States versus Rodney Class.
 6   This is Criminal Record 13-253.
 7            Present for the Government is assistant
 8   Jeffrey Pearlman.  And also present is attorney A.J. Kramer.
 9            Mr. Class is not present at this time, Your Honor.
10            THE COURT:  All right.  Good morning.
11            Counsel, I received from the Pretrial Services
12   Agency for our district a report dated this morning that
13   reflects, in part, that, according to the Pretrial --
14   I'm sorry, probation officer in North Carolina, Mr. Class
15   sent a letter stating he will not attend any more court
16   hearings, and that he was advised that his failure to attend
17   court hearings is a violation of his bond and he risks
18   arrest and bond revocation.
19            Perhaps I should start by asking Mr. Kramer if you
20   have any more information that you'd like to report to the
21   Court.
22            MR. KRAMER:  Good morning, Your Honor.
23            THE COURT:  Good morning.
24            MR. KRAMER:  I don't, Your Honor.  That's the
25   first I've heard of such a thing.  He hasn't sent me a
```

1  letter stating any such thing, and I haven't seen that

2  letter, obviously.

3            I did try his home and cell phones just before

4  Your Honor came out, and there was no answer at either one.

5  I honestly don't know.

6            And I didn't bring over the materials that would

7  show the last time I talked to him.  Those would be in my

8  office.  I think it was earlier this week, certainly not in

9  the past two or three days.  But I'm pretty sure it was

10 earlier this week, but I could find out, but those would be

11 in my office.  And there was certainly no indication during

12 that call that he was not going to be here.  So I'm not

13 clear what's going on.

14            THE COURT:  I did check my notes just to make sure

15 that when we were all here last time, I think it was

16 September 9th, I directed Mr. Class to appear today, this

17 morning at this hour, and warned him the normal warnings

18 that if he failed to appear, it could subject him to a

19 revocation of his bond and arrest.

20            What we are facing now is the option of proceeding

21 with our motions hearing without him present and considering

22 his absence to be a voluntary waiver of his right to appear

23 at this hearing, or do something else and issue a Bench

24 Warrant.

25            If you have a position you want to take, I'll

[15-18]

1  suppressed.

2          The Supreme Court has made clear that technical

3  defects in a warrant do not call for or permit excuse of

4  what the search warrant produces.

5          Mr. Class's claim that the search warrant was

6  invalid because it lacked issuing signatures does not amount

7  to a valid Fourth Amendment challenge; and for similar

8  reasons, his allegations that the warrant was defective

9  because it violated Rules 3, 4 and 5 don't require the

10  exclusion of that evidence.

11          In any event, Mr. Class has not set forth any

12  facts to show that Rules 3, 4 or 5 of the Federal Rules of

13  Criminal Procedure were violated, and the record does not

14  support that assertion.

15          The filing docketed as No. 20 is captioned,

16  "A motion and requirement to quash plaintiff's latest

17  response, and a requirement to dismiss all charges for lack

18  of direct rebuttal of court order subject matter, lack of

19  standing, frivolous filings, and failure to produce corpus

20  delicti."

21          Mr. Class moves to dismiss the criminal case

22  against him and alleges that the charges against him are

23  invalid under the Second Amendment to the United States

24  Constitution.  And he seeks the removal of his GPS tracking

25  device.

1         His second motion docketed as No. 35, challenging

2    the charges against him under the Second Amendment, is

3    captioned as "Judicial Notice Motion To Remove U.S. Code 28,

4    Section 2672 Administrative Adjustment of Claims."

5         I will construe his pro se motions liberally, as I

6    must, and will treat them as a challenge to the remaining

7    federal count, since the D.C. Code charge is no longer in

8    the case.

9         Mr. Class contends, in essence, that the holdings

10   in three cases: *District of Columbia versus Heller*,

11   reported at 554 -- I'm sorry, 554 U.S. 570 in 2008, and

12   *McDonald versus Chicago*, reported at 561 U.S. 742 in 2010,

13   and *Parker versus District of Columbia*, reported at 478 F.3d

14   370 by the D.C. Circuit in 2006, all require that the charge

15   against him be dismissed.

16        The Second Amendment to the U.S. Constitution

17   provides that a well-regulated militia, being necessary to

18   the security of a free state, the right of the people to

19   keep and bear arms shall not be infringed.

20        In the *Heller* case, the Supreme Court held that

21   the D.C. gun statute restrictions violated an individual's

22   Second Amendment right to keep and bear arms.

23        Although the Supreme Court held the D.C. gun law

24   unconstitutional, that court was careful in emphasizing that

25   nothing in our opinion should be taken to cast doubt on

1   longstanding laws forbidding the carrying of firearms in

2   sensitive places such as schools and government buildings.

3   Importantly, the Court stressed that such laws are

4   presumptively lawful, regulatory measures.

5           In *Heller,* too, decided by the D.C. Circuit in

6   2011 and reported at 670 F.3d 1244, the D.C. Circuit adopted

7   a two-part test to assist courts in deciding the Second

8   Amendment challenges to gun control statutes.

9           Under the two-step test, a reviewing court will be

10  required to ask first whether a particular provision

11  impinged upon a right protected by the Second Amendment.

12  And if it does, then the Court has to determine whether the

13  provision passes muster under the appropriate level of

14  constitutional scrutiny.

15          A longstanding statutory restriction is presumed

16  to be lawful or presumed not to burden conduct within the

17  scope of the Second Amendment.  A plaintiff can rebut this

18  presumption by showing the regulation does not have more

19  than a de minimis effect on his right.

20          To determine whether the particular gun control

21  law may be upheld, the D.C. Circuit concluded that

22  intermediate scrutiny was the appropriate level of scrutiny.

23  To pass muster under intermediate scrutiny, the government

24  has to show that the restrictions are substantially related

25  to an important governmental objective.

1          Now, under this showing, the government would be

2     required to establish a tight fit between the restrictions

3     and an important or substantial governmental interest, a fit

4     that employs not necessarily the least restrictive means,

5     but a means narrowly tailored to achieve the desired

6     objective.

7          Because the Supreme Court determined, in *Heller*,

8     that laws prohibiting individuals from carrying firearms in

9     sensitive places, such as government buildings, are

10    presumptively lawful, regulatory measures, Mr. Class would

11    have to rebut this presumption by showing that there was

12    more than a de minimis effect on his exercise of his Second

13    Amendment right.  But he has not provided any evidence to

14    rebut the presumption that Section 5104(e)(1) does not

15    burden conduct protected by the Second Amendment.

16         From as best I can decipher from what he files in

17    his motions, he asserts only that the District of Columbia

18    city code, quote/unquote, "is unconstitutional," and then he

19    cites to those three cases:  Heller, McDonald, and Parker.

20         Although his motions have been construed

21    generously, he would have to provide more than bold

22    assertions to support his Second Amendment claim against the

23    federal statute.  And so his motions, that's Nos. 20 and 35,

24    challenging the charge against him on Second Amendment

25    grounds, are denied.



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

_____

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 6, 2014

A.J. Kramer
Federal Public Defender for the
District of Columbia
A._J._Kramer@fd.org

Rodney Class
432 North Lincoln Street
High Shoals, NC 28077

　　　　　　　Re:　　United States v. Rodney Class
　　　　　　　　　　Criminal Case No. 13-253 (RBR)

Dear Mr. Class:

　　　　This letter sets forth the full and complete plea offer to you from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on November 10, 2014. If you accept the terms and conditions of this offer, please execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

　　　　1.　　Charges and Statutory Penalties

　　　　You have been charged with Possession of a Firearm on U.S. Capitol Grounds, in violation of 40 U.S.C. § 5104(e).

　　　　You understand that a violation of this statute carries a maximum sentence of 5 years of imprisonment; a fine not to exceed $250,000; a term of supervised release of not more than 3 years; and an obligation to pay any applicable interest or penalties on fines not timely made.

　　　　In addition, you agree to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. You also understand that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2013) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."),

Page 1 of 10

J. A. 152

the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, you understand that, if you have two or more convictions for a crime of violence or felony drug offense, you may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

2.      Factual Stipulations

You agree that the attached "Statement of Offense" fairly and accurately describes your actions and involvement in the offense to which you are pleading guilty. Please sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3.      Additional Charges

In consideration of your guilty plea to the above offense, you will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. This includes  the prior charge of Carrying a Pistol, in violation of D.C. Code 22-4504(a), and the failure to appear for trial on October 27, 2014, in violation of 18 U.S.C. § 3146(a)(1).

4.      Sentencing Guidelines Analysis

You understand that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A.      Estimated Offense Level Under the Guidelines

You agree and will acknowledge at the time of the plea of guilty to the offense stated above that, pursuant to U.S.S.G. § 2K2.5, you are accountable for carrying and having readily accessible on capitol grounds firearms.

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2K2.5 | Base Offense Level | 6 |
| U.S.S.G. § 3C1.1 | Obstructing or Impeding | 2 |
| Total Offense Level | | 8 |

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that you clearly demonstrate acceptance of responsibility, to the satisfaction of

Page 2 of 10

J. A. 153

the Government, through your allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should you move to withdraw your guilty plea after it is entered, or should it be determined by the Government that you have either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least 6.

B.    Estimated Criminal History Category

Based upon the information now available to this Office (including the Pre-Plea Criminal History Calculation, you have a prior misdemeanor criminal conviction.

Accordingly, you are estimated to have 1 criminal history point and your Criminal History Category is estimated to be I.  You acknowledge that if additional relevant convictions are discovered during the pre-sentence investigation by the United States Probation Office, your criminal history points may increase.  Similarly, if the United States Probation Office determines that you have fewer convictions than estimated herein, your criminal history points may decrease.

C.    Estimated Applicable Guidelines Range

Based upon the agreed total offense level and the estimated criminal history category set forth above, your estimated Sentencing Guidelines range is 0 months to 6 months (the "Estimated Guidelines Range").  In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 6, the estimated applicable fine range is $500 to $5,000.  You reserve the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted.  Accordingly, neither party will seek any departure or adjustment to the Estimated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided in this plea letter.  Moreover, you understand and acknowledge that the Estimated Guidelines Range agreed to by the parties is not binding on the Probation Office or the Court.  Should the Court determine that a different guidelines range is applicable, you will not be permitted to withdraw your guilty plea on that basis, and the parties will still be bound by this Agreement.

You understand and acknowledge that the terms of this section apply only to conduct that occurred before the execution of this Agreement.  Should you commit any conduct after the execution of this Agreement that would form the basis for an increase in your base offense level

J. A. 154

or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

5.    Agreement as to Sentencing **Allocution**

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of factors set forth in 18 U.S.C. § 3553(a). However, you reserve the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government ~~reserves the right to~~ seek a sentence ~~above~~ the Estimated Guidelines Range based on § 3553(a) factors. *[will]* *[at the lower end]*

**The defendant agrees that as a condition of probation that he may not bring a vehicle to or park on Capitol Grounds. The defendant also agrees that as a condition of probation he must notify the United States Capitol Police prior to visiting the Capitol Grounds.**

**The government agrees to cap its allocution to the lower end of the sentencing guideline range.**

6.    Reservation of Allocution

The parties reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your misconduct, including any misconduct not described in the charges to which you are pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, you acknowledge that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7.    Court Not Bound by this Agreement or the Sentencing Guidelines

You understand that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. You further understand that

J. A. 155

the sentence to be imposed is a matter solely within the discretion of the Court. You acknowledge that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. You understand that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

You acknowledge that your entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence you will receive. Moreover, it is understood that you will have no right to withdraw your plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The parties will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by you to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

8.      Conditions of Release

The final decision regarding your bond status or detention will be made by the Court at the time of your plea of guilty. If the Court imposes lesser conditions than incarceration, the Government may move to change your conditions of release, including requesting that you be detained pending sentencing, if you engage in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your plea of guilty and that is relevant to whether you are likely to flee or pose a danger to any person or the community. You also agree that any violation of your release conditions or any misconduct may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your arrest and that you be detained without bond while pending sentencing.

9.      Waivers

        A.      Statute of Limitations

You agree that, should the conviction following your plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against you, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

        B.      Trial Rights

You understand that by pleading guilty in this case you agree to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. You agree to forego

Page 5 of 10

**J. A. 156**

the right to any further discovery or disclosures of information not already provided at the time of the entry of your guilty plea. You also agree to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, you would have the right to be represented by counsel, to confront and cross-examine witnesses against you, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your behalf, and to choose whether to testify. If there were a jury trial and you chose not to testify at that trial, you would have the right to have the jury instructed that your failure to testify could not be held against you. You would further have the right to have the jury instructed that you are presumed innocent until proven guilty, and that the burden would be on the United States to prove your guilt beyond a reasonable doubt. If you were found guilty after a trial, you would have the right to appeal your conviction. You understand that the Fifth Amendment to the Constitution of the United States protects you from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, you knowingly and voluntarily waive or give up your right against self-incrimination.

You acknowledge discussions with A.J. Kramer concerning Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. You knowingly and voluntarily waive the rights that arise under these rules in the event you withdraw your guilty plea or withdraw from this Agreement after signing it.

You also agree to waive all constitutional and statutory rights to a speedy sentence and agree that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. You understand that the date for sentencing will be set by the Court.

C.    Appeal Rights

You understand that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. You agree to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, forfeiture, award of restitution, term of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences you to above the statutory maximum or guidelines range determined by the Court, in which case you would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, you are aware that your sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, you knowingly and willingly waive your right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

D.    Collateral Attack

You also waive any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it

J. A. 157

was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that you received ineffective assistance of counsel in entering into this Agreement or in connection with sentencing. You reserve the right to file a motion brought under 18 U.S.C. § 3582(c)(2).

### E.    Privacy Act and FOIA Rights

You also agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 10.    Breach of Agreement

You understand and agree that, if after entering this Agreement, you fails specifically to perform or to fulfill completely each and every one of your obligations under this Agreement, or engages in any criminal activity prior to sentencing, you will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) you will not have the right to withdraw the guilty plea; (c) you will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against you, directly and indirectly, in any criminal or civil proceeding, all statements made by you and any of the information or materials provided by you, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

You understand and agree that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit you to commit perjury, to make false statements or declarations, to obstruct justice, or to protect you from prosecution for any crimes not included within this Agreement or committed by you after the execution of this Agreement. You understand and agree that the Government reserves the right to prosecute you for any such offenses. You further understand that any perjury, false statements or declarations, or obstruction of justice relating to your obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, you will not be allowed to withdraw your guilty plea.

### 11.    Property

Page 7 of 10

**J. A. 158**

The Government and your client hereby agree that the following items seized from you and your vehicle on May 30, 2013, and currently in the custody and/or control of the Metropolitan Police Department, were properly seized and were involved in or used in violation of federal law by the defendant:

A. Taurus .44 caliber gun with 7 rounds ammunition
B. Ruger 9mm pistol with magazine and 8 rounds ammunition
C. Henry .44 caliber gun with 11 rounds ammunition
D. Knives (14)
E. Switchblade
F. Axes (3)
G. .44 caliber ammo (155)
H. 9mm ammo (50)

Your client agrees that these items are subject to seizure by the United States, and that no defense exists to the seizure of this property by the United States. As such, the defendant hereby relinquishes all claim, title, and interest he has in the above referenced property to the United States and/or the District of Columbia and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. Your client agrees to take any actions requested by this Office or the Metropolitan Police Department to transfer ownership of these items to the United States or the District of Columbia. Your client consents to both the destruction of these items and to their abandonment to the United States or the District of Columbia. Your client agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. 983. Your client certifies that he is the sole owner of the property listed above, and that no one else has an ownership interest in this property.

(b)    The defendant agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to the seizure and destruction carried out in accordance with this plea agreement on any grounds.

    12.    Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by you, defense counsel, and an Assistant United States Attorney for the District of Columbia.

You further understand that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against you.

If the foregoing terms and conditions are satisfactory, you may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than November 10, 2014.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney

By: _____

Jeff Pearlman
Assistant United States Attorney

Page 9 of 10

J. A. 160

<u>DEFENDANT'S ACCEPTANCE</u>

I have read every page of this Agreement and have discussed it with my stand by counsel, A.J. Kramer.  I fully understand this Agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement.  I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: _11.16.14_ _____    _Witness Rodney DeLaClass: RODNEY CLASS_
                            Rodney Class
                            Defendant

<u>ATTORNEY'S ACKNOWLEDGMENT</u>

I have read every page of this Agreement, reviewed this Agreement with Rodney Class, for whom I am stand by counsel, and fully discussed the provisions of this Agreement with him.  These pages accurately and completely set forth the entire Agreement.  I concur in Mr. Class' desire to plead guilty as set forth in this Agreement.

Date: _11.16.14_ _____    _A.J. Kramer_ _____
                            A.J. Kramer
                            Stand by Counsel for Rodney Class



## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
            v.                    :        Criminal Case No.   13-253 (RWR)
                                  :
                                  :
Rodney Class                      :


## PROFFER OF EVIDENCE

   If this case were to go to trial, the government's evidence would establish beyond a

reasonable doubt:

1.     On May 30, 2013, at approximately 11:30AM, Rodney Class parked his Jeep Wrangler in

the 200 block of Maryland Avenue, SW, Washington, D.C., which is part of the Capitol Grounds.

An agent of the United States Capitol Police observed that the vehicle lacked authorization to park

in that area, and upon further inspection noticed that there appeared to be a large blade attached to

the inside roller bar of the vehicle, and what appeared to the agent at the time to be a gun holster in

the driver's side door.

2.     Mr. Class returned to the vehicle at approximately 1:21PM.   At that time he admitted to

having weapons in the vehicle.   The agent obtained a search warrant, which was executed after

6PM.   Located inside the vehicle was a large blade attached to the roller bar.   What had appeared

to be a gun holster in the driver's side door was a knife with a sheath.

3.     Located on the passenger seat was an unlocked grey bag containing a 9mm Ruger firearm,

loaded with one round in the chamber for a total of 8 rounds.   Several loaded magazines were

located with 35 additional rounds.   A box of 9mm ammunition was also located with 50 rounds,

or 93 rounds total.

4.     Located in the passenger area was an unlocked large bag containing a .44 Taurus firearm,

loaded with one round in the chamber, for a total of 7 rounds.   An additional 90 rounds of .44

J. A. 162

caliber ammunition was also recovered in the bag.

5.      Located between the passenger area and the rear of the vehicle was an unlocked bag containing a .44 Henry firearm, loaded with one round in the chamber, for a total of 11 rounds. An additional 55 rounds of .44 caliber ammunition was recovered in the bag.

6.      The Court set a trial date of October 27, 2014.  Mr. Class was aware of the trial date but willfully chose not to come to Court.

<u>Limited Nature of Proffer</u>

This proffer of evidence is not intended to constitute a complete statement of all facts known by Mr. Class but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea.   The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged offense.

_____
Jeff Pearlman
Assistant United States Attorney

Date:
11-17-14

_____
A.J. Kramer
Stand By Attorney for Defendant

Rodney Class

Date: 11.16.14

J. A. 163

United States District Court
For the District of Columbia
333 Constitution Avenue N.W.
Washington D.C 20001

*Let this be filed as a*
*Notice of Appeal.*
*Mullbert, Ch. USDJ*
*2-11-15*

UNITED STATES OF AMERICA

CASE # 1:13 cr 253 RWR

United States Appeals Court #_____

Vs

**FILED**

**FEB 1 3 2015**

RODNEY CLASS

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

STAY OF JUDGMENT AND NOTICE OF APPEAL
For the living entity known as Rodney Class
Which requires equity relief

NOW, comes this living entity known as Rodney Class with this STAY OF

JUDGMENT AND NOTICE OF APPEAL for the living entity known, as Rodney Class

Which requires equity relief from case # 1:13 cr 253 RWR. To be placed before the

United States Court of Appeals for the District of Columbia.

This filing is being placed before the clerk of court on this date of Feb. 9th

2015 to be entered into the record for a Stay of Judgment And Notice of Appeal for

the living entity Rodney Class.

Certificate of Notice

The artificial entity known as, THE UNITED STATES OF AMERICA is being

placed on Notice of a Stay of Judgment and Notice of Appeal of case # 1:13 cr 253

RWR on this Feb 9th 2015. By this living entity know as Rodney Class.

**RECEIVED**

**FEB - 9 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**RECEIVED**

**FEB 1 3 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Case 1:13-cr-00253-RWR   Document 190   Filed 03/04/15   Page 1 of 5

AO 245B   (Rev 09/11) Judgment in a Criminal Case
Sheet 1

**FILED**

MAR 4 – 2015

# UNITED STATES DISTRICT COURT

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| RODNEY CLASS | Case Number: CR 13-253 |
| | USM Number: 32902-016 |
| | PRO SE, A.J. KRAMER-STANDBY COUNSEL |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   ONE OF THE SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 40 USC § 5104(e)(1) | UNLAWFUL CARRYING AND HAVING READILY ACCESSIBLE A FIREARM ON CAPITOL GROUNDS | 5/30/2013 | 1 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   ALL REMAINING COUNTS   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

02/09/2015
Date of Imposition of Judgment

*[signature]*

Signature of Judge

RICHARD W. ROBERTS,   US DISTRICT JUDGE
Name and Title of Judge

3-3-15
Date



**J. A. 165**

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page ___2___ of ____5____

DEFENDANT:  RODNEY CLASS
CASE NUMBER:  CR 13-253

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

TIME SERVED OF TWENTY-FOUR (24) DAYS ON COUNT -1.

☐ The court makes the following recommendations to the Bureau of Prisons.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____    ☐ a.m.  ☐ p.m    **on** _____

   ☐ as notified by the United States Marshal

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**J. A. 166**

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    5

DEFENDANT:  RODNEY CLASS
CASE NUMBER:  CR 13-253

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

TWELVE (12) MONTHS ON COUNT -1

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev 09/11) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

Judgment—Page    4    of    5

DEFENDANT:  RODNEY CLASS
CASE NUMBER:  CR 13-253

## ADDITIONAL SUPERVISED RELEASE TERMS

The special assessment and fine are immediately payable to the Clerk of the Court for the US District Court, District of Columbia. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full. Interest on unpaid balances of payments due is waived.

Forfeiture: You shall relinquish all interest in and forfeit to the United States the following property seized upon your arrest: Taurus .44 caliber gun with 7 rounds of ammunition. Ruger .9mm pistol with magazine and 8 rounds of ammunition, Henry .44 caliber gun with 11 rounds of ammunition, 14 knives, 1 switchblade, 3 axes, 145 rounds of .44 caliber ammunition, and 50 rounds of .9mm ammunition.

You shall report in person today to the probation off ce in this district. While on supervision, you shall submit to collection of DNA, you shall not possess a firearm or other dangerous weapons, you shall not use or possess an illegal controlled substance, and you shall not commit another federal, state, or local crime. You shall also abide by the general conditions of supervision adopted by the US Probation Office. as well as the following special conditions:

Vehicle Restriction: You may not bring a vehicle to or park on Capitol grounds.

Law Enforcement Notification: You must notify the United States Capitol Police prior to visiting the Capitol grounds.

Fine Obligation - You shall pay the balance of any fine owed at a rate of no less than $50 each month and provide verification of payment to the Probation Office.

The probation office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court

NOTICE OF APPEAL - You have a right to appeal the sentence imposed by this Court if you think the sentence is illegal or exceeds the sentencing guidelines range. If you choose to appeal, you must file an appeal within 14 days after the Court enters judgment. You also have the right to challenge the conviction entered or sentence imposed if new and currently unavailable information becomes available to you or, on a claim that you received ineffective assistance of counsel in entering a plea of guilty to the offense(s) of conviction or in connection with sentencing

If you are unable to afford the cost of an appeal or a challenge, you may request permission from the Court to proceed without cost to you

AO 245B   (Rev 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __5__

DEFENDANT: RODNEY CLASS
CASE NUMBER: CR 13-253

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 250.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $  0.00 | $  0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

J. A. 169

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2015, a true and correct copy of the foregoing Joint appendix was served on counsel of record for Appellee via CM/ECF.

I further certify that a true and correct copy of the Joint Appendix has been sent via certified mail to:

Rodney Class
P.O. Box 435
High Shoals, NC 28077

/s/ R. Trent McCotter