1099 NEW YORK AVENUE NW, WASHINGTON, DC 20001

JENNER&BLOCK LLP

May 18, 2016

David W. DeBruin
Tel +1 202 639-6015
ddebruin@jenner.com

**VIA ELECTRONIC FILING AND HARD COPY**

Mark Langer, Clerk of Court
United States Court of Appeals for the District of
Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

   Re: United States v. Rodney Class,
      Case No.: 15-3015

Dear Mr. Langer:

  Pursuant to F.R.A.P. 28(j), counsel for Court-appointed Amicus wishes to bring to the Court's attention the recent order in *Grace v. District of Columbia*, No. 1:15-cv-2234 (D.D.C. May 17, 2016) (Ex. A), which issued a preliminary injunction against numerous D.C. Code provisions prohibiting the public carry of weapons. *Grace* first noted that "the Government should bear the burden of demonstrating that a challenged regulation is 'longstanding.'" Slip Op. 11-12. Amicus argued to this Court that the government did not meet its burden with respect to 40 U.S.C. § 5104(e), because the government simply argued that *all* government property is "sensitive." Am.Br.39-46.

  Reviewing the text and history of the Second Amendment, *Grace* next concluded that there is "a right to carry arms for self-defense in public." Slip Op. 13-20. *Grace* noted that violent crime is more likely to occur "on the street or in *a parking lot* or garage" than inside the home, *id.* at 14 (emphasis added); *see also* Am.Rep.Br. 15-16, which is relevant because Mr. Class was convicted for storing weapons in his car in *a street parking lot*. Am.Br.4-7. *Grace* also cited *Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016)—which Amicus submitted to this Court in a prior Rule 28(j) letter—and found it noteworthy that no Justice had "assert[ed] the view that the Second Amendment right does not extend" to "*a supermarket parking lot*." Slip Op. 14-15 n.8.

  Finally, *Grace* concluded that strict scrutiny was the appropriate standard of review because "the right of law-abiding, responsible citizens to carry arms in public for the purpose of self-defense does indeed lie at the core of the Second Amendment," Slip Op. 28, and because the

D.C. laws do not ban just one kind of firearm in public but "wholly ban[]"*all* weapons, *id.* at 35. Amicus made the same arguments for why § 5104(e) is subject to strict scrutiny.  Am.Br.25-29.[1]

                Respectfully submitted,

                /s/ David W. DeBruin

                David W. DeBruin

cc:     Valinda Jones
        Jessica Ring Amunson
        R. Trent McCotter
        Rodney Class

---

[1] *Grace* also found troubling that D.C.'s firearm laws impose "not only hefty fines but also up to *five years in prison*" for violations, Slip Op. 25—the same penalties for violating § 5104(e). 40 U.S.C. § 5109(a).