1099 NEW YORK AVENUE NW, WASHINGTON, DC 20001

JENNER&BLOCK LLP

June 13, 2016

R. Trent McCotter
Tel  +1 202 637-6333
tmccotter@jenner.com

**VIA ELECTRONIC FILING AND HARD COPY**

Mark Langer, Clerk of Court
United States Court of Appeals for the District of
Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

   Re:  United States v. Rodney Class,
       Case No.: 15-3015

Dear Mr. Langer:

  Pursuant to F.R.A.P. 28(j), counsel for Court-appointed Amicus wishes to bring to the Court's attention the Ninth Circuit's *en banc* decision in *Peruta v. County of San Diego*, Nos. 10-56971, 11-16255 (9th Cir. June 9, 2016).  Amicus raises this decision because in its briefing to this Court, Amicus cited the prior panel opinion in *Peruta*, which was reversed and superseded by the *en banc* court.  *See* Am.Br.19; Am.ReplyBr.15-16, 19.

  The *en banc* majority opinion has no impact here, however, because its holding addressed only the narrow issue of the right to *concealed carry* of firearms.  Slip Op. at 19.  After examining the historical record of firearms regulations, the majority concluded that the Second Amendment "does not extend to the carrying of concealed firearms in public." *Id.*  The majority repeatedly stated that it did "not reach the question whether the Second Amendment protects some ability to carry firearms in public" via any other means, such that a law forbidding *both* open and concealed carry would be unconstitutional  *Id.*; *id.* at 46.

  As Amicus previously argued, Mr. Class's storage of weapons in bags inside his vehicle was not "concealed carry" in the historically-forbidden sense, because he did not carry the weapons *on his person*.  *See* Am.ReplyBr.20.  As was discussed at oral argument, "concealed carry" is a term of art that refers to weapons that are concealed on the person, not weapons that can be somehow described as concealed simply because they are in bags inside a vehicle.  Recording 30:23-30:35.

  That conclusion is especially true here because, historically, individuals "when 'on a journey, or as traveler'—as Mr. Class was—could transport weapons for defense," even though

"such weapons would inherently be out of sight." Am.ReplyBr.20 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 618 (2008)). This reading of the Second Amendment is confirmed by *Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016)—which Amicus submitted in a prior Rule 28(j) letter—where the Supreme Court applied the Second Amendment to a stun gun stored in a purse that was located inside a vehicle in a public parking lot.

                          Respectfully submitted,

                          /s/ R. Trent McCotter

                          R. Trent McCotter

cc:     Valinda Jones
         David W. DeBruin
         Jessica Ring Amunson
         Rodney Class