

RECEIVED
Mail Room

JUN 2 3 2016

United States Court of Appeals
District of Columbia Circuit

E. Barrett Prettyman
U.S. Courthouse and
William B. Bryant Annex
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA  CIRCUIT
333 CONSTITUTION AVE N.W
WASHINGTON, DC 20001

Rodney Dale Class

Petitioner/Appellant

CASE 15-3015

Vs

UNITED STATES OF AMERICA
FICTITIOUS  PARTY

APPELLEES

JUDICIAL NOTICE OF ETHIC
UNDER CONTRACT

COMES, NOW, This Party known as Rodney Dale Class ( here in after Petitioner)  with  this Judicial Notice Of Ethic Under Contract.

This Petitioner wants to point out that UNITED STATES ATTORNEY REP Mrs. Jones made a big deal over a contract agreement (plea agreement ) on her allotted time before this Circuit Court.

This Petitioner is now going to point out the UNITED STATES ATTORNEY OFFICE and the CAPITOL HILL Police Contract to We the People; One being ethic and  Two Oath the U.S. Constitution.

1. This Petitioner continues to point to two foundation to how the public side is to operate; 1 the clean doctrine and 2 Fruit of the poisonous tree doctrine as the bases for this filing Clean hands

   **Clean hands**, sometimes called the **clean hands doctrine** or the dirty hands doctrine, is an equitable defense in which the defendant argues that the plaintiff is not entitled to obtain an equitable remedy because the plaintiff is acting unethically or has acted in bad faith with respect to the subject of the complaint—that is, with "unclean hands".

Under the clean hands doctrine, a person who has acted wrongly, either morally or legally - that is, who has 'unclean hands' - will not be helped by a court when complaining about the actions of someone else.

Unclean hands can be used as an affirmative defense in cases where the complaint is equitable.

1. **Fruit of the poisonous tree**

Fruit of the poisonous tree is a legal metaphor in the United States used to describe evidence that is obtained illegally. The logic of the terminology is that if the source (the "tree") of the evidence or evidence itself is tainted, then anything gained (the "fruit") from it is tainted as well.

**The Fourth Amendment to The Constitution of the United States reads:**

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

2. **"It", needs to point out that "The Contractual Agreement" that the UNITED STATES ATTORNEY OFFICE EMPLOYEE AND THE CAPITOL**

**HILL POLICE  agreed to under a sworn Oath to support the Constitution in the beginning, in order to hold a "Public Trust Position" overrides any unethical Contract made with WE, the people or this Petitioner.**

a) Let first ~~state~~ *Start* with federal ethic standards of it employee (UNITED STATES ATTORNEY OFFICE)

**b)  First 5 CFR 2635.101 - Basic obligation of public service.**

**(a)** *Public service is a public trust.* Each employee has a responsibility to the United States Government and its citizens **to place loyalty to the Constitution, laws and ethical principles** above private gain. To ensure that every citizen can have complete confidence in the integrity of the Federal Government, each employee shall respect and adhere to the principles of ethical conduct set forth in this section, as well as the implementing standards contained in this part and in supplemental agency regulations.

**(b)** *General principles.* The following general principles apply to every employee and may form the basis for the standards contained in this part. Where a situation is not covered by the standards set forth in this part, employees shall apply the principles set forth in this section in determining whether their conduct is proper.

1. Public service is a public trust; employees must place loyalty to the Constitution, the laws, and ethical principles above private gain.

2. Employees shall not hold financial interests that conflict with the conscientious performance of duty.

3. Employees shall not engage in financial transactions using nonpublic Government information or allow the improper use of such information to further any private interest.

4. Employees shall not, except as permitted by the Standards of Ethical Conduct, solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.

5. Employees shall put forth honest effort in the performance of their duties.

6. Employees shall not knowingly make unauthorized commitments or

7. Employees shall not use public office for private gain.

8. Employees shall act impartially and not give preferential treatment to any private organization or individual.

9. Employees shall protect and conserve Federal property and shall not use it for other than authorized activities.

10. Employees shall not engage in outside employment or activities - including seeking or negotiating for employment - that conflict with official Government duties and responsibilities.

11. Employees shall disclose waste, fraud, abuse, and corruption to appropriate authorities.

12. Employees shall satisfy in good faith their obligations as citizens, including all financial obligations, especially those imposed by law, such as Federal, state, or local taxes.

13. Employees shall adhere to all laws and regulations that provide equal opportunity for all Americans regardless of race, color, religion, sex, national origin, age, or handicap.

14. Employees shall endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards set forth in the

Standards of Ethical Conduct. Whether particular circumstances create an appearance that the law or these standards have been violated shall be determined from the perspective of a reasonable person with knowledge of the relevant facts.

**b) Second let's look at other Ethic Standards from other government public offices.**

**TITLE 29**
**State Government**
**Public Officers and Employees**

**CHAPTER 58.  LAWS REGULATING THE CONDUCT OF OFFICERS AND EMPLOYEES OF THE STATE**

**Subchapter I. State Employees', Officers' and Officials' Code of Conduct**

§ 5801 Short title.

This subchapter shall be known and may be cited as the "State Employees', Officers' and Officials' Code of Conduct."

**<u>67 Del. Laws, c. 417, § 1.;</u>**

§ 5802 Legislative findings and statement of policy.

The General Assembly finds and declares:

(1)  In our democratic form of government, the conduct of officers and employees of the State must hold the respect and confidence of the people. They must, therefore, avoid conduct which is in violation of their public trust or which creates a justifiable impression among the public that such trust is being violated.

(2)  To ensure propriety and to preserve public confidence, officers and employees of the State must have the benefit of specific standards to guide their conduct and of some disciplinary mechanisms to guarantee uniform maintenance of those standards. Some standards of this type are so vital to government that violation thereof should subject the violator to criminal penalties.

(3)  In our democratic form of government, it is both necessary and desirable that all citizens should be encouraged to assume public office and employment, and that, therefore, the activities of officers and employees of the State should not be unduly circumscribed.

(4)  It is the desire of the General Assembly that all counties, municipalities and towns adopt code of conduct legislation at least as stringent as this act to

apply to their employees and elected and appointed officials. This subchapter shall apply to any county, municipality or town and the employees and elected and appointed officials thereof which has not enacted such legislation by January 23, 1993. No code of conduct legislation shall be deemed sufficient to exempt any county, municipality or town from the purview of this subchapter unless the code of conduct has been submitted to the State Ethics Commission and determined by a majority vote thereof to be at least as stringent as this subchapter. Any change to an approved code of conduct must similarly be approved by the State Ethics Commission to continue the exemption from this subchapter.

### **67 Del. Laws, c. 417, §§ 1, 2; 68 Del. Laws, c. 433, § 1.;**

§ 5804 Definitions.

For the purposes of this subchapter:

(2)  "Commission" means the State Public Integrity Commission established by this chapter.

(3)  "Commission Counsel" means the legal counsel appointed by the Commission pursuant to this chapter.

(4) "Compensation" means any money, thing of value or any other economic benefit of any kind or nature whatsoever conferred on or received by any person in return for services rendered or to be rendered by oneself or another.

the State or of any political subdivision or of any agency, authority or instrumentality thereof.

(10) "State" means the State of Delaware and includes any state agency.

(11) "State agency" means any office, department, board, commission, committee, court, school district, board of education and all public bodies existing by virtue of an act of the General Assembly or of the Constitution of the State, excepting only political subdivisions of the State, their agencies and other public agencies not specifically included in this definition which exist by virtue of state law, and whose jurisdiction:

a. Is limited to a political subdivision of the State or to a portion thereof; or

b. Extends beyond the boundaries of the State.

(12) a. "State employee" means any person:

1. Who receives compensation as an employee of a state agency;

2.  Who serves as an appointed member, trustee, director or the like of any

state agency and who receives or reasonably expects to receive more than

$5,000 in compensation for such service in a calendar year (not including any

reimbursement for expenses)

(13)  "State officer" means any person who is required by subchapter II of this

chapter to file a financial disclosure statement but does not include:

a.  Members of the General Assembly;

b.  The Chief Justice and Justices of the Supreme Court;

c.  The Chancellor and Vice-Chancellors of the Court of Chancery;

d.  The President Judge and Judges of Superior Court;

e.  The Chief Judge and Judges of Family Court;

f.  The Chief Judge and Judges of the Court of Common Pleas; or

g.  The Chief Magistrate and Justices of the Peace.

§ 5805 Prohibitions relating to conflicts of interest.

(a)  *Restrictions on exercise of official authority.* —

(1)  No state employee, state officer or honorary state official may participate on behalf of the State in the review or disposition of any matter pending before the State in which the state employee, state officer or honorary state official has a personal or private interest, provided, that upon request from any person with official responsibility with respect to the matter, any such person who has such a personal or private interest may nevertheless respond to questions concerning any such matter. A personal or private interest in a matter is an interest which tends to impair a person's independence of judgment in the performance of the person's duties with respect to that matter.

(2)  A person has an interest which tends to impair the person's independence of judgment in the performance of the person's duties with respect to any matter when:

a.  Any action or inaction with respect to the matter would result in a financial benefit or detriment to accrue to the person or a close relative to a greater extent than such benefit or detriment would accrue to others who are members of the same class or group of persons; or

b.  The person or a close relative has a financial interest in a private enterprise which enterprise or interest would be affected by any action or inaction on a matter to a lesser or greater extent than like enterprises or other interests in the same enterprise.

(3)  In any case where a person has a statutory responsibility with respect to action or non-action on any matter where the person has a personal or private interest and there is no provision for the delegation of such responsibility to another person, the person may exercise responsibility with respect to such matter, provided, that promptly after becoming aware of such conflict of interest, the person files a written statement with the Commission fully disclosing the personal or private interest and explaining why it is not possible to delegate responsibility for the matter to another person.

(b)  *Restrictions on representing another's interest before the state.* —

(1)  No state employee, state officer or honorary state official may represent or otherwise assist any private enterprise with respect to any matter before the state agency with which the employee, officer or official is associated by employment or appointment.

(2)  No state officer may represent or otherwise assist any private enterprise with respect to any matter before the State.

(3)  This subsection shall not preclude any state employee, state officer or honorary state official from appearing before the State or otherwise assisting any private enterprise with respect to any matter in the exercise of such person's official duties.

(c)  *Restrictions on contracting with the state.* — No state employee, no state officer and no private enterprise in which a state employee or state officer has a legal or equitable ownership of more than 10% (more than 1% in the case of a corporation whose stock is regularly traded on an established securities market) shall enter into any contract with the State (other than an employment contract) unless such contract was made or let after public notice and competitive bidding. Such notice and bidding requirements shall not apply to contracts not involving more than $2,000 per year if the terms of such contract reflect arms' length negotiations. For the period of July 1, 1990 through June 30, 1991, nothing in this subsection shall prohibit a state employee, a state officer, or a private enterprise in which a state employee or a state officer has a legal or equitable ownership of more than 10% (more than 1% in the case of a corporation whose stock is regularly traded on an

established securities market) from contracting with a public school district and/or the State Board of Education for the transportation of school children without public notice and competitive bidding as is permitted under § 6923 of this title.

(f) *Criminal sanctions.* —

(1) Any person who knowingly or willfully violates any provision of this section shall be guilty of a misdemeanor, punishable for each such violation by imprisonment of not more than 1 year and by a fine not to exceed $10,000.

(2) A prosecution for a violation of this section shall be subject to the time limitations of § 205 of Title 11.

(3) The Superior Court shall have exclusive jurisdiction over prosecution for all criminal violations of this section.

(g) *Contracts voidable by court action.* — In addition to any other penalty provided by law, any contract entered into by any state agency in violation of this subchapter shall be voidable by the state agency; provided, that in determining whether any court action should be taken to void such a contract pursuant to this subsection, the state agency shall consider the interests of innocent 3rd parties who may be damaged thereby. Any court action to void

any transaction must be initiated within 30 days after the state agency involved has, or should have, knowledge of such violation.

§ 5806 Code of conduct.

(a)  Each state employee, state officer and honorary state official shall endeavor to pursue a course of conduct which will not raise suspicion among the public that such state employee, state officer or honorary state official is engaging in acts which are in violation of the public trust and which will not reflect unfavorably upon the State and its government.

(b)  No state employee, state officer or honorary state official shall have any interest in any private enterprise nor shall such state employee, state officer or honorary state official incur any obligation of any nature which is in substantial conflict with the proper performance of such duties in the public interest. No state employee, state officer or honorary state official shall accept other employment, any compensation, gift, payment of expenses or any other thing of monetary value under circumstances in which such acceptance may result in any of the following:

(1)  Impairment of independence of judgment in the exercise of official duties;

(2)  An undertaking to give preferential treatment to any person;

(3)  The making of a governmental decision outside official channels; or

(4)  Any adverse effect on the confidence of the public in the integrity of the government of the State.

Provided however, that a minimal gratuity provided on occasion to blind or disabled state employees or other blind or disabled persons supervised by the Division of Visually Impaired, shall not be considered to be a violation of this section.

(c)  No state employee, state officer, or honorary state official shall acquire a financial interest in any private enterprise which such official has reason to believe may be directly involved in decisions to be made by such official in an official capacity on behalf of the State.

(d)  Any state employee or state officer who has a financial interest in any private enterprise which is subject to the regulatory jurisdiction of, or does business with, any state agency (and any honorary state official who has a financial interest in any private enterprise which is subject to the regulatory jurisdiction of, or does business with, the state agency on which the official serves as an appointee) shall file with the Commission a written statement fully disclosing the same. Such disclosure shall be confidential and the

Commission shall not release such disclosed information, except as may be

necessary for the enforcement of this chapter. The filing of such disclosure

statement shall be a condition of commencing and continuing employment or

appointed status with the State.

(e)  No state employee, state officer or honorary state official shall use such

public office to secure unwarranted privileges, private advancement or gain.

(f)  No state employee, state officer or honorary state official shall engage in

any activity beyond the scope of such public position which might reasonably

be expected to require or induce such state employee, state officer or

honorary state official to disclose confidential information acquired by such

official by reason of such public position.

(g)  No state employee, state officer or honorary state official shall, beyond the

scope of such public position, disclose confidential information gained by

reason of such public position nor shall such official otherwise use such

information for personal gain or benefit.

(h)  No state employee, state officer or honorary state official, in the course of

public responsibilities, shall use the granting of sexual favors as a condition,

either explicit or implicit, for an individual's favorable treatment by that person or a state agency.

(i)  Notwithstanding the provisions of Chapters 58, 59, and 69 of this title and the State Merit Rules of Personnel Administration, state employees may contract to provide foster care or respite care for individuals with fees paid for by the State provided further that the employee does so at other than assigned work hours. Additionally, these individuals are not permitted to participate in the review or disposition of any matter related to foster and/or respite care in which they have or may have a personal or private interest and may not be monitored or reviewed by other state employees who are more junior or related to them.

**59 Del. Laws, c. 575, § 1; 63 Del. Laws, c. 1, § 2; 65 Del. Laws, c. 349, § 1; 67 Del. Laws, c. 417, § 1; 69 Del. Laws, c. 467, §§ 5, 27; 70 Del. Laws, c. 186, § 1; 70 Del. Laws, c. 567, § 1; 76 Del. Laws, c. 80, § 33.**

## State Merit Rules of Personnel Administration Ohio

## Ohio Revised Code Title [1] I STATE GOVERNMENT Chapter 124:

## DEPARTMENT OF ADMINISTRATIVE SERVICES – PERSONNEL 124.01

Department of administrative services - personnel definitions.

Difference States Ethic for Public Offices

## OHIO ETHICS LAW MEMORANDA FOR TRUSTEES OF PUBLIC COLLEGES AND UNIVERSITIES INTRODUCTION TO THE ETHICS LAW AND RELATED STATUTES

This handout contains general information about the Ohio Ethics Law and related statutes (Chapter 102. and Sections 2921.42, 2921.421, and 2921.43) as they apply to individuals serving as trustees of state colleges and universities. To assist you, this handout outlines, in general terms, your responsibilities under the Ethics Law and related statutes

STATE ETHICS COMMISSION 45 CALVERT STREET, 3RD FLOOR

ANNAPOLIS, MARYLAND 21401

410-260-7770 / 1-877-669-6085

October 1, 2014

SUBJECT: Contractual Employees

This memorandum is intended to provide a brief summary of the application of the Public Ethics Law (General Provisions Article -Title 5) as it relates to contractual employees. The Law defines "employee" as an individual who is employed: by an Executive Unit; by the Legislative Branch; or in the Judicial Branch. The discussion here applies to contractual employees employed by an Executive Unit or the Legislative Branch. Questions concerning contractual employees in the Judicial Branch should be directed to the Judicial Ethics Committee.

## N.C.G.S. Chapter 138A.

## State Government Ethics Act.

## Article 1.

## General Provisions.

**§ 138A-1. Title.** This Chapter shall be known and may be cited as the "State Government Ethics Act". 2006-201, s. 1.)

**§ 138A-2.  Purpose.**

The purpose of this Chapter is to ensure that elected and appointed State agency officials exercise their authority honestly and fairly, free from

impropriety, threats, favoritism, and undue influence. To this end, it is the intent of the General Assembly in this Chapter to ensure that standards of ethical conduct and standards regarding conflicts of interest are clearly established for elected and appointed State agency officials, that the State continually educates these officials on matters of ethical conduct and conflicts of interest, that potential and actual conflicts of interests are identified and resolved, and that violations of standards of ethical conduct and conflicts of interest are investigated and properly addressed. (2006-201, s. 1.)

**c)** Which bring us to the, Judicial Rules of Conduct, Professional rules of Conduct, Judicial Rules of Canon. These are the Ethic of the judicial branch.

d) SF form 61 Oath to the Constitution

e) Admission form under Rule 46 Oath to the Constitution

f) Bar Association Charter oath to the Constitution

   This Petitioner in now going to make his point in the above statement it all point to ethics clean hands of the UNITED STATES ATTORNEY OFFICE.

1. The supreme Court ruled the D.C. gun band was unconstitutional

2. This Circuit Court Ruled the D.C. gun band was unconstitutional

3. The USDC in DC. Ruled the D.C. gun band was unconstitutional.

4. Nowhere was there any Posting before entering into D.C., Nor any of the Federal grounds were posted with sign to warn any traveler of no firearms beyond this point excepted on the walls of specified building.

5. UNITED STATES ATTORNEY OFFICES a long with the CAPITIL HILL POLICE long before this Petitioner ever set foot in the DC was under a "CONTRACT" to the Constitution to We the people which includes this Petitioner.

6. The UNITED STATES ATTORNEY OFFICE are under contract to the Rules of Ethic, Rules of Court, Code of Conduct, and their sworn Oath to the Constitution.

7. This Contract cannot be transferred, overrode by and unethical plea agreement made to any defendant or this Petitioner when they breached their contract to get a conviction.

8. This falls under **clean hands** and the **Fruit of the poisonous tree doctrine** they cannot violate Ethics, Rules of Court, Rules of Conduct nor the SF 61 form or their Admission under 46 under their sworn oath to the Constitution In order to get a conviction.

9. This Petitioner points out this is an "Administrative Court" and the UNITED STATES ATTORNEY OFFICE and the CAPITOL HILL POLICE are administration defined under federal regulation.

10 These Public offices cannot violate their ethics Nor their Oath without being in conflict, and in violation of their contract under condition to pay.

## Conclusion

Mr. Trent Mc Cotter and the law firm hired by this Circuit Court has pointed out the errors of the prosecution on the right to carry.

They point out Judge Robert order this Petitioner to file for his Appeal and even under inform of paupers.

The Rule of Law under military is the last order stands and that last order was Judge Roberts to override the plea agreement and to appeal his ruling. That was the last order.

No place under the rules of ethic does or you code of conduct does it state that the Court follow "theory" or "concept" But does make the issue of the Constitution and the laws.

Under administration the Laws and the Constitution is the Contract to hold

any public position.

This Petitioner now Moves This Administrative Circuit Court to make

this Petitioner whole and return all property and award damages with

prejudice, due to unethical behaviour of the UNITED STATES ATTORNEY

OFFICE and hold them to the contract they agreed upon entry to hold that

administrative office.

That administrative contract supersedes any unethical contract made

with any defendant or this Petitioner when the UNITED STATES ATTORNEY

OFFICE violated theirs first.

Rodney Dale Class
Private Attorney General
14th amendment section 4 Bounty Hunter
High Shoal, North Carolina

*Rodney Dale Class*






## Certificate of Service

Sent to the UNITED STATES ATTORNEY OFFICE and to Jenner and Block Inc.

to Mr. Trent Mc Cotter by certified mail on this day of 20th in the month of

June in the year of our Lord 2016 AD.

Rodney Dale Class
Private Attorney General
14th amendment section 4 Bounty Hunter
High Shoal, North Carolina 28077

*Rodney Dale Class*

Cc

Mr Trent Mc Cotter
Jenner & Block 1099
New York Avenue NW
Suite 900
Washing D.C 20001-4412

UNITED STATES ATTORNEY OFFICE
Mrs. Valinda Jones
555  4th St NW
Ste 1,
Washington, DC 20001

# EXHIBITS

GOVERNMENT FORMS

TO SUPPORT THE CONSTITUTION

NOT THEORY AND  CONCEPT

# APPOINTMENT AFFIDAVITS

_____
*(Position to which Appointed)*

_____
*(Date Appointed)*

_____    _____    _____
*(Department or Agency)*     *(Bureau or Division)*      *(Place of Employment)*

I, _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
*(Signature of Appointee)*

Subscribed and sworn (or affirmed) before me this____ day of _____, 2____

at _____        _____
     *(City)*                    *(State)*

(SEAL)

_____
*(Signature of Officer)*

Commission expires_____
*(If by a Notary Public, the date of his/her Commission should be shown)*

_____
*(Title)*

Note – If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable

52

Rule 46. Admission to the Bar.

(a) *Committee on Admissions.*

(1) The court shall appoint a standing committee known as the Committee on Admissions (Committee) consisting of at least seven members of the Bar of this court, one of whom shall serve as counsel to the Committee. Each appointment shall be for a term of three years. In case of a vacancy arising before the end of a member's term, the successor appointed shall serve the unexpired term of the predecessor member. When a member holds over after the expiration of the term for which that member was appointed, the time served after the expiration of that term shall be part of a new term. No member shall be appointed to serve longer than two consecutive regular three-year terms, unless an exception is made by the court.

(2) Subject to the approval of the court, the Committee may adopt such rules and regulations as it deems necessary to implement the provisions of this rule. The members of the Committee shall receive such compensation and necessary expenses as the court may approve.

65

(3) The hearing before the Committee shall be private unless the applicant requests that it be public. The hearing shall be conducted in a formal manner; however, the Committee shall not be bound by the formal rules of evidence. It may, in its discretion, take evidence in other than testimonial form and determine whether evidence to be taken in testimonial form shall be taken in person at the hearing or by deposition. The proceedings shall be recorded and the applicant may order a transcript at the applicant's expense.

(4) If after the hearing the Committee is of the opinion that an adverse report should be made, it shall serve on the applicant a copy of the report of its findings and conclusions and permit the applicant to withdraw an application within 15 days after the date of the notice. The Committee may, in its discretion, extend this time. If the applicant elects not to withdraw, the Committee shall deliver a report of its findings and conclusions to the court with service on the applicant.

(j) *Review by the Court.*

(1) The Committee shall deliver a report of its findings and conclusions to the court for its approval in the case of any applicant for admission after a formal hearing.

(2) After receipt of a Committee report, if the court proposes to deny admission, the court shall issue an order to the applicant to show cause why the application should not be denied. Proceedings under this Rule shall be heard by the court on the record made by the Committee on Admissions.

(3) Except for the review by the court provided in this paragraph (j), no other review by the court of actions by or proceedings before the Committee shall be had except upon a showing (A) of extraordinary circumstances for instituting such review and (B) that an application for relief has previously been made in the first instance to the Committee and been denied by the Committee, or that an application to the Committee for the relief is not practicable.

(k) *Admission Order.* (1) The Committee shall file with the court a motion to admit the successful applicants by examination, or a certification of attorneys for admission by transferred UBE score or of attorneys for admission without examination, after successful completion of a character and fitness study. Each

66

candidate shall be notified of the time and place for the taking of the oath.

(2) An applicant whose name is on an order of admission entered by the court or who is certified for admission by the Committee without a formal hearing shall complete admission within 90 days from the date of the order or the certification by taking the oath prescribed and by signing the roll of attorneys in the office of the Clerk.

(3) An applicant who fails to take the oath and sign the roll of attorneys within 90 days from the date of the admission order or the certification may file, within one year from the date of the order or certification, an affidavit with the Director explaining the cause of the delay. Upon consideration of the affidavit, the Committee may reapprove the applicant and file a supplemental motion with the court or may deny the applicant's admission and direct the applicant to file a new application for admission.

(l) *Oath.* An applicant admitted to the Bar of this court shall take the following oath before the court or the Clerk of the court or his or her designee, unless granted permission to be admitted in absentia.

"I_____ do solemnly swear (or affirm) that as a member of the Bar of this court, I will demean myself uprightly and according to law; and that I will support the Constitution of the United States of America."

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

## ATTORNEY ADMISSION INFORMATION

### A.    FEES

Application for Admission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  200.00

Application for Renewal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  60.00/6 years
Application for Admission *Pro Hac Vice* . . . . . . . . . . . . . . . . . . . . . . $  50.00

Fees are automatically waived for members of the judiciary.  The *pro hac vice* fee is waived for federal government attorneys appearing in their official capacity, representing a federal agency or official.  In these instances, federal government attorneys must utilize the Court's form entitled, "Request for Entry of Appearance on Behalf of a Federal Government Agency," which must be completed and mailed to the Court, along with the CM/ECF Registration Form that accompanies the form.   Admission and renewal fees are required for attorneys employed by the federal government who choose to become members of the bar of this Court, and are required for attorneys employed by state or local government agencies.  Payment may be made by check or money order payable to "Clerk, U. S. District Court."  However, payment may also be made by major credit card if submitting paperwork in person.

### B.    REQUIREMENTS FOR ADMISSION

1.    Local Rule 701.1 - Qualifications:

      1.    General

Except as provided in subsections (c) and (d) of this Rule, an attorney is qualified for admission to the Bar of this District if the attorney is, and continuously remains, an active member in good standing of the highest court of any state (or the District of Columbia) in which the attorney maintains his or her principal law office, or of the Court of Appeals of Maryland; is of good private and professional character; is familiar with the Maryland Lawyers' Rules of Professional Conduct, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure, and these Local Rules; is (to the extent relevant to his or her area(s) of practice) familiar with the Federal Rules of Criminal Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and is willing, available and competent to accept appointments by the Court to represent indigent parties in civil cases in this District unless the acceptance of such appointments is inconsistent with an attorney's professional employment obligations as, for example, a government attorney.

2.       Federal Government Attorneys

An attorney who is a member of a Federal Public Defender's Office, the Office of the United States Attorney for this District, or other federal government lawyer, is qualified for admission to the Bar of this District for purposes relating to her or his employment if the attorney is an active member in good standing of the highest court of any state (or the District of Columbia), is of good private and professional character, is familiar with the Code of Professional Responsibility, the Federal Rules of Civil Procedure and Criminal Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure and these Local Rules.

1.       Reciprocity with Other Jurisdictions

No attorney, other than a member of the Maryland Bar, who maintains his or her principal law office outside the District of Maryland may be a member of the Bar of this District if the attorney is, or becomes, a member of the Bar of the United States District Court for the district in which the attorney maintains his or her principal law office if that district court has a local rule that denies membership in its bar to any attorney who is a member of the Maryland Bar maintaining his or her principal law office in Maryland.

d.       Non-Maryland Lawyers Maintaining Any Law Office in Maryland

An attorney who is not a member of the Maryland Bar is not qualified for admission to the Bar of this District if the attorney maintains any law office in Maryland.

2.       You must be sponsored by a member of the bar of this Court. Your sponsor must have known you for at least one year. *See* Local Rule 701.2.a. If your sponsor has not known you for at least one (1) year, you are required to attach your resume and two (2) references (which include current contact information for each reference). Your references must be attorneys. However, your references do not have to be members of this Court's bar. Your sponsor must confirm that the references have assured the sponsor that you possess the appropriate knowledge, skills, and abilities as an attorney.